1   Erwin Chemerinsky (*pro hac vice* forthcoming*)*
    echemerinsky@law.berkeley.edu
2   Claudia Polsky (CA Bar No. 185505)
    cpolsky@law.berkeley.edu
3   U.C. BERKELEY SCHOOL OF LAW
    Law Building
4   Berkeley, CA 94720-7200
    Telephone: 510.642.6483
5
    Elizabeth J. Cabraser (CA Bar No.  83151)
6   ecabraser@lchb.com
    Richard M. Heimann (CA Bar No. 63607)
7   rheimann@lchb.com
    LIEFF CABRASER HEIMANN &
8   BERNSTEIN, LLP
    275 Battery Street, 29th Floor
9   San Francisco, CA  94111
    Telephone:  415.956.1000
10
    Anthony P. Schoenberg (CA Bar No. 203714)
11  tschoenberg@fbm.com
    FARELLA BRAUN + MARTEL LLP
12  One Bush Street, Suite 900
    San Francisco, CA 94104
13  Telephone: 415. 954.4400

14  *Attorneys for Plaintiffs and the Proposed Class*
    [Additional counsel listed on signature page]
15

16                    **UNITED STATES DISTRICT COURT**

17                   **NORTHERN DISTRICT OF CALIFORNIA**

18

19   NEETA THAKUR, KEN ALEX, NELL          Case No. 3:25-cv-04737-RL
     GREEN NYLEN, ROBERT HIRST,
20   CHRISTINE PHILLIOU, and JEDDA
     FOREMAN, on behalf of themselves and all
21   others similarly situated,            **[PROPOSED] TEMPORARY**
                                           **RESTRAINING ORDER AND**
22               Plaintiffs,               **ORDER TO SHOW CAUSE**

23          v.

24   DONALD J. TRUMP, in his official capacity as   The Honorable Rita F. Lin
     President of the United States;
25   DEPARTMENT OF GOVERNMENT
     EFFICIENCY ("DOGE");
26   AMY GLEASON, in her official capacity as
     Acting Administrator of the Department of
27   Government Efficiency;
     NATIONAL SCIENCE FOUNDATION;
28
     [*caption cont'd next page*]

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

[PROPOSED] TEMPORARY RESTRAINING
ORDER AND ORDER TO SHOW CAUSE

1

2 BRIAN STONE, in his official capacity as
Acting Director of the National Science
Foundation;

3 NATIONAL ENDOWMENT FOR THE
HUMANITIES;

4 MICHAEL MCDONALD, in his official
capacity as Acting Chairman of the National

5 Endowment for the Humanities;
UNITED STATES ENVIRONMENTAL

6 PROTECTION AGENCY;
LEE ZELDIN, in his official capacity as

7 Administrator of the U.S. Environmental
Protection Agency;

8 UNITED STATES DEPARTMENT OF
AGRICULTURE;

9 BROOKE ROLLINS, in her official capacity as
Secretary of the U.S. Department of Agriculture;

10 AMERICORPS (a.k.a. the CORPORATION
FOR NATIONAL AND COMMUNITY

11 SERVICE);
JENNIFER BASTRESS TAHMASEBI, in her

12 official capacity as Interim Agency Head of
AmeriCorps;

13 UNITED STATES DEPARTMENT OF
DEFENSE;

14 PETE HEGSETH, in his official capacity as
Secretary of the U.S. Department of Defense;

15 UNITED STATES DEPARTMENT OF
EDUCATION;

16 LINDA MCMAHON, in her official capacity as
Secretary of the U.S. Department of Education;

17 UNITED STATES DEPARTMENT OF
ENERGY;

18 CHRIS WRIGHT, in his official capacity as
Secretary of Energy;

19 UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES;

20 ROBERT F. KENNEDY, JR., in his official
capacity as Secretary of the U.S. Department of

21 Health and Human Services;
UNITED STATES CENTERS FOR DISEASE

22 CONTROL;
MATTHEW BUZZELLI, in his official capacity

23 as Acting Director of the Centers for Disease
Control;

