UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEETA THAKUR, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, et al.,<br><br>        Defendants. | Case No. 25-cv-04737-RFL<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 31 |

      Having considered the Parties' positions in their Joint Statement Regarding Initial Expedited Discovery (Dkt. No. 31), the Court finds good cause to order limited expedited discovery in this case. *See Semitool, Inc. v. Tokyo Electron America, Inc*., 208 F.R.D. 273, 276 (N.D. Cal. 2002) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.").

      Plaintiffs' motions for preliminary injunctive relief and provisional class certification are being heard on an emergency basis, making limited expedited discovery appropriate. Most of the discovery that Plaintiffs have proposed would likely be part of any administrative record that Defendants will be required to produce anyway if the case proceeds. Moreover, to the extent that the proposed discovery seeks information that will be outside of the administrative record, that information is relevant to Plaintiffs' constitutional claims, including their First Amendment claim, and is also pertinent to class certification. The proposed discovery about the agency decision-making process and exemplar termination letters bears on commonality, as well as whether the putative class representatives are typical and adequate to represent the proposed class. The number of terminated grants bears on numerosity and ascertainability.

On the flip side, Defendants have not shown that prejudice will result from the requested limited expedited discovery. Defendants recognize that the burden of production is minimal and that the requested documents can feasibly be produced in less than a week. And, unlike in *U.S Doge Serv. v. CREW*, --- S. Ct. ---, 2025 WL 1602338 (U.S. June 6, 2025), Plaintiffs in this case have not requested the contents of sensitive or confidential executive branch communications. *See id.* at *1 (staying discovery order to produce "the content of intra–Executive Branch USDS recommendations"). Nor have Defendants submitted any basis to be concerned that the requested materials would impinge on executive privilege or deliberative process privilege.

Therefore, pursuant to the Parties' joint proposal, Defendants are **ORDERED** to produce, by noon on June 17, 2025:

1. For the EPA, NEH, NSF, and FDA, non-privileged documents or declarations[1] sufficient to show:
    a. The policy for selecting grants for termination at the four agencies;
    b. The overarching Executive Order(s) or directive(s) animating the termination policy at each of the four agencies;
    c. The way in which the policy or overarching priority was communicated to each agency and by whom; and
    d. The way in which the termination policy was implemented at each agency (e.g., keyword searches, AI tools, etc.).
2. A summary document or filing providing an estimate of the number of grants issued to the University of California Regents or specific UC campuses that were terminated between January 20, 2025 and the present.
3. Exemplar grant termination letters from at least five Agency Defendants other than the EPA, NEH, NSF, and FDA.

Additionally, Plaintiffs and Defendants are each permitted to file one supplemental brief

---

[1] Declarations should not substitute for otherwise readily available, non-privileged documents pertaining to the topics listed in this section.

addressing any arguments they could not have made absent the expedited discovery by noon on June 19, 2025.  The supplemental briefs are not to exceed 10 pages, and may attach any pertinent evidence for consideration.

**IT IS SO ORDERED.**

Dated: June 12, 2025

RITA F. LIN
United States District Judge

3