BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ERIC J. HAMILTON
Deputy Assistant Attorney General
JOSEPH E. BORSON
Assistant Branch Director
JASON ALTABET (Md. Bar No. 2211280012)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 305-0727
Email: Jason.k.altabet2@usdoj.gov

*Attorneys for United States*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NEETA THAKUR, *et al.*, | Case No. 25-cv-4737-RFL |
| Plaintiffs, | DEFENDANTS' SUPPLEMENTAL BRIEF POST-DISCOVERY |
| v. | Hearing Date: June 20, 2025 |
| DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, | Time: 10:00 AM<br>Judge: Hon. Rita F. Lin<br>Place: San Francisco Courthouse<br>Courtroom 15 |
| Defendants. | |

# INTRODUCTION

Defendants submit the following supplemental briefing in response to the Court's Discovery Order, which stated: "Plaintiffs and Defendants are each permitted to file one supplemental brief addressing any arguments they could not have made absent the expedited discovery by noon on June 19, 2025." ECF No. 32. In support of this briefing Defendants attach three declarations and several documents. Defendants also rely on the filing of grant termination estimates. ECF No. 38.

First, the grant termination estimates show that Plaintiffs cannot meet their burden to demonstrate standing for several Defendants. AmeriCorps, the Department of Energy, the Food and Drug Administration ("FDA"), and Department of Interior all estimate that they terminated 0 active grants where the Regents of the University of California or a University of California ("UC") campus is the grantee. And Plaintiffs have failed to themselves identify any terminated grants from those agencies that would fall within the bounds of any of their proposed class definitions. Accordingly, as the burden to establish standing falls on Plaintiffs, this Court should, at the very least, deny relief at least as to any of those agency defendants and the named agency heads. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). The Court should similarly deny relief for the Institute of Museum and Library Services ("IMLS") grants since they are subject to another injunction and are being reinstated pursuant to that injunction.

Second, the declarations demonstrate an individualized, and different, process for terminations across the three agencies that terminated UC-affiliated grants. The evidence thus challenges Plaintiffs' suggestion of "a uniform course of conduct" *see* Pls.' Reply in Supp. Class Cert. at 1, ECF No. 41, and supports denying class certification.

Acting Chairman Michael McDonald explains that, at the National Endowment for the Humanities ("NEH"), agency employees reviewed grants using "spreadsheets" and rated individual awards "as either 'High, Medium, Low, or No Connection' in terms of the Executive Orders and communicated this to NEH program directors." Decl. Michael McDonald ¶ 9, Ex. A. Members of the Department of Government Efficiency ("DOGE") advised during this process. *Id.* ¶ 12. Ultimately, the Acting Chairman terminated various grants pursuant to both specific subject matter, such as "environmental justice," as well as those that "did not contribute to the public's confidence in how NEH expended its taxpayer funds as required

FED. DEFS.' FED. DEFS.' SUPP. BR. POST-DISCOVERY
CASE NO. 25-CV-4737

1

by NEH's authorizing statute." *Id.* ¶ 21.

Deputy Assistant Administrator Daniel Coogan describes a process at the Environmental Protection Agency ("EPA"), "distinct from any Executive Order or OMB memorandum." Decl. Daniel Coogan ¶ 5, Ex. B. There, "EPA leadership conducted an individualized, grant-by-grant review to determine which grants should continue, which should be modified, and which should be terminated." *Id.* Coogan explains that the review focused on "prioritizing merit, fairness, and excellence, or the purposes for which the Federal award was made." *Id.* To identify grants, EPA "look[ed] at grant titles and project descriptions" which "include[ed] reviews of grant workplans." *Id.* ¶ 8.

