UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEETA THAKUR, et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, et al.,<br><br>       Defendants. | Case No. 25-cv-04737-RFL<br><br>**NOTICE OF QUESTIONS FOR HEARING**<br><br>Re: Dkt. Nos. 7, 18 |

    The Court requests that the parties be prepared to address the following questions at the hearing on Plaintiffs' Motion for a Preliminary Injunction and for Class Certification, set for June 20, 2025 at 10:00 a.m., in Courtroom 15 at the San Francisco Courthouse.

    1.    Defendants argue that Plaintiffs lack Article III standing because they are not parties to the grant agreements between the agencies and the University of California. Is it Defendants' position that a non-party to a contract could never suffer a cognizable injury from its termination, unless the non-party is an intended third-party beneficiary of the contract? Why would the traditional Article III standing rules be any different merely because the injury occurs in the context of a contract termination?

    2.    Assuming Plaintiffs have Article III standing to bring their claims, do Defendants contend that Plaintiffs' claims could actually be heard in the Court of Federal Claims under the Tucker Act? If yes, how do Defendants believe Plaintiffs would satisfy the Tucker Act's requirements that:

        a.  the contract at issue be between the plaintiff and the federal government, *see*

        *Katz v. Cisneros*, 16 F.3d 1204, 1210 (Fed. Cir. 1994);

    b.    the grant agreements provide a "direct benefit" to the federal government, *see St. Bernard Par. Gov't v. United States*, 134 Fed. Cl. 730, 735 (2017), *aff'd*, 916 F.3d 987 (Fed. Cir. 2019); and

    c.    the grant agreements provide a "substantive right to recover money-damages," *see Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343-44 (Fed. Cir. 2008)?

3.    In the event that the Court finds the *Winters* factors satisfied with respect to the Arbitrary and Capricious APA claim, and the First Amendment claim as to Executive Order Nos. 14151 and 14173 regarding diversity, equity and inclusion, without reaching the other claims asserted, should the Court consider certifying separate classes for each claim? If so, should the class definition for the Arbitrary and Capricious claim be tailored to those researchers whose grants are terminated via a form letter that lacks a grant-specific explanation stating why the agency changed its position from the original award and considering the reliance interests in the funding, regardless of which Executive Order (if any) served as the basis for the grant termination?

4.    Plaintiffs challenge the termination of grants by the NEH, NSF, and EPA, but have also sued other agency defendants on a "juridical link" theory on behalf of the proposed class. The Ninth Circuit has confined the juridical link doctrine to situations where the defendants followed a "mandatory rule" requiring them to carry out the challenged conduct in the same common way, not just encouragement to do so. *See Martinez v. Newsom*, 46 F.4th 965, 971 (2022). What "mandatory rule" required the grant terminations to be carried out in the same way across agencies, including without consideration of required factors or reasoned explanations?

5.    Why are the named Plaintiffs typical and adequate to represent absent class

members whose grants were terminated pursuant to Executive Order No. 14168 regarding "gender ideology"?

6.  If the Court finds that the "final agency action" is the individual grant terminations and finds the grant terminations to be arbitrary and capricious, what prospective relief is appropriate for individuals who have not yet had one of their grants terminated? Could the Court enjoin defendants from giving effect to future form termination notices issued to UC researchers?

At the hearing, each side will address each question in the sequence stated above, and then at the end, the parties will have additional time to present any additional argument that they wish the Court to hear. The parties **shall not** file written responses to this Notice of Questions.

**IT IS SO ORDERED.**

Dated: June 19, 2025

RITA F. LIN
United States District Judge