Erwin Chemerinsky (*pro hac vice*)
echemerinsky@law.berkeley.edu
Claudia Polsky (CA Bar No. 185505)
cpolsky@law.berkeley.edu
U.C. BERKELEY SCHOOL OF LAW
Law Building
Berkeley, CA 94720-7200
Telephone: 510.642.6483

Elizabeth J. Cabraser (CA Bar No. 83151)
ecabraser@lchb.com
Richard M. Heimann (CA Bar No. 63607)
rheimann@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone:  415.956.1000

Anthony P. Schoenberg (CA Bar No. 203714)
tschoenberg@fbm.com
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4400

*Attorneys for Plaintiffs and the Proposed Class*
[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEETA THAKUR, KEN ALEX, NELL GREEN NYLEN, ROBERT HIRST, CHRISTINE PHILLIOU, and JEDDA FOREMAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; DEPARTMENT OF GOVERNMENT EFFICIENCY ("DOGE"); AMY GLEASON, in her official capacity as Acting Administrator of the Department of Government Efficiency; NATIONAL SCIENCE FOUNDATION;<br><br>[*caption cont'd next page*] | Case No. 3:25-cv-04737-RL<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge:     The Honorable Rita F. Lin<br><br>Hearing Date:  July 2, 2025<br>Time:          11:00 A.M.<br>Courtroom:     15 (via videoconference) |

| | |
|---|---|
| 1 | |
| 2 | BRIAN STONE, in his official capacity as Acting Director of the National Science Foundation; |
| 3 | NATIONAL ENDOWMENT FOR THE HUMANITIES; |
| 4 | MICHAEL MCDONALD, in his official capacity as Acting Chairman of the National Endowment for the Humanities; |
| 5 | |
| 6 | UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; |
| 7 | LEE ZELDIN, in his official capacity as Administrator of the U.S. Environmental Protection Agency; |
| 8 | UNITED STATES DEPARTMENT OF AGRICULTURE; |
| 9 | BROOKE ROLLINS, in her official capacity as Secretary of the U.S. Department of Agriculture; |
| 10 | |
| 11 | AMERICORPS (a.k.a. the CORPORATION FOR NATIONAL AND COMMUNITY SERVICE); |
| 12 | JENNIFER BASTRESS TAHMASEBI, in her official capacity as Interim Agency Head of AmeriCorps; |
| 13 | |
| 14 | UNITED STATES DEPARTMENT OF DEFENSE; |
| 15 | PETE HEGSETH, in his official capacity as Secretary of the U.S. Department of Defense; |
| 16 | UNITED STATES DEPARTMENT OF EDUCATION; |
| 17 | LINDA MCMAHON, in her official capacity as Secretary of the U.S. Department of Education; |
| 18 | UNITED STATES DEPARTMENT OF ENERGY; |
| 19 | CHRIS WRIGHT, in his official capacity as Secretary of Energy; |
| 20 | UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; |
| 21 | ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the U.S. Department of Health and Human Services; |
| 22 | |
| 23 | UNITED STATES CENTERS FOR DISEASE CONTROL; |
| 24 | MATTHEW BUZZELLI, in his official capacity as Acting Director of the Centers for Disease Control; |
| 25 | UNITED STATES FOOD AND DRUG ADMINISTRATION; |
| 26 | MARTIN A. MAKARY, in his official capacity as Commissioner of the Food and Drug Administration; |
| 27 | |
| 28 | UNITED STATES NATIONAL INSTITUTES OF HEALTH; |

| | |
|---|---|
| 1 | JAYANTA BHATTACHARYA, in his official capacity as Director of the National Institutes of Health; |
| 2 | |
| 3 | INSTITUTE OF MUSEUM AND LIBRARY SERVICES; |
| 4 | KEITH SONDERLING, in his official capacity as Acting Director of the Institute of Museum and Library Services; |
| 5 | UNITED STATES DEPARTMENT OF THE INTERIOR; |
| 6 | DOUG BURGUM, in his official capacity as Secretary of the Interior; |
| 7 | UNITED STATES DEPARTMENT OF STATE; |
| 8 | MARCO RUBIO, in his official capacity as Secretary of the U.S. Department of State; |
| 9 | DEPARTMENT OF TRANSPORTATION; |
| 10 | SEAN DUFFY, in his official capacity as Secretary for the U.S. Department of Transportation, |
| 11 | Defendants. |

