Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

August 21, 2025

**VIA ECF**

Judge Rita F. Lin
Phillip Burton Federal Building & U.S. Courthouse
450 Golden Gate Avenue, 16th Floor Clerk's Office
San Francisco, CA 94102

> RE: *Thakur, et al. v. Trump, et al.*, Case No. 3:25-cv-4737 (N.D. Cal.), Plaintiffs' Letter Brief Regarding Ninth Circuit Decision and *National Institutes of Health v. American Public Health Association*

Dear Judge Lin:

On August 21, 2025, the United States Court of Appeals for the Ninth Circuit denied the Defendants' motion for a partial stay of the preliminary injunction issued by this Court (Order attached as Exhibit A). Also, on August 21, the United States Supreme Court issued an order in *National Institutes of Health v. American Public Health Association* ("*NIH*") (Order attached as Exhibit B). In its order, the Supreme Court ruled that institutions could not challenge grant terminations in federal court under the Administrative Procedure Act; such claims had to be presented under the Tucker Act in the U.S. Court of Claims.

Plaintiffs have filed a 28(j) letter with the Ninth Circuit (attached as Exhibit C). As it explains, the Supreme Court's order does not affect the Equity Termination Class certified by this Court, whose injunction rests upon the First Amendment claims, not Administrative Procedure Act claims. Nor would the Court's order affect other claims presented in the Complaint based on separation of powers, due process, and the Impoundment Control Act.

Additionally, as explained in the 28(j) letter, this case is different from *NIH* because the Plaintiffs here are individual researchers who could not sue in the Court of Claims because they are not parties to the grants. Although they have been personally and professionally injured–and have their own research, careers and reputations at stake, conferring classic standing to sue–they would be left with no forum. That would raise serious due process issues and contravene basic principles that complete preclusion of jurisdiction never should occur without express indication from Congress. The Supreme Court's Order does not address these issues.

Pending before this Court is Plaintiffs' motion to file a First Amended Complaint, which would add researchers receiving grants from the Department of Transportation (DOT)

August 21, 2025
Page 2

and the Department of Defense (DOD), scheduled to be heard on Tuesday, August 26. As Plaintiffs recently advised the DOJ, they plan to further amend the complaint to add as representative plaintiffs and request class treatment for UC researchers whose National Institutes of Health (NIH) grants have been recently suspended in the same government actions that suspended the NSF, NEH, EPA, DOT, and DOD grants. The government will wish to file a response to this proposed amendment.

    Plaintiffs respectfully suggest that the hearing scheduled for August 26 be postponed one week, or otherwise as the Court's schedule allows, to enable briefing on the impact of the Ninth Circuit and Supreme Court rulings on the motions pending before this Court, and the NIH amendment motion.

Sincerely,

Elizabeth J. Cabraser