# EXHIBIT C



**ANTHONY P. SCHOENBERG**
tschoenberg@fbm.com
D 415.954.4963

August 21, 2025

*Via ECF*

Molly C. Dwyer
Clerk of Court
The James R. Browning Courthouse
95 7th Street,
San Francisco, CA 94103

Re: *Thakur, et al. v. Trump, et al.*, No. 25-4249
Plaintiffs-Appellees' 28(j) Letter Regarding Order in *National Institutes of Health v. American Public Health Association*

Dear Ms. Dwyer:

On August 21, 2025, the Supreme Court issued an order in *National Institutes of Health v. American Public Health Association* ("*NIH*") staying the district court's ruling that the National Institutes of Health violated the Administrative Procedure Act in terminating grants. The Court indicated that the plaintiff institutions had to file their claims in the U.S. Court of Claims. But five justices held that "district courts may still exercise jurisdiction over — and vacate — grant-related policies that contravene federal law." (slip op at 9).

Crucially, this ruling does not affect the Equity Termination Class in this case, whose injunction rests upon First Amendment claims, not Administrative Procedure Act claims. Indeed, the government agreed at oral argument on July 31, 2025 that its Tucker Act jurisdictional argument did not apply to the Equity Class.

For the Form Termination Class (as well as the Equity Class), there is another crucial difference between this case and the *NIH* case: Plaintiffs here are individual researchers who have been injured by grant terminations. The Court of Claims likely would have no jurisdiction to hear their claims, because they are not parties to the grants. Dismissing their claims from federal district court could





leave them with no forum, raising serious due process issues not addressed in the Supreme Court's stay, and contravening the basic principle that complete preclusion of jurisdiction should not be allowed without express indication from Congress. *See, e.g.*, *McNary v. Haitian Refugee Center, Inc.*, 498 U.S. 479, 496 (1981) ("well-settled presumption favoring interpretation of statutes that allow judicial review of administrative action"; "it is most unlikely that Congress intended to foreclose all forms of meaningful judicial review.")

Moreover, the balance of equities is different because the researchers in this case suffer harms fundamentally different from the institutions in the *NIH* case. The termination and suspension of their grants causes them to interrupt or cease their life's work, lose their post-doctorate and graduate students, and be unable to publish papers.

Plaintiffs respectfully request the opportunity to brief these issues and will do so in their appellees' brief, due Tuesday, August 26, unless this Court directs otherwise.

Sincerely,

Anthony P. Schoenberg (SBN 203714)
tschoenberg@fbm.com
Donald E. Sobelman (SBN 184028)
dsobelman@fbm.com
Linda S. Gilleran (SBN 307107)
lgilleran@fbm.com
Kyle A. McLorg (SBN 332136)
kmclorg@fbm.com
Katherine T. Balkoski (SBN 353366)
kbalkoski@fbm.com
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104
Telephone: 415.954.4400





Erwin Chemerinsky (*pro hac vice*)
echemerinsky@law.berkeley.edu
Claudia Polsky (SBN 185505)
cpolsky@law.berkeley.edu
U.C. BERKELEY SCHOOL OF LAW
Law Building
Berkeley, CA 94720-7200
Telephone: 510.642.6483

Elizabeth J. Cabraser (SBN 83151)
ecabraser@lchb.com
Richard M. Heimann (SBN 63607)
rheimann@lchb.com
Kevin R. Budner (SBN 287271)
kbudner@lchb.com
Annie M. Wanless (SBN 339635)
awanless@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000

*Attorneys for Plaintiffs and the Proposed Class*

APS
Attachments

cc: All Counsel of Record (Via ECF)

46686\20525968.1

46686\20570881.1