1  BRETT A. SHUMATE
   Assistant Attorney General
2  Civil Division
   ERIC J. HAMILTON
3  Deputy Assistant Attorney General
   JOSEPH E. BORSON
4  Assistant Branch Director
   KATHRYN BARRAGAN (D.C. Bar No. 90026294)
5  Trial Attorney, U.S. Department of Justice
   Civil Division, Federal Programs Branch
6  1100 L Street, N.W.
   Washington, D.C. 20005
7  Tel.: (202) 598-7696
   Email: kathryn.e.barragan@usdoj.gov
8  JASON ALTABET (Md. Bar No. 2211280012)
   Trial Attorney, U.S. Department of Justice
9  Tel.: (202) 305-0727
   Email: Jason.k.altabet2@usdoj.gov
10
   *Attorneys for United States*
11

12                    UNITED STATES DISTRICT COURT
13                   NORTHERN DISTRICT OF CALIFORNIA
                         SAN FRANCISCO DIVISION
14

15

16  NEETA THAKUR, *et al.,*            )  Case No. 25-cv-4737-RFL
                                       )
17  Plaintiffs,                        )  DEFENDANTS' RESPONSE TO PLAINTIFFS'
                                       )  REQUEST TO REQUIRE SUPPLEMENTAL
18       v.                            )  BRIEFING FOR AN NIH NAMED PLAINTIFF
                                       )
19  DONALD J. TRUMP, in his official capacity as )  Judge: Hon. Rita F. Lin
    President of the United States, *et al.,*    )
20                                     )  Hearing Date: August 26, 2025
    Defendants.                        )  Time: 10:00 AM
21                                     )  Judge: Hon. Rita F. Lin
                                       )  Place: San Francisco Courthouse
22  _____ )  Courtroom 15

23

24

25

26

27

28

DEFS.' RESP. TO PLS.' REQUEST TO REQUIRE SUPP. BRIEFING
CASE NO. 25-CV-4737

1

**INTRODUCTION**

2      On the evening of August 20, 2025, Plaintiffs contacted Defendants and stated that they plan to

3  seek leave of Court to "file supplemental briefing in advance of Tuesday's hearing seeking to expand our

4  pending preliminary injunction and class cert motion to encompass NIH." Ex. A at 2. Defendants

5  informed Plaintiffs this morning at 9:56am PST that they planned to oppose supplemental briefing. *Id.* at

6  1. Defendants further informed Plaintiffs at 11:48am PST that they were prepared to file their opposition

7  at the convenience of Plaintiffs.

8      Plaintiffs subsequently filed a letter brief at 7:06pm PST, ECF No. 102. That brief advocates based

9  on a recent decision, in conflict with Local Rule 7-3(d)(2) which provides a procedure for identifying a

10  recent decision and states that a party shall present it "without argument." The brief also suggests

11  supplemental briefing regarding the Ninth Circuit's recent order; the Supreme Court's recent decision; and

12  adding a named NIH plaintiff. Finally, Plaintiffs suggest that the Court should continue the hearing date.

13      At this late hour Eastern Standard Time, Defendants do not have a position on the issues Plaintiffs

14  did not previously raise with Defendants. However, Defendants file this response to Plaintiffs' request to

15  modify the agreed schedule in order to add an NIH plaintiff, which they had previously prepared in

16  response to Plaintiffs' inquiry.

17      Plaintiffs' late hour request to add an NIH plaintiff should be rejected. The long-scheduled hearing

18  on the fully briefed motion is five days away. The agreed time to add named plaintiffs has long since

19  passed. Meanwhile, the action Plaintiffs cite as a basis to disrupt the agreed schedule happened over three

20  weeks ago and was the subject of briefing. To the extent Plaintiffs' reason to add a named NIH plaintiff

21  now is based on the suspension action discussed and litigated earlier this month, they should have

22  informed the Court and Defendants more than five days away from the relevant motion hearing.

23      Moreover, Plaintiffs have had both sufficient time and incentive to add a named NIH plaintiff on

24  the agreed schedule. As the timeline provided below shows, Plaintiffs sought to negotiate a stipulation

25  related to NIH and, when the negotiations were unsuccessful, affirmatively represented that they would

26  add a named plaintiff with grants at NIH. They then decided not to do so. They should not now get a

27  second chance when doing so will significantly disrupt this schedule and force Defendants to respond to

28
DEFS.' RESP. TO PLS.' REQUEST TO REQUIRE SUPP. BRIEFING
CASE NO. 25-CV-4737

1  a new motion on the eve of a previously set hearing.  The Court should deny Plaintiffs' request and

2  maintain the agreed, orderly, schedule for adding named plaintiffs and resolving this case.

3                                            **DISCUSSION**

4         First, this Court is already aware of the NSF and NIH suspension actions and its timeline.  That

5  timeline counsels against allowing Plaintiffs to change the present schedule and to seek last minute

6  briefing on this issue.

