# Exhibit B

# Altabet, Jason K (CIV)

| | |
|---|---|
| **From:** | Claudia Polsky <polskymermin@sbcglobal.net> |
| **Sent:** | Friday, July 11, 2025 11:13 AM |
| **To:** | Barragan, Kathryn E (CIV) |
| **Cc:** | Thakur LCHB; Erwin Chemerinsky; Jocelyn Larkin; Altabet, Jason K (CIV) |
| **Subject:** | Re: [EXTERNAL] Follow-up RE: Thakur et al v. Trump et al |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Thanks, Kat. We will be adding an NIH plaintiff, as we have confirmed that there are a number of UC grants that were not captured by the *MA v. Kennedy* injunction. We'll circle back if we think a stipulation along the lines you propose would meaningfully streamline briefing.

Best,
Claudia

On Friday, July 11, 2025 at 07:36:53 AM PDT, Barragan, Kathryn E (CIV) <kathryn.e.barragan@usdoj.gov> wrote:


Good morning,


To clarify, we cannot stipulate to an injunction covering new defendants in this case.  We can, however, ease the process by which the Court could determine whether to extend an injunction to NIH (assuming a named NIH plaintiff is added to the case).  For example, we are willing to stipulate that there are NIH grants covered by the injunction in *Massachusetts v. Kennedy*, and that we stand by the arguments advanced in our briefing as applied to NIH, in order to tee up the facts and law for the court.


To follow up regarding AmeriCorps: AmeriCorps represents that UC grants have been restored pursuant to the order in *Maryland et al. v. AmeriCorps,* 1:25-cv-01363-DLB.  However, please note that AmeriCorps does not have the ability to systematically search for UC researchers on a grant with a non-UC institution.


Best,

Kat


**From:** Claudia Polsky <polskymermin@sbcglobal.net>
**Sent:** Wednesday, July 9, 2025 5:18 PM
**To:** Barragan, Kathryn E (CIV) <Kathryn.E.Barragan@usdoj.gov>
**Cc:** Thakur LCHB <thakur@lchb.com>; Erwin Chemerinsky <echemerinsky@berkeley.edu>; Jocelyn Larkin <jocelynlarkin@gmail.com>; Altabet, Jason K (CIV) <Jason.K.Altabet2@usdoj.gov>
**Subject:** Re: [EXTERNAL] Follow-up RE: Thakur et al v. Trump et al

1

Thanks, Kat. Can you kindly suggest a process you think would reduce the burden otherwise associated with adding an NIH plaintiff via Amended Complaint and a declaration ISO a motion?

Sent from Yahoo Mail for iPhone

On Wednesday, July 9, 2025, 2:02 PM, Barragan, Kathryn E (CIV) <Kathryn.E.Barragan@usdoj.gov> wrote:

> Thank you for reaching out, Claudia.  To follow up on IMLS and AmeriCorps:
>
> - As Jason mentioned below, IMLS confirmed it has restored the 13 UC grants as a result of the preliminary injunction in *Rhode Island v. Trump*, Case No. 1:25-cv-00128.  IMLS also completed its search for any non-UC grants where a UC researcher was involved, and found one grant to VA Tech under termination notice.  A UC Riverside researcher is staff to the project under a UC Riverside subaward.  Only 3% of the UC Riverside researcher's time is funded by the project, and IMLS does not believe that the researcher would be considered a principal researcher, investigator, or project leader.  Because of this, we don't think the VA Tech grant implicates the injunction, and we therefore think IMLS should be excluded from the amended complaint.
>
> - AmeriCorps is in the process of searching for possibly relevant grants.
>
> As to your question about a list of identified grants to be reinstated at NSF, NEH, and EPA: I aim to share with you what lists we have on Friday ahead of our status report filing.  I will also circulate the status report ahead of the filing.  And we have no issue with Plaintiffs' counsel using these lists to identify any inadvertently missing UC grants or subgrants.
>
> Because DOJ's position is that the injunction is improper, we are not willing to stipulate to restore NIH grants or subgrants.  However, we are open to negotiating a process that would minimize procedural burden to tee up the issue for the Court by the parties.
>
> Let me know if you have any questions, and I look forward to continuing to work with you.
>
> Best,
>
> Kat
>
> ---
>
> **From:** Claudia Polsky <polskymermin@sbcglobal.net>
> **Sent:** Tuesday, July 8, 2025 9:53 PM
> **To:** Barragan, Kathryn E (CIV) <Kathryn.E.Barragan@usdoj.gov>
> **Cc:** Thakur LCHB <thakur@lchb.com>; Erwin Chemerinsky <echemerinsky@berkeley.edu>;

2

Jocelyn Larkin <jocelynlarkin@gmail.com>; Altabet, Jason K (CIV) <Jason.K.Altabet2@usdoj.gov>
**Subject:** [EXTERNAL] Follow-up RE: Thakur et al v. Trump et al

Greetings, Kat. We appreciate the summary Jason provided below, and look forward to working with you during this next case phase. The information about DOE, AmeriCorps, and IMLS — once complete — will be a helpful cross-check on our own factual investigation and is likely to reduce the number of defendant agencies for which we need to provide supplemental evidence in our forthcoming amended complaint.

