UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEETA THAKUR, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, et al.,<br><br>        Defendants. | Case No. 25-cv-04737-RFL<br><br>**NOTICE OF QUESTIONS FOR HEARING**<br><br>Re: Dkt. Nos. 76, 117 |

    The Court requests that the parties be prepared to address the following questions at the hearing on Plaintiffs' Motions for Preliminary Injunction and Provisional Class Certification as to DoD, DoT, and HHS-NIH, set for September 18, 2025, at 2:30 p.m., via Zoom.

1. In Defendants' view, does the Court of Federal Claims have jurisdiction to hear Plaintiffs' First Amendment claim or issue injunctive relief as to that claim? What about Plaintiffs' APA claims?

2. At the hearing on the original preliminary injunction, the Court posed a hypothetical in which a future administration terminated all grants to researchers with Asian last names. Is it Defendants' view that, under the Supreme Court's recent emergency order in *National Institutes of Health v. American Public Health Association* ("*APHA*"), No. 25A103, 2025 WL 2415669 (Aug. 21, 2025), those researchers would not be able to obtain any relief in any court, unless their universities elected to sue in the Court of Federal Claims?

3. If the Court were to enter a preliminary injunction as to HHS-NIH, in the manner requested by Plaintiffs, would the injunctive relief cover any of the grants at issue

    in *APHA*?

4. If there is no named Plaintiff who has had grant funding terminated by DoD or HHS-NIH for researching a forbidden DEI topic, and thus the Court finds that no named Plaintiff has standing to assert a First Amendment claim against DoD or HHS-NIH, on what basis could the Court certify an Equity Termination Class consisting of researchers with First Amendment claims against DoD and HHS-NIH, or issue injunctive relief for such a class? Do Plaintiffs propose to have Handy (whose grant funding was terminated by DoT) represent putative class members whose grant funding was terminated due to viewpoint discrimination by DoD and HHS-NIH, and if so, what authority supports that, other than the juridical link doctrine?

5. Of the 72 individuals impacted by DOT's grant terminations, as described in Dr. Handy's email (Dkt. No. 127-1 at 4, 6), how many do the parties estimate are "researchers, including faculty, staff, academic appointees, and employees across the University of California system who are named as principal researchers, investigators, or project leaders on the grant applications for previously awarded research grants by [] DoT"?

  At the hearing, each side will address each question in the sequence stated above, and then at the end, the parties will have additional time to present any additional argument that they wish the Court to hear. The parties **shall not** file written responses to this Notice of Questions.

  **IT IS SO ORDERED.**

Dated: September 16, 2025

                         RITA F. LIN
                         United States District Judge