```
STACEY M. LEYTON, SBN 203827
sleyton@altber.com
BARBARA J. CHISHOLM, SBN 224656
bchisholm@altber.com
CONNIE K. CHAN, SBN 284230
cchan@altber.com
AMANDA C. LYNCH, SBN 318022
alynch@altber.com
JUHYUNG H. LEE, SBN 315738
hlee@altber.com
SANDY PECHT, SBN 355877
specht@altber.com
```
**ALTSHULER BERZON LLP**
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151

*Counsel for Plaintiffs AAUP, AFT, UC-AFT, CNA/NNU, and UAW in* AAUP v. Trump*, Case No. 3:25-cv-07864-PHK*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEETA THAKUR, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br>DONALD J. TRUMP, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-04737-RFL<br><br>Assigned to the Honorable Rita Lin<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (CIVIL L.R. 3-12)** |

Pursuant to Civil Local Rules 3-12 and 7-11, Plaintiffs respectfully submit this administrative motion in support of relating *American Association of University Professors, et al. v. Trump, et al.*, Case No. 3:25-cv-07864-PHK (hereinafter "*AAUP*"), filed today in this Court and currently assigned to the Hon. Peter H. Kang, to this action, *Thakur, et al. v. Trump, et al.*, Case No. 3:25-cv-04737-RFL (hereinafter, *Thakur*), which is the lower-numbered case.

Under Civil Local Rule 3-12(a), actions are related when: "(1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly

burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Plaintiffs submit that both requirements are satisfied here.

      As to the first element, both actions concern substantially the same transactions and events, namely the series of federal agency actions cutting off federal funding to the University of California based on unreasoned letters and pretextual investigations into alleged discrimination. For instance, the newly filed action, *AAUP*, challenges the cessation of funding by Defendants National Science Foundation ("NSF"), National Institutes of Health ("NIH"), and Department of Energy ("DOE"), initiated on July 30, 2025 and accompanied by letters from those agencies on July 30, July 31, and August 1, 2025. The cut-off of federal funding by these three agencies is also at issue in this case: NSF's actions are the subject of a recent order by this Court enforcing its previously issued preliminary injunction, *Thakur*, 2025 WL 2325390 (N.D. Cal. Aug. 12, 2025), and a hearing on the motion to enjoin the NIH cuts is set for September 18. In short, a substantial part of the actions challenged in both cases arise from actions by the same defendants and the same unlawful attempts to terminate funding.

      The defendants in the two cases are mostly overlapping. All but one of the defendants in *Thakur* are also defendants in *AAUP*; and a majority of the *AAUP* defendants are also defendants in *Thakur*. Further, many of the class members in *Thakur* are members of organizational plaintiffs in *AAUP*, including the American Association of University Professors ("AAUP"), the University Council–American Federation of Teachers ("UC-AFT"), the Council of UC Faculty Associations ("CUCFA") and its affiliated faculty associations, and—through AAUP and UC-AFT—the American Federation of Teachers ("AFT").

      As to the second element, consideration of this action by a separate district judge would entail unduly burdensome duplication of labor and expense in light of the significant factual overlap between the two cases discussed *supra*. In addition, although the legal theories in the two cases differ,[1] both involve *ultra vires* First Amendment claims and claims under the Administrative Procedure Act ("APA") for arbitrary and capricious agency actions and actions contrary to law. This Court has already

---

[1] For example, in *AAUP*, plaintiffs claim not only that the federal government is engaging in content and viewpoint discrimination, but also that defendants are unlawfully using the threat of legal and economic sanctions to coerce the University of California to suppress speech, in violation of the First Amendment under *National Rifle Association of America v. Vullo*, 602 U.S. 175 (2024).

considered whether the same NSF letters challenged in *AAUP* provide a reasonable explanation of agency action and whether Defendant NSF's decision to terminate funding was arbitrary and capricious in violation of the APA, and is set to consider similar issues regarding Defendant NIH's actions. Permitting these actions to proceed before different judges would thus raise the risk of conflicting results.

Civil Local Rule 7-11(a) requires an administrative motion "be accompanied . . . by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained." As explained in the accompanying declaration, counsel for the *AAUP* plaintiffs contacted the U.S. Attorney for the Northern District of California and the Chief of the Civil Division to ask whether they would accept service of the complaint and whether they could provide defendants' position on whether the two cases should be related. Chisholm Decl. in Support of Admin. Mot. ¶2. At the time of this filing, plaintiffs' counsel had not received defendants' position. *Id.*

Respectfully submitted,

Dated:  September 16, 2025        By: */s/ Barbara J. Chisholm*
STACEY M. LEYTON, SBN 203827
sleyton@altber.com
BARBARA J. CHISHOLM, SBN 224656
bchisholm@altber.com
CONNIE K. CHAN, SBN 284230
cchan@altber.com
AMANDA C. LYNCH, SBN 318022
alynch@altber.com
JUHYUNG H. LEE, SBN 315738
hlee@altber.com
SANDY PECHT, SBN 355877
specht@altber.com
**ALTSHULER BERZON LLP**
177 Post St., Suite 300
San Francisco, CA 94108
(415) 421-7151
*Counsel for Plaintiffs AAUP, AFT, UC-AFT, CNA/NNU, and UAW*

By: */s/ Victoria S. Nugent*
SKYE L. PERRYMAN
*Pro hac vie application forthcoming*
sperryman@democracyforward.org
VICTORIA S. NUGENT


*Pro hac vice application forthcoming*
vnugent@democracyforward.org
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
*Counsel for Plaintiffs AAUP, AFT,
CNA/NNU, UC-AFT, and UAW*

By: */s/ Veena Dubal*
VEENA DUBAL, SBN 249268
*Pro hac vice application forthcoming*
vdubal@aaup.org
**AMERICAN ASSOCIATION OF
UNIVERSITY PROFESSORS**
555 New Jersey Avenue NW, Suite 600
Washington, DC 20001
*Counsel for Plaintiff AAUP*

By: */s/ Eleanor Morton*
ELEANOR MORTON
emorton@leonardcarder.com
KATE HALLWARD
khallward@leonardcarder.com
ARTHUR LIOU
Aliou@leonardcarder.com
HUGH SCHLESSINGER
Hschlessinger@leonardcarder.com
**LEONARD CARDER LLP**
1999 Harrison Street, Suite 2700
Oakland, CA 94612
(510) 272-0169
*Counsel for Plaintiffs UPTE, AFSCME Local 3299,
UC-AFT, CUCFA, and each of the UC Campus
Faculty Associations*

By: */s/ Margo A. Feinberg*
MARGO A. FEINBERG
margo@ssdslaw.com
DANIEL E. CURRY
dec@ssdslaw.com
**SCHWARTZ, STEINSAPIR,
DOHRMANN & SOMMERS LLP**
888 W. 6th Street, 12th Floor
Los Angeles, California 90017-2738
(323) 655-4700
*Counsel for Plaintiff UAW Local 4811*

By: */s/ Nicole J. Daro*
NICOLE J. DARO, SBN 276948
Ndaro@calnurses.org
**California Nurses Association/National Nurses United**
155 Grand Ave.
Oakland, CA 94612
(510) 207-8291
*Counsel for Plaintiff CNA/NNU*

By: */s/ Susan K. Garea*
SUSAN K. GAREA
SGarea@beesontayer.com
**BEESON, TAYER & BODINE**
492 Ninth Street, Suite 350
Oakland, CA 94607
(510) 625-9700
*Counsel for Teamsters Local 2010*