BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ERIC J. HAMILTON
Deputy Assistant Attorney General
JOSEPH E. BORSON
Assistant Branch Director
KATHRYN BARRAGAN (D.C. Bar No. 90026294)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 598-7696
Email: kathryn.e.barragan@usdoj.gov
JASON ALTABET (Md. Bar No. 2211280012)
Trial Attorney, U.S. Department of Justice
Tel.: (202) 305-0727
Email: Jason.k.altabet2@usdoj.gov

*Attorneys for United States*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| NEETA THAKUR, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | Case No. 25-cv-4737-RFL<br><br>**FEDERAL DEFENDANTS' UNOPPOSED ADMINISTRATIVE MOTION FOR A 7-DAY STAY OF CERTAIN OBLIGATIONS AND DEADLINES IN LIGHT OF LAPSE OF APPROPRIATIONS**<br><br>Judge: Hon. Rita F. Lin |

Pursuant to Civil Local Rule 7-11 and Federal Rule of Civil Procedure 6(b)(1)(A), Defendants hereby move the Court for an order staying certain obligations imposed upon it by the Court's Preliminary Injunction Order dated 9/22/2025, ECF No. 134, and the Court's Minute Order dated 9/30/2025, ECF No. 139, for 7 days, specifically for DoD and NIH to reinstate terminated grants that have not yet been reinstated, and continuing all such deadlines for 7 days.

1. At midnight on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and appropriations to the Department lapsed. The same is true for other Executive agencies, including the federal Defendants. The Department does not know when funding will be restored by Congress.

2. The Anti-Deficiency Act, 31 U.S.C. §1341, as construed by the Attorney General, provides that in the absence of appropriated funds no obligation can be incurred except for the protection of life and property, the orderly suspension of operations, or as otherwise authorized by law. Absent an appropriation, Department of Justice attorneys and employees of the Defendant agencies are prohibited from working, even on a volunteer basis, "except for emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. An officer or employee of the United States who violates 31 U.S.C. § 1341(a) (obligate/expend in excess or advance of appropriation), § 1342 (voluntary services prohibition), or § 1517(a) (obligate/expend in excess of an apportionment or administrative subdivision as specified in an agency's regulations) "***shall*** be subject to appropriate administrative discipline including, when circumstances warrant, suspension from duty without pay or removal from office." 31 U.S.C. §§ 1349(a), 1518 (emphasis added).

3. Undersigned counsel expects to be furloughed for the duration of the lapse in appropriations.

4. In addition, the work of employees from defendant agencies NIH and DoD is also necessary. As noted in Defendants' status report dated 9/29/2025, NIH anticipated that it needs to review 9 remaining non-UC grants to determine UC researcher involvement. ECF No. 138 at 1-2. NIH represents that its grants office staff are furloughed thereby impeding those efforts.

5. As noted in Defendants' status report dated 9/29/2025, DoD is continuing to work to identify and reinstate UC-related grants and subawards by October 10, 2025. *Id*. DoD represents it will continue to work towards compliance, but that a lapse in appropriations will impact DoD's practical ability to meet its October 10, 2025 deadline. The grants are dispersed throughout DoD components, many of which are in the process of establishing which staff will be furloughed due to the lapse in funding. A significant portion of DoD personnel will be furloughed. Should the lapse in funding be

FED. DEFS' STAY MOTION
CASE NO. 25-CV-4737

short, then DoD believes it can likely maintain the October 10 deadline, but if it is longer, then it will become substantially more difficult.

6. Undersigned counsel therefore requests a stay of the Court's Preliminary Injunction Order dated 9/22/2025, ECF No. 134, and the Court's Minute Order dated 9/30/2025, ECF No. 139, insomuch as they require specifically for DoD and NIH to reinstate terminated grants that have not yet been reinstated, for 7 days. And the Government requests a 7-day stay of the present October 10 deadline for an additional status report on compliance. The Government is not seeking to stay the preliminary injunction orders generally.

7. Although this Court has authority to extend or stay these deadlines without a formal motion or notice to opposing counsel, *see* Fed. R. Civ. P. 6(b)(1)(A), undersigned counsel contacted Plaintiff's counsel on October 1, 2025, and requested Plaintiffs' position on a limited stay of certain deadlines in this case. *See* Decl. of Jason Altabet (Altabet Decl.) ¶ 3. Plaintiff's counsel graciously stated that Plaintiffs would not oppose a 7-day stay as set forth above. Altabet Decl. ¶ 3.

8. If this motion for a stay is granted, and the lapse in appropriations continues for more than 7 days, undersigned counsel expects to return to the Court to advise on whether additional time would be needed in consultation with Plaintiffs.

Therefore, although we greatly regret any disruption caused to the Court and the other litigants, the Government hereby moves for a stay of the Court's Preliminary Injunction Order dated 9/22/2025, ECF No. 134, and the Court's Minute Order dated 9/30/2025, ECF No. 139, insomuch as they require specifically for DoD and NIH to reinstate terminated grants that have not yet been reinstated, until Department of Justice attorneys and other personnel of Defendant agencies are permitted to resume their usual functions.

DATED: October 2, 2025                    Respectfully submitted,

                                          BRETT A. SHUMATE
                                          Assistant Attorney General
                                          Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

JOSEPH E. BORSON
Assistant Branch Director

*/s/ Jason Altabet*

JASON ALTABET (Md. Bar No. 2211280012)
Trial Attorney, U.S. Department of Justice
Tel.: (202) 305-0727
Email: jason.k.altabet2@usdoj.gov

KATHRYN BARRAGAN (D.C. Bar No. 90026294)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 598-7696
Email: kathryn.e.barragan@usdoj.gov

*Attorneys for United States*

FED. DEFS' STAY MOTION
CASE NO. 25-CV-4737