BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ERIC J. HAMILTON
Deputy Assistant Attorney General
JOSEPH E. BORSON
Assistant Branch Director
KATHRYN BARRAGAN (D.C. Bar No. 90026294)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 598-7696
Email: kathryn.e.barragan@usdoj.gov
JASON ALTABET (Md. Bar No. 2211280012)
Trial Attorney, U.S. Department of Justice
Tel.: (202) 305-0727
Email: Jason.k.altabet2@usdoj.gov

*Attorneys for United States*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NEETA THAKUR, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | Case No. 25-cv-4737-RFL <br><br> **FEDERAL DEFENDANTS' SECOND UNOPPOSED ADMINISTRATIVE MOTION FOR A STAY OF CERTAIN OBLIGATIONS AND DEADLINES IN LIGHT OF LAPSE OF APPROPRIATIONS** <br><br> Judge: Hon. Rita F. Lin |

Pursuant to Civil Local Rule 7-11 and Federal Rule of Civil Procedure 6(b)(1)(A), Defendants hereby move the Court for an order staying certain obligations imposed upon it by the Court's Preliminary Injunction Order dated 9/22/2025, ECF No. 134, specifically to stay for 7 additional days the National Institutes of Health's ("NIH") obligation to reinstate grants that have not yet been reinstated, and the Court's scheduling order dated 9/9/2025, ECF No. 125, specifically resetting the

FED. DEFS' SECOND STAY MOTION
CASE NO. 25-CV-4737

1

deadline for NIH to produce an administrative record to 21 business days following the end of the lapse in appropriations.  Plaintiffs do not oppose this relief presuming that all deadlines following NIH's production of an administrative record are extended commensurately.

1. At midnight on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and appropriations to the Department lapsed.  The same is true for other Executive agencies, including the federal Defendants.  The Department does not know when funding will be restored by Congress.

2. The Anti-Deficiency Act, 31 U.S.C. §1341, as construed by the Attorney General, provides that in the absence of appropriated funds no obligation can be incurred except for the protection of life and property, the orderly suspension of operations, or as otherwise authorized by law.  Absent an appropriation, Department of Justice attorneys and employees of the Defendant agencies are prohibited from working, even on a volunteer basis, "except for emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.  An officer or employee of the United States who violates 31 U.S.C. § 1341(a) (obligate/expend in excess or advance of appropriation), § 1342 (voluntary services prohibition), or § 1517(a) (obligate/expend in excess of an apportionment or administrative subdivision as specified in an agency's regulations) "***shall*** be subject to appropriate administrative discipline including, when circumstances warrant, suspension from duty without pay or removal from office." 31 U.S.C. §§ 1349(a), 1518 (emphasis added).

3. Undersigned counsel expects to be furloughed for the duration of the lapse in appropriations.

4. In addition, the work of employees from defendant agency NIH is also necessary.  As noted in Defendants' status report dated 9/29/2025, NIH anticipated that it needs to review 9 remaining non-UC grants to determine UC researcher involvement. ECF No. 138 at 1-2.  NIH represents that its grants office staff are furloughed thereby impeding those efforts.

5. The Department of Defense ("DoD") is not seeking an additional stay of its obligations. DoD believes that its exempt staff can fully meet DoD's reinstatement obligations, or come very close to doing so, by October 17. DoD accordingly plans to file a status report with the Court on October 17 per

FED. DEFS' SECOND STAY MOTION
CASE NO. 25-CV-4737

2

the Court's recent order.  ECF No. 141.

6. Undersigned counsel therefore requests a stay of the Court's Preliminary Injunction Order dated 9/22/2025, ECF No. 134, insomuch as it requires specifically for NIH to reinstate terminated grants that have not yet been reinstated, for 7 additional days.  The Government is not seeking to stay the preliminary injunction orders generally.

7. Defendant NIH further requests that the Court reset the deadline for production of its administrative record to 21 business days following the end of the lapse in appropriations—the deadline is currently set for October 24.  If no lapse had occurred, NIH would have had 23 calendar days or 17 business days to produce its administrative record.

8. Good cause supports resetting NIH's deadline.  NIH expects to be under substantial pressure following the end of the lapse to deal with deadlines and work that is accruing as the shutdown continues.  NIH's grant office consists of less than five individuals who will have to work with NIH's Office of General Counsel on preparing the administrative record alongside all the other work that will have to commence after the lapse concludes.  Moreover, NIH had to prepare for the commencement of the lapse before the team was furloughed which further reduced its ability to prepare the administrative record.

9. In light of the foregoing, Plaintiffs are unopposed to NIH's request to reset the deadline for production of its administrative record to 21 business days following the end of the lapse in appropriations so long as all subsequent deadlines are extended commensurately.  Defendants agree that deadlines should be extended in such a manner to avoid prejudice to Plaintiffs and to ensure the orderly continuation of litigation in this matter.  Defendants propose that the Parties file, within 7 days of the end of the lapse in appropriations, a stipulation resetting all additional deadlines in this matter in accordance with the above formula for extension.

10. Although this Court has authority to extend or stay these deadlines without a formal motion or notice to opposing counsel, *see* Fed. R. Civ. P. 6(b)(1)(A), undersigned counsel contacted Plaintiffs' counsel on October 8, 2025, and requested Plaintiffs' position on a limited stay of certain deadlines in this case.  *See* Decl. of Jason Altabet (Altabet Decl.) ¶ 3.  Plaintiffs' counsel graciously

FED. DEFS' SECOND STAY MOTION
CASE NO. 25-CV-4737

stated that Plaintiffs would not oppose an additional 7-day stay as set forth above and the resetting of NIH's deadline to produce an administrative record subject to the extension of deadlines set forth above. Altabet Decl. ¶ 3.

11.   If this motion for a stay is granted, and the lapse in appropriations continues for more than 7 days, undersigned counsel expects to return to the Court to advise on whether additional time would be needed in consultation with Plaintiffs.

Therefore, although we greatly regret any disruption caused to the Court and the other litigants, the Government hereby moves for a stay of the Court's Preliminary Injunction Order dated 9/22/2025, ECF No. 134, and the Court's scheduling order dated 9/9/2025, ECF No. 125, insomuch as they require specifically for NIH to reinstate terminated grants that have not yet been reinstated, until Department of Justice attorneys and other personnel of NIH are permitted to resume their usual functions, and resetting the deadline for NIH to produce its administrative record to 21 business days following the end of the lapse in appropriations, alongside an extension of the subsequent deadlines to match the extension.

DATED: October 9, 2025                          Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

JOSEPH E. BORSON
Assistant Branch Director

*/s/ Jason Altabet*

JASON ALTABET (Md. Bar No. 2211280012)
Trial Attorney, U.S. Department of Justice
Tel.: (202) 305-0727
Email: jason.k.altabet2@usdoj.gov

FED. DEFS' SECOND STAY MOTION
CASE NO. 25-CV-4737

KATHRYN BARRAGAN (D.C. Bar No. 90026294)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 598-7696
Email: kathryn.e.barragan@usdoj.gov

*Attorneys for United States*

FED. DEFS' SECOND STAY MOTION
CASE NO. 25-CV-4737