BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ERIC J. HAMILTON
Deputy Assistant Attorney General
JOSEPH E. BORSON
Assistant Branch Director
KATHRYN BARRAGAN (D.C. Bar No. 90026294)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 598-7696
Email: kathryn.e.barragan@usdoj.gov
JASON ALTABET (Md. Bar No. 2211280012)
Trial Attorney, U.S. Department of Justice
Tel.: (202) 305-0727
Email: Jason.k.altabet2@usdoj.gov

*Attorneys for United States*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NEETA THAKUR, *et al.*, | Case No. 25-cv-4737-RFL |
| Plaintiffs, | **FEDERAL DEFENDANTS' FOURTH UNOPPOSED ADMINISTRATIVE MOTION FOR A STAY OF CERTAIN OBLIGATIONS AND DEADLINES IN LIGHT OF LAPSE OF APPROPRIATIONS** |
| v. | |
| DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, | |
| Defendants. | Judge: Hon. Rita F. Lin |

Pursuant to Civil Local Rule 7-11 and Federal Rule of Civil Procedure 6(b)(1)(A), Defendants hereby move the Court for an order staying certain obligations imposed upon it by the Court's Preliminary Injunction Order dated 9/22/2025, ECF No. 134, specifically to stay for the remainder of the lapse in appropriations the National Institutes of Health's ("NIH") obligation to reinstate grants that have not yet been reinstated.

FED. DEFS' FOURTH STAY MOTION
CASE NO. 25-CV-4737

1

1. At midnight on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and appropriations to the Department lapsed. The same is true for other Executive agencies, including the federal Defendants. The Department does not know when funding will be restored by Congress.

2. The Anti-Deficiency Act, 31 U.S.C. §1341, as construed by the Attorney General, provides that in the absence of appropriated funds no obligation can be incurred except for the protection of life and property, the orderly suspension of operations, or as otherwise authorized by law. Absent an appropriation, Department of Justice attorneys and employees of the Defendant agencies are prohibited from working, even on a volunteer basis, "except for emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. An officer or employee of the United States who violates 31 U.S.C. § 1341(a) (obligate/expend in excess or advance of appropriation), § 1342 (voluntary services prohibition), or § 1517(a) (obligate/expend in excess of an apportionment or administrative subdivision as specified in an agency's regulations) "*shall* be subject to appropriate administrative discipline including, when circumstances warrant, suspension from duty without pay or removal from office." 31 U.S.C. §§ 1349(a), 1518 (emphasis added).

3. Undersigned counsel expects to be furloughed for the duration of the lapse in appropriations.

4. In addition, the work of employees from defendant agency NIH is also necessary. As noted in Defendants' status report dated 9/29/2025, NIH anticipated that it needs to review several remaining non-UC grants to determine UC researcher involvement. ECF No. 138 at 1-2. NIH represents that its grants office staff are furloughed thereby impeding those efforts.

5. Undersigned counsel therefore requests a stay of the Court's Preliminary Injunction Order dated 9/22/2025, ECF No. 134, insomuch as it requires specifically for NIH to reinstate terminated grants that have not yet been reinstated, for the remainder of the lapse in appropriations. The Government is not seeking to stay the preliminary injunction orders generally.

6. Although this Court has authority to extend or stay these deadlines without a formal motion or notice to opposing counsel, *see* Fed. R. Civ. P. 6(b)(1)(A), undersigned counsel contacted

Plaintiffs' counsel on October 23, 2025, and requested Plaintiffs' position.  *See* Decl. of Jason Altabet (Altabet Decl.) ¶ 3.  Plaintiffs' counsel graciously stated that Plaintiffs would not oppose a stay/extension as set forth above on the condition that NIH commit to a no-cost extension covering the period from the suspension/termination actions through the time of the reinstatement for the grants that we are waiting on reinstating.  *Id.*  NIH has agreed to those no-cost extensions, which would eliminate any potential prejudice from a further stay of reinstatement obligations.  *Id.*

7. NIH expects that it can complete, or nearly complete, its reinstatement obligations within two weeks (14 days) of the end of the lapse in appropriations.  NIH therefore respectfully requests that it be permitted to file a status report 14 days following the end of the lapse reporting on its progress in finalizing reinstatement.  The 14-day timeline results from the expected complications from work required at the end of the lapse in appropriations, the start of the new fiscal year, and additional work required by implementing the no-cost extensions agreed to as detailed above.

Therefore, the Government hereby moves for a stay of the Court's Preliminary Injunction Order dated 9/22/2025, ECF No. 134, insomuch as it requires NIH to reinstate terminated grants that have not yet been reinstated, for the remainder of the lapse in appropriations.

DATED: October 27, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

JOSEPH E. BORSON
Assistant Branch Director

*/s/ Jason Altabet*

JASON ALTABET (Md. Bar No. 2211280012)
Trial Attorney, U.S. Department of Justice

FED. DEFS' FOURTH STAY MOTION
CASE NO. 25-CV-4737

Tel.: (202) 305-0727
Email: jason.k.altabet2@usdoj.gov

KATHRYN BARRAGAN (D.C. Bar No. 90026294)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 598-7696
Email: kathryn.e.barragan@usdoj.gov

*Attorneys for United States*

FED. DEFS' FOURTH STAY MOTION
CASE NO. 25-CV-4737

4