UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEETA THAKUR, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, et al.,<br><br>        Defendants. | Case No. 25-cv-04737-RFL<br><br>**ORDER RE CASE SCHEDULE** |

      Plaintiffs have two motions pending before the Court: A motion for leave to file a third amended complaint and a motion for preliminary injunction and provisional class certification as to Defendant Department of Energy. (Dkt. Nos. 154, 156.) After the motions were taken under submission, the Ninth Circuit issued an amended order related to an earlier preliminary injunction grant in this action. *Thakur v. Trump*, No. 25-4249, 2025 WL 3760650 (9th Cir. Dec. 23, 2025) ("Amended Order"). The parties, at the Court's invitation, are currently briefing the effect of the Amended Order on the pending motions, and also intend to brief the merits of Plaintiffs' remaining constitutional claims. (Dkt. Nos. 173, 176, 177.) Based on the parties' proposed schedule, the Court set a supplemental hearing for April 7, 2026. (Dkt. No. 177.) The parties have stipulated to vacate all other case deadlines, including discovery-related deadlines, while they await the Court's ruling on the pending motions and any further appellate rulings. (Dkt. No. 176 at 4.)

      While the Amended Order may have implications for Plaintiffs' pending preliminary injunction and provisional class certification motion, it does not appear that the Amended Order has a material effect on Plaintiffs' request for leave to amend. Although the Amended Order

could conceivably bear on the futility prong under Federal Rule of Civil Procedure 15(a), denial of leave to amend based on futility "is rare," *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003), and would likely not be appropriate here.  Therefore, the parties shall file a joint statement by **January 23, 2026**, stating their position as to whether they believe further supplemental briefing regarding the Amended Order is needed before the Court rules on Plaintiffs' motion for leave to amend.

Furthermore, if leave to amend is granted—and in light of the extended schedule proposed by the parties for the pending preliminary injunction and class certification motion—it may be more efficient to proceed directly to a determination of the entire case on the merits after compiling the administrative record and completing any additional discovery on the constitutional claims.  Instead of supplemental briefing, the parties could file cross-motions for summary judgment.  Though such an approach might require extending the case schedule by a couple of months, it would provide a more prompt and efficient resolution on the merits.  Therefore, in the parties' joint statement, each shall state their position as to this proposal, and provide a proposed schedule for completion of discovery (including the administrative record and discovery related to Department of Energy) and a dispositive motions briefing schedule.

**IT IS SO ORDERED.**

Dated: January 15, 2026

RITA F. LIN
United States District Judge