Erwin Chemerinsky (*pro hac vice*)
echemerinsky@law.berkeley.edu
Claudia Polsky (State Bar No. 185505)
cpolsky@law.berkeley.edu
U.C. BERKELEY SCHOOL OF LAW
Law Building
Berkeley, CA 94720-7200
Telephone: (510) 642-6483

Elizabeth J. Cabraser (State Bar No. 83151)
ecabraser@lchb.com
Richard M. Heimann (State Bar No. 63607)
rheimann@lchb.com
Kevin R. Budner (State Bar No. 287271)
kbudner@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000

Anthony P. Schoenberg (State Bar No. 203714)
tschoenberg@fbm.com
Donald Sobelman (State Bar No. 184028)
dsobelman@fbm.com
Linda S. Gilleran (State Bar No. 307107)
Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

*Attorneys for Plaintiffs and the Proposed Class*
[Additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEETA THAKUR, et al., | Case No. 3:25-cv-04737-RL |
| Plaintiffs, | **JOINT STATEMENT IN RESPONSE TO COURT'S JANUARY 15, 2026 ORDER RE CASE SCHEDULE** |
| vs. | |
| DONALD J. TRUMP, et al., | Judge: The Honorable Rita F. Lin |
| Defendants. | |

In response to the Court's Order re Case Schedule issued on January 15, 2026 (ECF No. 178), Plaintiffs and Defendants ("the Parties") provide the following joint statement.

The Parties do not believe that further supplemental briefing is required regarding the

JOINT STATEMENT IN RESPONSE TO COURT'S
JANUARY 15, 2026 ORDER RE CASE SCHEDULE
- Case No. 3:25-cv-04737-RL

46686\20841267.5

Ninth Circuit's decision in *Thakur v. Trump*, No. 25-4249, 2025 WL 3760650 (9th Cir. Dec. 23, 2025) ("Amended Order") before the Court rules on Plaintiffs' Motion for Leave to Amend (ECF No. 154). The same is true for Plaintiffs' Equal Protection claims against the Department of Energy, and the Parties agree that the Court can rule now on Plaintiffs' fully briefed Motion for Preliminary Injunction and Provisional Class Certification (ECF Nos. 156, 165, 167). As to that claim, Plaintiffs and Defendants both maintain the positions set forth in their briefs.

In contrast, the Parties agree that the Amended Order does affect Plaintiffs' Administrative Procedure Act ("APA") claims, and respectfully request that the Court await the resolution of the appeal on that issue (or at least until resolution of Plaintiffs' request for rehearing at the Ninth Circuit) before taking any further action on those claims. *Thakur v. Trump*, No. 25-4249, ECF No. 74.

As to the remaining constitutional claims—which the Court has not yet ruled on and are not affected by the Amended Order—the Parties accept the Court's proposal to forgo preliminary relief and move straight to dispositive motions on these (along with any other surviving claims).[1] The Parties further agree that approximately four months should be sufficient to complete administrative records and any extra-record discovery on those claims, and that Motions for Summary Judgment can follow approximately a month after the completion of discovery. The Parties disagree, however, on whether there should be an additional round of briefing regarding Plaintiffs' entitlement to extra-record discovery and whether that discovery should start now or await the resolution of the pending appeals.

**Plaintiffs' Position**: Plaintiffs respectfully submit that the Parties can make significant progress on discovery over the coming months, even as they await clarity on the claims under the APA. Perhaps it will make sense to further delay the briefing if there is no movement on the appeal in the coming months, but, in Plaintiffs' view, that is no reason to postpone now—particularly since there will be no preliminary determination on the merits of Plaintiffs' remaining

---

[1] The Parties understand that this decision moots the round of briefing currently set to begin on January 30.

constitutional claims. For those reasons, Plaintiffs propose the schedule below. Finally, Defendants identify no basis for constraining Plaintiffs to the Administrative Record for non-APA, constitutional claims. Plaintiffs' discovery will be targeted, and in the unlikely event the parties are unable to negotiate the scope of discovery, Defendants may move for a protective order. But Defendants' proposal for another layer of threshold briefing is unjustified and inefficient.

| Event | Current Deadline | Plaintiffs' Proposal |
|---|---|---|
| Administrative Record Production and Additional Discovery | N/A | 5/25/2026 |
| Status report re Administrative Record | N/A | 6/1/2026 |
| Cross-Motions for Summary Judgment; Plaintiffs' Class Certification Motion | N/A | 6/26/2026 |
| Oppositions to Cross-Motions for Summary Judgment; Opposition to Motion for Class Certification | N/A | 8/14/2026 |
| Replies in support of Cross-Motions for Summary Judgment; Reply in support of Motion for Class Certification | N/A | 8/28/2026 |
| Hearing on Cross-Motions for Summary Judgment and Motion for Class Certification | N/A | Court's convenience |

**Defendants' Position:** Defendants propose that the Court await finalization of the Ninth Circuit's en banc process before commencing further proceedings so that the Parties have clarity as to what claims will be at issue in the upcoming summary judgment briefing. After that, Defendants propose the following schedule. That schedule includes a period to meet and confer regarding any potential supplementation of the administrative record to provide Plaintiffs with the factual material that they seek outside of extra-record discovery. Defendants believe that the Parties have been working well together to supplement the administrative records upon request,

including providing additional keyword-related information upon Plaintiffs' demand, and believe continued collaboration would be fruitful.

