UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEETA THAKUR, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DONALD J. TRUMP, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-04737-RFL<br><br>**SCHEDULING AND STAY ORDER**<br><br>Re: Dkt. No. 180 |

  Having reviewed the parties' positions in their joint statement (Dkt. No. 180), the following case schedule is set:

1. Plaintiffs shall file the Third Amended Complaint on the docket by **February 6, 2026**.

2. Administrative Record Production and Additional Discovery shall be completed by **May 8, 2026**.

3. Plaintiffs' Motion for Summary Judgment and Class Certification due by **June 5, 2026**.

4. Defendants' combined brief in support of their Cross-Motion for Summary Judgment and in opposition to Plaintiffs' Motion for Summary Judgment and Class Certification due by **July 2, 2026**.

5. Plaintiffs' combined reply brief in support of their Motion for Summary Judgment and Class Certification and opposition to Defendants' Cross-Motion for Summary Judgment due by **July 31, 2026**.

6. Defendants' reply in support of their Cross-Motion for Summary Judgment due by **August 14, 2026**.

7. A hearing on the Cross-Motions for Summary Judgment and Motion for Class Certification is set for **September 1, 2026 at 10:00 a.m.**

This schedule addresses all claims other than the Plaintiffs' APA claims (Counts V and VI). The Court recognizes that the parties submitted their joint statement without the benefit of the Court's order denying preliminary injunctive relief as to the equal protection claim. If the parties believe that the equal protection claim should be addressed on a more expedited timeline, they may provide a proposal after meeting and conferring on the issue.

Counts V and VI are **STAYED** pending the resolution of Plaintiffs' motion for reconsideration or *en banc* review to the Ninth Circuit. Within **7 days** of resolution of that motion, the parties shall file a joint statement indicating whether they believe the Court should continue to stay the litigation as to those claims.

With respect to Counts I–IV, the administrative record requirement does not govern the availability of discovery. *See Nat'l TPS All. v. Noem*, No. 25-cv-05687-TLT, 2025 WL 2419266, at *2 (N.D. Cal. Aug. 21, 2025) (collecting cases and finding that "courts in this Circuit typically permit discovery on constitutional claims where they diverge in some meaningful way from the APA claims"). Any request for discovery beyond the limits imposed by the Federal Rules of Civil Procedure, and to which the parties have not agreed, may be addressed through the joint discovery letter process detailed in this Court's civil standing order.

**IT IS SO ORDERED.**

Dated: January 30, 2026

RITA F. LIN
United States District Judge