24 UNITED STATES FOOD AND DRUG
ADMINISTRATION;

25 MARTIN A. MAKARY, in his official capacity
as Commissioner of the Food and Drug

26 Administration;
UNITED STATES NATIONAL INSTITUTES

27 OF HEALTH;
JAYANTA BHATTACHARYA, in his official

28 capacity as Director of the National Institutes of

[PROPOSED] TEMPORARY RESTRAINING
ORDER AND ORDER TO SHOW CAUSE

1   Health;
    INSTITUTE OF MUSEUM AND LIBRARY
2   SERVICES;
    KEITH SONDERLING, in his official capacity
3   as Acting Director of the Institute of Museum
    and Library Services;
4   UNITED STATES DEPARTMENT OF THE
    INTERIOR;
5   DOUG BURGUM, in his official capacity as
    Secretary of the Interior;
6   UNITED STATES DEPARTMENT OF STATE;
    MARCO RUBIO, in his official capacity as
7   Secretary of the U.S. Department of State;
    DEPARTMENT OF TRANSPORTATION;
8   SEAN DUFFY, in his official capacity as
    Secretary for the U.S. Department of
9   Transportation,

10                Defendants.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] TEMPORARY RESTRAINING
ORDER AND ORDER TO SHOW CAUSE

Plaintiffs' application for a temporary restraining order ("TRO") and order to show cause why a preliminary injunction should not issue came before this Court for consideration on _____, 2025. Upon consideration, and for good cause shown, IT IS HEREBY ORDERED that the TRO application is GRANTED.

The Court finds that Plaintiffs have demonstrated a likelihood of success on the merits of their claims, a likelihood of irreparable harm in the absence of temporary relief, that the balance of equities tips in their favor, and that a temporary restraining order is in the public interest. In support of this Order, the Court makes the following findings:

- Since January 20, 2025, Defendant Donald J. Trump has issued a number of broad directives through Executive Orders demanding that federal agencies take action to comply with the President's agenda. In particular, President Trump and his administration have explicitly and implicitly called on federal agencies to terminate previously awarded grant funds. For example, on February 26, 2025, President Trump issued Executive Order ("EO") 14222, "*Implementing the President's 'Department of Governmental Efficiency' Cost Efficiency Initiative*," which purported to begin the Executive's "transformation in Federal spending on contracts, grants, and loans" and required federal agencies to review all existing grants with an eye toward termination. Other Executive Orders have instructed Defendant Federal Agencies to terminate grants involving "diversity," "equity," and "gender identity." *See* EO No. 14151, "*Ending Radical and Wasteful Government DEI Programs and Preferencing*"; EO No. 14173, "*Ending Illegal Discrimination and Restoring Merit-Based Opportunity*"; and EO 14168, "*Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government*."

- Plaintiffs are likely to prevail on their claim that Defendants' decisions to unilaterally cancel duly awarded grants and withhold funding that Congress has appropriated precisely to fund such grants violates the separation of powers. The executive branch has no constitutional authority to refuse to carry out laws enacted

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

[PROPOSED] TEMPORARY RESTRAINING
ORDER AND ORDER TO SHOW CAUSE

1

1    by Congress, and it has no constitutional authority to block, amend, subvert, or

2    delay spending appropriations based on the President's own policy preferences.

3    The faithfulness the Constitution requires of the Executive is not to the President's

4    views on priorities, but to the laws enacted by Congress as interpreted and enforced

5    by the courts. Congress's powers are at their apex when it comes to the power of

6    the purse.

7    •    Plaintiffs are likely to prevail on their claim that Defendants' mass termination of

8    grants to disadvantage or promote particular viewpoints violates the First

9    Amendment, and that, in an effort to drive views they disfavored out of the

10    marketplace of ideas, Defendants terminated grants based on the recipients'

11    (presumed) viewpoint as reflected in the subject matter of their research.

12    •    Plaintiffs are likely to prevail on their claim that Defendants' cancellation or

13    imminent cancellation of federal grants violates Plaintiffs' Fifth Amendment right

14    to due process, because Plaintiffs have a constitutionally protected property interest

15    in grant funding and Defendants abruptly cancelled already awarded grants without

16    providing Plaintiffs fair notice or a reasonable opportunity to be heard. Plaintiffs

17    are also likely to prevail on their claim that Defendant Trump's Executive Orders

18    and the Federal Agency Defendants' efforts to give effect to those Orders are

19    unconstitutionally vague, because they fail to give notice of what conduct is

20    forbidden.