The Senior Official Performing the Duties of the Director, Brian Stone, at the National Science Foundation ("NSF") details the process at that agency and provides related documents. Decl. Brian Stone, Ex. C. At NSF, an internal panel was formed to review grants. *Id.* ¶ 6. Ultimately, "[s]ome awards were identified by NSF employees; some awards were identified by employees of [DOGE] who were detailed to NSF; and some awards were identified by [DOGE] employees who were not detailed to NSF." *Id.* As explained by NSF at the time, awards to be terminated included "but [were] not limited to those on diversity, equity, and inclusion (DEI) and misinformation/disinformation." NSF FAQ at 1, Ex. D. The NSF Director also emphasized that "NSF uses two statutory criteria to ensure that every award has the potential to advance new knowledge (Intellectual Merit) with maximum impact on the Nation and its people (Broader Impacts)" and "NSF continues to review all projects using Intellectual Merit and Broader Impacts criteria." NSF Statement of NSF Priorities at 1, Ex. E.

Third, and finally, the exemplar termination letters reinforce that class treatment is inappropriate. For example, the IMLS's exemplar letter explains that the individual grant is no longer consistent with agency priorities on two grounds: "IMLS is repurposing its funding allocations in a new direction in furtherance of the President's agenda" and "[i]ndependently and secondly, the President's March 14, 2025 executive order mandates that the IMLS eliminate all non-statutorily required activities and functions." IMLS Exemplar Letter, Ex. F. Meanwhile, the National Institutes of Health ("NIH") exemplar letter explains that a grant no longer effectuates agency priorities when it is "based primarily on artificial and non-scientific categories, including amorphous equity objectives," which, the agency has concluded, "are

FED. DEFS.' FED. DEFS.' SUPP. BR. POST-DISCOVERY
CASE NO. 25-CV-4737

2

antithetical to the scientific inquiry, do nothing to expand our knowledge of living systems, provide low returns on investment, and ultimately do not enhance health, lengthen life, or reduce illness." NIH Exemplar Letter at 1-2, Ex. G.

The foregoing evidence shows that some grants were terminated pursuant to subject-matter review, while others were terminated based on broader restructuring, and others still for statute-specific rationale. Some were terminated in alignment with Executive Orders, but others were terminated notwithstanding the orders that have been cited. Thus, different grants were terminated pursuant to different rationales, as a result of different processes, with different statutory grantmaking authorities, and different explanations. They are ultimately not amenable to universal class treatment.

\* \* \*

"The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011) (cleaned up). So "Rule 23(b)(2) operates under the presumption that . . . the case will not depend on adjudication of facts particular to any subset of the class nor require [distinct remedies]." *Lemon v. Int'l Union of Operating Eng'rs, Local No. 139, AFL-CIO*, 216 F.3d 577, 580 (7th Cir. 2000). The evidence from expedited discovery shows that a Rule 23(b)(2) class is inappropriate here. The claims in Plaintiffs' complaint, when applied to the proposed class, require "individual inquiry that cannot be determined at a class-wide level." *Small v. Allianz Life Ins. Co. of N. Am.*, 122 F.4th 1182, 1199 (9th Cir. 2024).

The evidence cited also reinforces various parts of Defendants' other threshold, procedural, and merits arguments. However, the Court's order limits presentation here to arguments Defendants "could not have made absent the expedited discovery" and Defendants do not wish to exceed that limitation. ECF No. 32.

| | |
|---|---|
| DATED: June 19, 2025 | Respectfully submitted, |
| | BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division |
| | ERIC J. HAMILTON<br>Deputy Assistant Attorney General |
| | JOSEPH E. BORSON<br>Assistant Branch Director |
| | */s/ Jason Altabet*<br>JASON ALTABET (Md. Bar No. 2211280012)<br>Trial Attorney, U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W.<br>Washington, D.C. 20005<br>Tel.: (202) 305-0727<br>Email: jason.k.altabet2@usdoj.gov |
| | *Attorneys for United States* |

FED. DEFS.' FED. DEFS.' SUPP. BR. POST-DISCOVERY
CASE NO. 25-CV-4737

4

**CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2025, I electronically filed this document with the Court by using the CM/ECF system, and that this document was distributed via the Court's CM/ECF system.

*/s/ Jason Altabet*

FED. DEFS.' FED. DEFS.' SUPP. BR. POST-DISCOVERY
CASE NO. 25-CV-4737

5