# TABLE OF CONTENTS

**Page**

I. JURISDICTION AND SERVICE ................................................................................. 1

II. FACTS .......................................................................................................................... 1

III. LEGAL ISSUES ........................................................................................................... 1

IV. MOTIONS .................................................................................................................... 1

V. AMENDMENT OF PLEADINGS ............................................................................... 2

VI. EVIDENCE PRESERVATION .................................................................................... 2

VII. DISCLOSURES ........................................................................................................... 2

VIII. DISCOVERY ............................................................................................................... 3

IX. CLASS ACTIONS ....................................................................................................... 4

X. RELATED CASES ...................................................................................................... 4

XI. RELIEF ........................................................................................................................ 4

XII. SETTLEMENT AND ADR ......................................................................................... 5

XIII. OTHER REFERENCES .............................................................................................. 5

XIV. NARROWING OF ISSUES ........................................................................................ 5

XV. SCHEDULING ............................................................................................................ 5

XVI. TRIAL .......................................................................................................................... 6

XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS ........................................................................................................................ 6

XVIII. PROFESSIONAL CONDUCT .................................................................................... 6

XIX. OTHER MATTERS ..................................................................................................... 7

Plaintiffs and Defendants submit this joint case management in advance of the case management conference scheduled for July 2, 2025.

## I.  JURISDICTION AND SERVICE

Plaintiffs' position is that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, including the United States Constitution, federal statutes, and the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq.*, and 5 U.S.C. §§ 702, 704. Defendants contest jurisdiction for the reasons detailed in their oppositions (Dkts. 35, 36).

Venue is proper in this District pursuant to 28 U.S.C. § 1391(e)(1) because Defendants are officers and agencies of the United States served in their official capacities, no real property is at issue in this case, and the Plaintiffs and many members of the Proposed Class are citizens of California and are residents of this District, where many of the federal grant terminations that are the subject of this suit have occurred.

All Defendants have been served. Dkts. 23, 24.

## II.  FACTS

The facts of the case are summarized in the Parties' briefing on Plaintiffs' motion for a preliminary injunction (Dkts. 7, 17, 35, 40) and provisional class certification (Dkts. 18, 36, 41) and the Court's Order Granting Motion for Preliminary Injunction and Provisional Class Certification (the "Injunction Opinion and Order") (Dkts. 54, 55).

## III.  LEGAL ISSUES

The legal issues in the case are also summarized in the Parties' briefing on Plaintiffs' motion for a preliminary injunction (Dkts. 7, 17, 35, 40) and provisional class certification (Dkts. 18, 36, 41) and the Injunction Opinion and Order (Dkts. 54, 55).

## IV.  MOTIONS

The Court resolved Plaintiffs' motion for a preliminary injunction and provisional class certification in the Injunction Opinion and Order. Dkts. 54, 55. After amending their Complaint to add Plaintiffs whose grants were terminated by some or all of the Other Agency Defendants (as defined in the Injunction Opinion and Order), Plaintiffs anticipate filing a motion to extend the

scope of the Injunction Opinion and Order to include those additional Plaintiffs and agencies. After that, and pursuant to Civil Local Rule 16-5, Plaintiffs anticipate moving for summary judgment on the administrative record.[1] Should any issues or claims not be suitable for resolution via summary judgment, Plaintiffs propose an expedited bench trial to take place in conjunction with the summary judgment hearing. Defendants anticipate that any lingering issues following a first round of summary judgment briefing could likely be resolved through a second round of briefing after supplementation of the factual record. However, if summary judgment is incapable of resolving one or more issues or claims, Defendants agree that a bench trial may be appropriate.

As set forth below, additional motion practice may be required to address discovery and/or administrative record issues. Plaintiffs reserve the right to move to augment the administrative record or otherwise challenge the completeness of the administrative record. Defendants reserve all rights to oppose any such motion.