7         Plaintiffs and Defendants conferred on August 1 about the suspension actions and filed briefs

8  informing the Court on August 4.  ECF Nos. 78, 79.  Plaintiffs provided no indication at any point before

9  the evening of August 20 that they planned to add a named NIH plaintiff and further expand the

10  preliminary injunction.  In the meantime, Plaintiffs presumably have identified one or more named NIH

11  plaintiffs, prepared a declaration or declarations, and drafted a second amended complaint.  Yet they are

12  only now informing Defendants and the Court of their planned course of action.  But the Parties together

13  prepared an agreed schedule for amending the complaint, adding additional agencies to any preliminary

14  injunction, briefing summary judgment, and related procedural steps.  Joint Case Management Statement

15  at 5-6, ECF No. 58.  And Plaintiffs were certainly aware that non-enjoined agencies could take additional

16  actions on grants—that is why they sought prospective relief to bar future grant terminations.  It is thus

17  inappropriate for Plaintiffs to disrupt that agreed schedule based on an action they always knew was

18  possible, particularly with so little notice beforehand.

19         This is especially true given that Plaintiffs had affirmatively represented in July that they would

20  add a named NIH plaintiff.  As the below timeline demonstrates, Plaintiffs had both the incentive and

21  opportunity to add a named NIH plaintiff and declined to do so.

22         • June 30: The Parties file an agreed schedule where Plaintiffs will amend their complaint

23              by July 18 to add additional named plaintiffs for additional agencies, with subsequent

24              expedited discovery, briefing, and a hearing on August 26.  Joint Case Management

25              Statement at 5.

26         • July 2: Defendants, at Plaintiffs' request, provide Plaintiffs with information regarding the

27              universe of NIH grants covered by an injunction in another case, *MA v. Kennedy*.  Ex. B at

28  DEFS.' RESP. TO PLS.' REQUEST TO REQUIRE SUPP. BRIEFING
   CASE NO. 25-CV-4737

6-7.

- July 8: Plaintiffs propose a stipulation that NIH will restore grants and, in exchange, "we will forgo adding an NIH plaintiff." Ex. B at 3.

- July 9: Defendants decline Plaintiffs' proposed stipulation and state "we are open to negotiating a process that would minimize procedural burden to tee up the issue for the Court by the parties." Ex. B at 2.

- July 11: Defendants offer an alternative stipulation and procedural pathway for the NIH grants to be considered in order to "tee up the facts and law for the court." Ex. B at 1.

- July 11: Plaintiffs decline, at the time, to take up Defendants' offer and state "[w]e will be adding an NIH plaintiff, as we have confirmed that there are a number of UC grants that were not captured by the *MA v. Kennedy* injunction." Ex. B at 1.

- July 18: Plaintiffs file their Amended Complaint without a named plaintiff listed on NIH grants. ECF No. 68.

In sum, Plaintiffs were aware that relevant grants were not covered by other injunctions. Plaintiffs sought to negotiate a stipulation to cover NIH grants. When those negotiations were unsuccessful, Plaintiffs represented that they would add an NIH plaintiff. Plaintiffs chose not to add such a plaintiff. They now seek to reverse that choice, despite the agreed schedule adopted by the Court.

Finally, to prepare unexpected supplemental briefing would be a substantial burden. It would require Defendants' counsel to rapidly prepare a substantive brief in one and a half business days, if the hearing is not continued. A substantive brief, however, requires consulting with the agency to determine the factual circumstances relevant to the motion as well as the agency's position. After a draft brief is prepared, it must go through internal and agency review before it is approved and can be filed. This rapid timeline would be extraordinarily difficult under the circumstances.

If the Court is inclined to order supplemental briefing on adding an NIH plaintiff without continuing the hearing, Defendants respectfully request that the Court move the hearing to Zoom and file a motion to that effect simultaneously with this opposition.

## CONCLUSION

DEFS.' RESP. TO PLS.' REQUEST TO REQUIRE SUPP. BRIEFING
CASE NO. 25-CV-4737

1    For the foregoing reasons, Defendants respectfully request that the Court reject supplemental

2  briefing on adding an NIH plaintiff.  If the Court grants supplemental briefing, Defendants respectfully

3  request that the Court grant Defendants' simultaneously filed motion to hold the August 26 hearing on

4  Zoom because of the substantial burden travel would impose.

5

6

7  DATED: August 21, 2025                    Respectfully submitted,

8

9                                            BRETT A. SHUMATE
                                             Assistant Attorney General
10                                           Civil Division

11                                           ERIC J. HAMILTON
                                             Deputy Assistant Attorney General
12

13                                           JOSEPH E. BORSON
                                             Assistant Branch Director
14

15                                           */s/ Jason Altabet*
                                             JASON ALTABET (Md. Bar No. 2211280012)
16                                           Trial Attorney, U.S. Department of Justice
                                             Tel.: (202) 305-0727
17                                           Email: jason.k.altabet2@usdoj.gov

18                                           KATHRYN BARRAGAN (D.C. Bar No. 90026294)
19                                           Trial Attorney, U.S. Department of Justice
                                             Civil Division, Federal Programs Branch
20                                           1100 L Street, N.W.
                                             Washington, D.C. 20005
21                                           Tel.: (202) 598-7696
                                             Email: kathryn.e.barragan@usdoj.gov
22

23                                           *Attorneys for the United States*

24

25

26

27

28  DEFS.' RESP. TO PLS.' REQUEST TO REQUIRE SUPP. BRIEFING
    CASE NO. 25-CV-4737