I write now now to follow up on the third item below: ("[W]e are working on your grant list inquiry—that is, to provide Plaintiffs with a list of identified grants to be reinstated at NSF, NEH, and EPA including the name of the grant, the grantee, and the subgrantee (if UC is a subgrantee). We should have an update for you soon.") As I assume Jason relayed, when we spoke on Friday he said he saw no problem with plaintiffs' counsel using such lists to identify any UC grants or subgrants that had inadvertently been missed during the respective agencies' searches, and ensuring that those were reinstated as per the court's order.

A related item Jason and I discussed that does not seem to be captured below is that plaintiffs want to be sure that all of UC's terminated NIH grants are restored, as it's likely that the list of such grants is more extensive than the list from the D. MA case that has been used as the basis for that agency's reinstatements to date (a list Jason refers to as "List 2"). If DOJ is willing to stipulate that it will restore all NIH grants or subgrants to UC that fall within the scope of Judge Lin's order given the evidentiary record in Judge Young's court, we will forgo adding an NIH plaintiff and instead simply circulate List 2 to UC's sponsored project offices and UC faculty associations at the same time and in the same manner we intend to circulate the NSF, NEH, and EPA lists of restored grants. This would enable us to enlist UC administrators and faculty in catching any omissions across all four agencies.

Does such a stipulation sound workable to you, given the parties' mutual interest in orderly and comprehensive grant reinstatement at this litigation stage?

We look forward to your thoughts.

Best,

Claudia

On Monday, July 7, 2025 at 10:09:05 AM PDT, Altabet, Jason K (CIV) <jason.k.altabet2@usdoj.gov> wrote:

Good morning,

I hope that you had a pleasant holiday weekend.

I wanted to check in regarding a few matters.

First, we are in touch with DOE, AmeriCorps, and IMLS to look into your inquiry about whether there are any terminated grants, or any terminated grants that are not covered by other injunctions and restored, at those three agencies.  AmeriCorps is still looking into the question.  IMLS represents that the 13 UC grants have been reinstated pursuant to the injunction in in *Rhode Island, et al. v. Trump, et al.*, D.R.I., case number 25-cv-00128.  It is presently tracking down whether there are any grants in other States with a UC Researcher listed as a principal investigator, researcher, or project lead, and whether those have been reinstated.  DOE is not aware of any terminated grants where a UC researcher is a principal researcher, investigator, or project leader.  However, please note that DOE does not have the technical ability to search systematically for the information as it does not track institutional affiliation in that way.

Second, for your contract question.  We have some information.  The following agencies represent that they have contracts with UC (contracts being generally governed by the FAR and involving procurement of goods and services for the government's benefit) NIH; DoD; DOE; USDA (USDA has identified 11 active contracts, for example bird flu testing between USDA Animal Plant Health Inspection Service and UC Davis that I referenced previously); FDA; and CDC (although the agency noted the use of FAR contracts with the UC or other similar entities is not typical practice).  NSF and Ed have also had contracts with UC before, but NSF believes its last award was 2017 and Ed is looking into whether it has any active contracts.  NEH; IMLS; and State represent that they have no active contracts and Interior does not think it has any active contracts—although it has cooperative agreements like those governing USGS's "ShakeAlert" system.  AmeriCorps, EPA, and DOT are not sure yet regarding contracts with UC.  And, more broadly, we have found during this process that the grant and contract/procurement teams are generally separate from each other and that contracts/procurement teams are

4

often dispersed throughout an agency to meet the needs of various parts of the agency. This has made systematic tracking and searching more difficult than in the grant context. (Please note that my use of the term "contract" in this paragraph is per the grant versus contract distinction as set out in our briefing; our position, as you know, are that grants are "contracts" within the meaning of the Tucker Act.).

Third, we are working on your grant list inquiry—that is, to provide Plaintiffs with a list of identified grants to be reinstated at NSF, NEH, and EPA including the name of the grant, the grantee, and the subgrantee (if UC is a subgrantee). We should have an update for you soon.