- Administrative record finalization and supplementation
    - 30 days following the Ninth Circuit's order resolving the petition for a rehearing en banc: Defendants produce the remaining administrative records for DOE and HHS.[2] During that time, Plaintiffs may identify for Defendants supplemental materials or information that they would like for the previously produced administrative records.
    - 10 days following Defendants' production of the DOE and HHS records: The Parties submit a joint status report with their proposal and/or positions on supplementing the administrative records with any additional materials. That status report shall include Defendants' estimated time to produce any supplemental materials.
    - 10 days following production: Parties will meet and confer to further review and discuss any remaining materials or information Plaintiffs plan to seek through extra-record discovery and whether Defendants can provide those materials through further supplementation or other agreement.
- Briefing on any extra-record discovery[3]
    - 14 days following the Parties' meet and confer: Defendants file any motion to quash or, if there is no dispute, a status report with the court submitting a proposal for further proceedings.
    - 14 days following any motion to quash: Plaintiffs file any opposition.
    - 7 days following any opposition: Defendants file any reply.

Lastly, Defendants have long maintained the position that summary judgment would be an efficient means of resolving this litigation. Defendants have therefore never sought to file a motion to dismiss and instead jointly agreed to schedules involving production of administrative records, short periods for collaboration and supplementation, followed by summary judgment briefing. Given Plaintiffs' expressed interest in a substantial period of extra-record discovery on various constitutional claims, however, Defendants wish to reserve their right to file a motion to dismiss, which could be briefed on an expeditious timeline, to narrow the remaining claims for discovery and summary judgment briefing.

---

[2] Defendants began producing administrative records for NEH, NSF, EPA, DOD, and DOT in September and have since provided supplemental materials to Plaintiffs.

[3] Defendants maintain all objections to any extra-record discovery and believe that administrative records should be sufficient for any factual issues in this matter.

JOINT STATEMENT IN RESPONSE TO COURT'S JANUARY 15, 2026 ORDER RE CASE SCHEDULE - Case No. 3:25-cv-04737-RL     4     46686\20841267.5

Dated: January 23, 2026

By: /s/ Anthony P. Schoenberg

Anthony P. Schoenberg (State Bar No. 203714)
tschoenberg@fbm.com
Donald Sobelman (State Bar No. 184028)
dsobelman@fbm.com
Linda S. Gilleran (State Bar No. 307107)
lgilleran@fbm.com
Dylan M. Silva (State Bar No. 306363)
dmsilva@fbm.com
Kyle A. McLorg (State Bar No. 332136)
kmclorg@fbm.com
Katherine T. Balkoski (State Bar No. 353366)
kbalkoski@fbm.com
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 954-4400

Erwin Chemerinsky (*pro hac vice*)
echemerinsky@law.berkeley.edu
Claudia Polsky (State Bar No. 185505)
cpolsky@law.berkeley.edu
U.C. BERKELEY SCHOOL OF LAW
Law Building
Berkeley, CA 94720-7200
Telephone: (510) 642-6483

Elizabeth J. Cabraser (State Bar No. 83151)
ecabraser@lchb.com
Richard M. Heimann (State Bar No. 63607)
rheimann@lchb.com
Kevin R. Budner (State Bar No. 287271)
kbudner@lchb.com
Annie M. Wanless (State Bar No. 339635)
awanless@lchb.com
Nabila M. Abdallah (State Bar No. 347764)
nabdallah@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000

*Attorneys for Plaintiffs and the Proposed Class*

Dated: January 23, 2026

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

JOSEPH E. BORSON
Assistant Branch Director

*/s/ Jason Altabet*

JASON ALTABET (Md. Bar No. 2211280012)
Trial Attorney, U.S. Department of Justice
Tel.: (202) 305-0727
Email: jason.k.altabet2@usdoj.gov

KATHRYN BARRAGAN (D.C. Bar No. 90026294)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 598-7696
Email: kathryn.e.barragan@usdoj.gov

*Attorneys for United States*

# FILER'S ATTESTATION

Pursuant to Civil Local Rule 5.1, the undersigned attests that all parties have concurred in the filing of this JOINT STATEMENT IN RESPONSE TO COURT'S JANUARY 15, 2026 ORDER RE CASE SCHEDULE.

Dated: January 23, 2026

By: */s/ Anthony P. Schoenberg*

Anthony P. Schoenberg (State Bar No. 203714)
tschoenberg@fbm.com
Donald Sobelman (State Bar No. 184028)
dsobelman@fbm.com
Linda S. Gilleran (State Bar No. 307107)
lgilleran@fbm.com
Dylan M. Silva (State Bar No. 306363)
dmsilva@fbm.com
Kyle A. McLorg (State Bar No. 332136)
kmclorg@fbm.com
Katherine T. Balkoski (State Bar No. 353366)
kbalkoski@fbm.com
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 954-4400

Erwin Chemerinsky (*pro hac vice*)
echemerinsky@law.berkeley.edu
Claudia Polsky (State Bar No. 185505)
cpolsky@law.berkeley.edu
U.C. BERKELEY SCHOOL OF LAW
Law Building
Berkeley, CA 94720-7200
Telephone: (510) 642-6483

Elizabeth J. Cabraser (State Bar No. 83151)
ecabraser@lchb.com
Richard M. Heimann (State Bar No. 63607)
rheimann@lchb.com
Kevin R. Budner (State Bar No. 287271)
kbudner@lchb.com
Annie M. Wanless (State Bar No. 339635)
awanless@lchb.com
Nabila M. Abdallah (State Bar No. 347764)
nabdallah@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000

*Attorneys for Plaintiffs and the Proposed Class*