21    •    Plaintiffs are likely to prevail on their claim that Defendants' actions are contrary to

22    law under the Administrative Procedure Act, 5 U.S.C. Section 706(2)(A), (C),

23    because Defendants' refusal to spend money Congress appropriated violates the

24    Impoundment Control Act of 1974 (ICA); because Defendants have violated

25    agencies' enabling statutes and other laws that include grant-making as a

26    congressional directing to the agencies; and Federal Agency Defendants have

27    violated their own regulations where grants were issued in accordance with agency-

28    specific rules and terminated for reasons inconsistent with those rules.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

[PROPOSED] TEMPORARY RESTRAINING
ORDER AND ORDER TO SHOW CAUSE    2

1    • Plaintiffs are likely to prevail on their claim that Defendants' mass termination of

2       grants previously awarded to Plaintiffs and the Class was arbitrary and capricious

3       under the Administrative Procedure Act for several reasons, including (1) the

4       Termination Notices do not provide a reasoned explanation for grant cancellations;

5       (2) the terminations ignore the reliance interests of grantees; (3) the grant

6       terminations conflict with prior agency decisions to award the grants without

7       providing adequate explanation for the change in agency position; and (4)

8       Defendants failed to consider the significant consequences grant termination will

9       have on Plaintiffs, the Proposed Class, and the general public.

10   • Plaintiffs have demonstrated that Defendants' challenged actions have caused

11       concrete harm as a result of the abrupt cessation of research funding. This sudden

12       funding loss has lead and will lead UC researchers to lose research and professional

13       opportunities, and will require them to divert time and resources to seek out

14       alternative funding. Further, the harm to the UC System from the loss of funding on

15       which it relied and the resulting budget shortfalls will lead to layoffs and the

16       scaling back of critical research. This in turn will harm the tens of millions of

17       Americans who benefit from the UC System's contributions to research, education,

18       and the public good. These harms will become irreparable absent intervention from

19       the Court.

20   • The balance of equities and public interest favor injunctive relief, particularly

21       because preserving Plaintiffs' constitutional and statutory rights is in the public

22       interest and requiring the government to follow the law is not contrary to the

23       government's interest.

24       This Court has subject matter jurisdiction to hear Plaintiffs' claims, because Plaintiffs have

25   demonstrated Article III standing and because Congress has not required that Plaintiffs' claims be

26   initially adjudicated by any administrative agency prior to this Court's exercise of jurisdiction

27   pursuant to 28 U.S.C. Section 1331.

28       Accordingly, pursuant to this Court's authority, including but not limited to authority to

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

[PROPOSED] TEMPORARY RESTRAINING      3
ORDER AND ORDER TO SHOW CAUSE

"issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights" (5 U.S.C. § 705), IT IS HEREBY ORDERED that, pending an order by this Court as to whether a preliminary injunction should issue:

1.    Federal Defendant Agencies identified above; their officers, agents, servants, employees, and attorneys; and all persons acting by, through, under or in concert with these Defendants (referred to collectively hereinafter as "TRO Defendants") are hereby enjoined and/or stayed from taking any actions to implement or enforce Defendant Trump and Defendant DOGE's directives to terminate grants previously awarded to Plaintiffs and the Proposed Class, including but not limited to:

   (a)   cutting off agency and grantee access to congressional appropriated funding, and

   (b)   giving effect to the violative terminations, or undertaking any similar violative action to terminate additional duly awarded agency grants.

2.    TRO Defendants are further enjoined to:

   (a)   restore Plaintiffs' and Proposed Class members' previously awarded grants terminated through unlawful processes, and

   (b)   provide no-cost extensions to Plaintiffs and Proposed Class members for the time necessary to resume and complete interrupted work.

3.    TRO Defendants are further enjoined to return to the lawful and orderly grant procedures they employed prior to January 20, 2025, including but not limited to:

   (a)   providing Plaintiffs and Proposed Class members reasonable notice and an opportunity to be heard prior to terminating already awarded grants, and

   (b)   providing Plaintiffs and Proposed Class members a meaningfully individualized explanation of the reason(s) for any proposed grant termination, rather than a barely customized form letter.

IT IS FURTHER ORDERED that, within two (2) business days, TRO Defendants shall serve and file one or more declarations verifying that they have complied with this Order, and detailing what steps they have taken to do so.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

[PROPOSED] TEMPORARY RESTRAINING
ORDER AND ORDER TO SHOW CAUSE

4

1    IT IS FURTHER ORDERED that Plaintiffs' moving papers for a preliminary injunction

2  shall be filed no later than _____, 2025; opposition papers to Plaintiffs' request

3  for a preliminary injunction shall be filed by TRO Defendants no later than

4  _____, 2025; Plaintiffs may file a reply in support of their motion for

5  preliminary injunction no later than _____, 2025; and a hearing on Plaintiffs' request for a

6  preliminary injunction will be held on _____, 2025 at _____.

7    IT IS SO ORDERED.

8
   Dated: _____, 2025    _____
9                                          The Honorable Rita F. Lin
                                           United States District Court Judge
10

46686\20394069.2
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] TEMPORARY RESTRAINING        5
ORDER AND ORDER TO SHOW CAUSE