The Parties agree that Defendants' answer deadline should be stayed until 30 days following the Court's resolution of motions for summary judgment if those motions do not fully resolve this case.

## V.  AMENDMENT OF PLEADINGS

As noted, Plaintiffs intend to amend their Complaint to add representatives whose grants were terminated by some or all of the Other Agency Defendants. Plaintiffs intend to amend their complaint by July 18.

## VI.  EVIDENCE PRESERVATION

The Parties are aware of, and will comply with, their obligations to preserve evidence relevant to this action. The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI") and the Northern District of California's Checklist for ESI Meet and Confer.

## VII.  DISCLOSURES

Pursuant to Fed. R. Civ. P. 26(a)(1)(B)(i), actions for review on an administrative record

---

[1] Plaintiffs reserve the right to seek additional discovery beyond the administrative record if warranted and are considering the extent to which targeted deposition testimony may be appropriate to advance the non-APA claims.

are exempt from initial disclosure.

## VIII. DISCOVERY

The Court previously ordered certain expedited discovery. Dkt. 32. The Parties are conferring regarding expedited discovery for the additional Agency Defendants not currently subject to the Court's injunction, which Plaintiffs anticipate will be relevant to their motion to extend the scope of preliminary injunction and provisionally certified class. Plaintiffs propose that the scope of the expedited discovery for the additional agencies mirror that which the Court ordered for the initial three agencies. Dkt. 32.[2]

Defendants maintain that expedited discovery should be tailored to facts demonstrating the applicability of the Court's injunction to the additional agencies. For the "form termination letter" portion of the Court's injunction, Defendants propose identifying termination letters, either exemplar letters or those of named plaintiffs, for the additional agencies. Those letters would then govern briefing on the applicability of that portion of the Court's injunction to each additional agency. For the Executive Orders 14151 and 14173 portion of the Court's injunction, Defendants propose stipulating to the number of active grants to the Regents of California or a University of California campus that were terminated on the basis of those Executive Orders; or to state through declaration that no active grants were terminated on that basis. Defendants maintain that the letters and stipulations or declarations would, together, provide all the information required to resolve the applicability of the Court's injunction as to the additional defendants.[3] Defendants expect to produce expedited discovery for the additional Agency Defendants by July 25, 2025.

The Parties are also conferring regarding additional discovery, including on: (a) the number of grants awarded to UC researchers and terminated by National Institutes of Health that are not covered by the final judgment issued in *Commonwealth of Massachusetts et al. v. Robert F. Kennedy, Jr., et al.*, No. 1:25-cv-10814-WGY, Dkt. 151 (D. Mass. June 23, 2025) and (b) the number of terminated awards by Agency Defendant that are deemed contracts subject to the

---

[2] As noted in Plaintiffs' supplemental brief (Dkt. 47 at 1-2), however, Plaintiffs maintain that Defendants' initial production was not fully compliant with the Court's order and that future productions should include, at a minimum, the specifics of the methods the agencies used to identify grants for termination (*e.g.*, the actual key words, spreadsheets, search prompts, etc.).

[3] Defendants maintain their original objections to expedited discovery.

Federal Acquisition Regulations, as opposed to grants.

As set forth below, Defendants agree to file and serve the full administrative record no later than September 2, 2025. Defendants agree to provide, if possible, productions on a rolling basis. The Parties are conferring on the contents of an administrative record, but presently expect that it will consist of (1) agencywide grant termination documents such as policy memos and other related records and (2) representative grant termination files and termination letters, including specific grant termination files and letters identified by Plaintiffs if Plaintiffs so choose for an individual agency defendant.

The Defendants will file the record index and certification via CM/ECF and provide the record itself to the Court and the parties on flash drives, electronic file transfer service, or a similar electronic medium. The parties will confer in advance to attempt to resolve any differences over the record's contents. If the Defendants need additional time to file the administrative record, the Parties will inform the Court via a subsequent joint status report.