Finally, we wanted to flag one thing that our appellate folks noted. Our deadline to appeal the preliminary injunction is 60 days from its issuance. If we were to appeal, the district court would lose jurisdiction over the injunction including modifications to that injunction. Our current schedule would push briefing of your upcoming motion past the 60-day deadline to appeal, so, if we appeal, the district court would lose jurisdiction before being able to rule on your upcoming motion. As a result, it would likely be helpful if your motion were not styled as "modifying" the present injunction *per se*, but rather seeking something new and separate from the present injunction to avoid any issues with the Court losing jurisdiction. We still believe that the briefing can focus on whether the Court's prior reasoning and ruling applies to the agencies with new named plaintiffs.

As I mentioned I will be leaving the country tomorrow and will not have access to my government systems, including email. Kat will be lead while I am gone (including for the upcoming compliance status report). You will be in great hands.

Best,

Jason

**From:** Altabet, Jason K (CIV)
**Sent:** Wednesday, July 2, 2025 2:55 PM
**To:** Cabraser, Elizabeth J. <ECABRASER@lchb.com>; Budner, Kevin R. <kbudner@lchb.com>; Barragan, Kathryn E (CIV) <Kathryn.E.Barragan@usdoj.gov>
**Cc:** 'Kyle x4915 McLorg' <KMcLorg@fbm.com>; Heimann, Richard M. <rheimann@lchb.com>; 'Tony x4963 Schoenberg' <TSchoenberg@fbm.com>; 'Claudia Polsky' <polskymermin@sbcglobal.net>; 'Kat x4495 Balkoski' <KBalkoski@fbm.com>; Abdallah, Nabila M. <nabdallah@lchb.com>; 'Linda Sobczynski x4941 Gilleran' <LGilleran@fbm.com>; Wanless, Annie M. <awanless@lchb.com>
**Subject:** RE: [EXTERNAL] Re: [EXT] RE: Thakur et al v. Trump et al - Expedited Discovery Meet and Confer

Good afternoon,

I hope that you are having a pleasant day.

I am adding to this email chain my colleague Kat Barragan who will be joining me as trial attorney on this matter. As I previously mentioned, I am leaving the country from July 8 evening through July 19 evening on leave. I will not have access to my work email. As a result, Kat will be leading the case during that time and should be your point of contact for any questions or issues.

Additionally, I have further information related to your inquiry regarding NIH. NIH has checked again and can confirm that the 119 number covered all UC grants that were terminated as of June 9, either by a letter notification or a revised NOA. Please note, if a UC grant was no longer being funded and/or was pending termination but a letter notifying the recipient of the grant's termination or a revised NOA had not yet been issued, it was not captured in the 119 total. Moreover, the 119 total included terminated grants directly with UC entities, not grants where a UC entity was a subawardee. On review of the *Mass v. Kennedy* list, NIH identified various grants where a UC entity was a subawardee which would not have been included in our estimate list. It also appears to have included grants that were not renewed or on appeal, which would not be encompassed by the 119 estimate of terminations. So it appears the *Mass v. Kennedy* list included a larger universe of grants than what was at issue for the estimate here. NIH also wanted me to note, which I think

you already know, that the *Mass v. Kennedy* list was apparently prepared based on grants identified by the Plaintiffs in that case, not NIH.

Does that answer your question as to the *Mass v. Kennedy*? NIH has tried to run a technical or automated process to work through the full *Mass v. Kennedy* list, and otherwise compare the grants, but has been unable to get that to work with their systems.

We are still working on answering your contract question. As of now, it looks like some agencies do have one or more contracts with the UC system and others don't. For example, USDA Animal Plant Health Inspection Service has the following [contract](#) with UC Davis for bird flu testing. From my discussions thus far, it sounds like these contracts are generally made by separate procurement authorities throughout an agency to meet agency needs. On the other hand, NEH and IMLS do not have such contracts. I hope to have a more fulsome list or response for you soon.

Best,

Jason

**From:** Cabraser, Elizabeth J. <ECABRASER@lchb.com>
**Sent:** Monday, June 30, 2025 6:14 PM
**To:** Altabet, Jason K (CIV) <Jason.K.Altabet2@usdoj.gov>; Budner, Kevin R. <kbudner@lchb.com>; Wanless, Annie M. <awanless@lchb.com>
**Cc:** 'Kyle x4915 McLorg' <KMcLorg@fbm.com>; Heimann, Richard M. <rheimann@lchb.com>; 'Tony x4963 Schoenberg' <TSchoenberg@fbm.com>; 'Claudia Polsky' <polskymermin@sbcglobal.net>; 'Kat x4495 Balkoski' <KBalkoski@fbm.com>; Abdallah, Nabila M. <nabdallah@lchb.com>; 'Linda Sobczynski x4941 Gilleran' <LGilleran@fbm.com>
**Subject:** RE: [EXTERNAL] Re: [EXT] RE: Thakur et al v. Trump et al - Expedited Discovery Meet and Confer

Thanks, Jason.

We have no changes to the CMC statement, and will proceed to file it shortly.