Further, on or before September 8, 2025, the Parties will file a joint status report indicating whether (1) the administrative record is complete and they intend to proceed directly to summary judgment briefing per the schedule below, or (2) Plaintiffs intend to first file a motion to augment the record before proceeding to summary judgment briefing (with any necessary proposed adjustments to the briefing schedule set forth below).

## IX. CLASS ACTIONS

Plaintiffs seek to maintain this case as a class action under Rule 23(b)(2) as set forth at length in the briefing on Plaintiffs' motion for class certification. Dkts. 18, 36, 41.

## X. RELATED CASES

Although there are many cases filed throughout the country addressing similar matters, the Parties are aware of no cases that are related in the sense contemplated by Civil Local Rule 3-12(a).

## XI. RELIEF

Plaintiffs seek declaratory and injunctive relief, as set forth in their Prayer for Relief. Dkt. 1 at 99-100.

## XII. SETTLEMENT AND ADR

The Parties are not contemplating alternative dispute resolution at this time.

## XIII. OTHER REFERENCES

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XIV. NARROWING OF ISSUES

The Parties intend to work together to seek to reach as many stipulations as possible on factual and evidentiary matters.

## XV. SCHEDULING

The Parties set forth their proposed schedule below through summary judgment.

| Event / Deadline | Proposed Date |
|---|---|
| Plaintiffs file an amended complaint with additional proposed class representatives | July 18, 2025 |
| Defendants produce expedited discovery for additional agencies | July 25, 2025 |
| Plaintiffs move to extend the scope of preliminary injunction & provisionally certified class | August 1, 2025 |
| Defendants file opposition to Plaintiffs' motion to extend the scope of preliminary injunction & provisionally certified class | August 8, 2025 |
| Plaintiffs file reply in support of motion to extend the scope of preliminary injunction & provisionally certified class | August 12, 2025 |
| Hearing on motion to extend the scope of preliminary injunction & provisionally certified class | To be set by Court if the Court deems such a hearing necessary |
| Defendants complete production of full administrative record | September 2, 2025 |
| Parties file joint status report on administrative record and whether Plaintiffs will move to augment record | September 8, 2025 |
| Plaintiffs move for summary judgment and a renewed memorandum in support of class certification, if necessary | October 10, 2025 |

| Event / Deadline | Proposed Date |
|---|---|
| Defendants file opposition to Plaintiffs' motion for summary judgment , cross-motion for summary judgment, and file an updated memorandum opposing Plaintiffs' motion for class certification. | November 7, 2025 |
| Plaintiffs file reply in support of summary judgment and class certification. | November 21, 2025 |
| Hearing on the motions for summary judgment and class certification and, if appropriate, bench trial on remaining issues | To be set by Court if the Court deems such a hearing necessary |

## XVI. TRIAL

Pursuant to Civil Local Rule 16-5, the Parties anticipate that this matter likely will be resolved on Plaintiffs' motion for summary judgment (and any cross-motions filed by Defendants). As noted above, however, if any issues or claims are deemed incapable of resolution via summary judgment, Plaintiffs propose an expedited bench trial of no more than one day to take place in conjunction with the summary judgment hearing. Defendants anticipate that, in the event that the case cannot be resolved on a first round of summary judgment motions, a second round may sufficiently resolve any remaining issues. Defendants would therefore propose that the Parties file a joint status report within 30 days of the Court deciding that the case cannot be fully resolved on the first round of summary judgment briefing to advise the Court as to the Parties' positions on further proceedings. If the Court determines summary judgment incapable of resolving all claims and issues, Defendants agree that a bench trial of no more than one day may be appropriate.

## XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-15, Plaintiffs filed a separate Certification of Conflicts and Interested Entities or Persons. Dkt. 2.

## XVIII. PROFESSIONAL CONDUCT

Counsel certify they have reviewed the Guidelines for Professional Conduct in the Northern District of California.

## XIX. OTHER MATTERS

Pursuant to this Court's Case Management Scheduling Order (Dkt. 56), Defendants confirm the following steps have been taken to comply with the Injunction Order:

EPA, NEH, and NSF have been advised of the entirety of the Court's order and opinion, both of which were shared with the agencies.

As to the prior termination component of the Court's order, each agency has been advised to identify all grants terminated from and after January 20, 2025 where "University of California researchers, including faculty, staff, academic appointees, and employees across the University of California []are named as principal researchers, investigators, or project leaders on the grant applications for previously awarded research grants by the EPA, NSF, or NEH (or their sub-agencies)." The agencies have been advised to then identify whether any of those grants were not terminated using "a form termination notice that does not provide a grant-specific explanation for the termination that states the reason for the change to the original award decision and considers the reliance interests at stake" and were also not terminated pursuant to Executive Orders 14151 and 14173. At present, Defendants have not identified any grant terminations at EPA, NSF, or NEH, involving the group of researchers identified in the Court's order, that will not be restored by the Court's order. All agencies are presently working on restoring grants and Defendants will have estimates of the remaining time to fully restore all relevant grants, or confirming that all such grants have been restored, at the July 2 hearing.

EPA, NSF, and NEH believe that they have the technical capability to identify grants based on the institutional affiliation of primary researchers, investigators, and project leaders. One method that Defendants have been using is to identify all awards where the Regents of the University of California, or a University of California campus, is a grantee or subgrantee, and to then check whether a faculty, staff, academic appointee, or employee across the University of California is named as a principal researcher, investigator, or project leader. However, a technical issue has arisen that Defendants are currently working to resolve. The SAM.gov/FSRS reporting requirement for prime awardees is that such awardees must only report first-tier subawards of $30,000 or more. This means that any subawards lower than $30K may not have been reported by

the prime recipients, and consequently some federal agencies may not be able to identify via government data systems all grants where the Regents of the University of California, or a University of California campus, is a subgrantee. Defendants are working to collect any other compliance-related issues to discuss at the July 2 hearing.

As to the future termination component of the Court's order, the agencies have been advised that the Court's order will immediately vacate any termination of grants where "University of California researchers, including faculty, staff, academic appointees, and employees across the University of California []are named as principal researchers, investigators, or project leaders on the grant applications" that are either accomplished via (1) a form termination letter as described in the Court's order or (2) pursuant to Executive Orders 14151 or 14173. The agencies were further advised that any such grants would then be restored and reinstated by operation of the Court's order.

Dated: June 30, 2025

By: /s/  *Kevin Budner*

Elizabeth J. Cabraser (CA Bar No. 83151)
ecabraser@lchb.com
Richard M. Heimann (CA Bar No. 63607)
rheimann@lchb.com
Kevin R. Budner (CA Bar No. 287271)
kbudner@lchb.com
Annie M. Wanless (CA Bar No. 339635)
awanless@lchb.com
Nabila M. Abdallah (CA Bar No. 347764)
nabdallah@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000

Anthony P. Schoenberg (CA Bar No. 203714)
tschoenberg@fbm.com
Linda S. Gilleran (CA Bar No. 307107)
lgilleran@fbm.com
Kyle A. McLorg (CA Bar No. 332136)
kmclorg@fbm.com
Katherine T. Balkoski (CA Bar No. 353366)
kbalkoski@fbm.com
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104
Telephone: 415. 954.4400

Erwin Chemerinsky (*pro hac vice*)
echemerinsky@law.berkeley.edu
Claudia Polsky (CA Bar No. 185505)
cpolsky@law.berkeley.edu
U.C. BERKELEY SCHOOL OF LAW
Law Building
Berkeley, CA 94720-7200
Telephone: 510.642.6483

*Attorneys for Plaintiffs and the Proposed Class*

Date: June 30, 2025        By:    /s/ *Jason Altabet*

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

JOSEPH E. BORSON
Assistant Branch Director

/s/ *Jason Altabet*
JASON ALTABET (Md. Bar No. 2211280012)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 305-0727
Email: jason.k.altabet2@usdoj.gov

*Attorneys for United States*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(I)(3)**

I, Kevin R. Budner, am the ECF User whose identification and password are being used to file this JOINT CASE MANAGEMENT STATEMENT. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

DATED: June 30, 2025              */s/ Kevin R. Budner*
                                  Kevin R. Budner