BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ERIC J. HAMILTON
Deputy Assistant Attorney General
JOSEPH E. BORSON
Assistant Branch Director
KATHRYN BARRAGAN (D.C. Bar No. 90026294)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 598-7696
Email: kathryn.e.barragan@usdoj.gov
JASON ALTABET (Md. Bar No. 2211280012)
Trial Attorney, U.S. Department of Justice
Tel.: (202) 305-0727
Email: Jason.k.altabet2@usdoj.gov

*Attorneys for United States*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| NEETA THAKUR, *et al.,* ) | Case No. 25-cv-4737-RFL |
| ) | |
| Plaintiffs, ) | **FEDERAL DEFENDANTS' OPPOSITION TO** |
| ) | **PLAINTIFFS' ADMINISTRATIVE MOTION TO** |
| v. ) | **CONSIDER WHETHER CASES SHOULD BE** |
| ) | **RELATED** |
| DONALD J. TRUMP, in his official capacity as ) | |
| President of the United States, *et al.,* ) | Judge:  Hon. Rita F. Lin |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

Pursuant to Local Rule 7-11(b), Defendants respectfully oppose the Administrative Motion to Consider Whether Cases Should be Related (ECF No. 188), which seeks to relate *California, et al. v. Wright, et al.*, No. 3:26-cv-01417-RS ("Multistate Action") to *Thakur, et al. v. Trump, et al.*, No. 3:25-cv-4737-RFL.  Pursuant to the Local Rules, cases in this District are related if "[t]he actions concern

FED. DEFS' OPPOSITION TO ADMINISTRATIVE MOTION
CASE NO. 25-CV-4737

substantially the same parties, property, transaction, or event; and [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." L. R. 3-12. Because these cases do not meet either of these criteria, the Court should deny Plaintiffs' request.

*First*, the cases do not involve "substantially the same parties, property, transaction, or event." L.R. 3-12(a). While the Multistate Action is brought against only two defendant agencies, the Department of Energy ("DOE") and the Office of Management and Budget ("OMB"), (Multistate Action Compl. (3:26-cv-01417-RS, ECF 1) ¶¶ 30–33), *Thakur* names 18 different agencies as defendants (Thakur Compl. (ECF No. 184) ¶¶ 38–72). And there is no overlap among the 11 plaintiffs in *Thakur* and the 13 Plaintiffs in the Multistate Action. *See* Multistate Action Compl. ¶¶ 17–29; Thakur Compl. ¶¶ 25–37. Further, the cases are brought by different types of entities: *Thakur* is a putative class action brought by academic researchers at the University of California, whereas the Multistate Action is brought by states across the country.

In addition, the cases concern different transactions and events. The Multistate Action is narrowly focused on DOE policy and contract terminations thereto. In particular, the allegations in the Multistate Action principally concern events surrounding the promulgation and implementation of the policy memorandum DOE issued on May 15, 2025. *See* Multistate Action Compl. ¶ 59. The Thakur Complaint makes only one mention of this memorandum. *See* Thakur Compl. ¶ 609. Further, because the *Thakur* case covers 17 additional agencies, transactions and events involving those agencies and the *Thakur* plaintiffs do not overlap with the allegations against DOE in the Multistate Action. By the same token, while movants have identified one contract at issue in both cases (the ARCHES contract), the Multistate Action concerns terminations in many other states across the country.

The overlap of one defendant agency and one contract is insufficient to establish that the cases involve "substantially the same parties, property, transactions, or event." L.R. 3-12.

FED. DEFS' OPPOSITION TO ADMINISTRATIVE MOTION
CASE NO. 25-CV-4737

*Second*, there will not be any undue burden if the cases are heard by different judges.  Because the cases involve different parties, transactions, and events, little to no efficiency would be gained by having the cases heard before the same judge.  While both cases bring APA and constitutional claims, the claims in the Multistate Action are focused on challenging the DOE's actions and, in particular, DOE's promulgation and implementation of its May 15, 2025 memorandum.  *See, e.g.*, Multistate Action Compl. ¶ 217 ("The Administration's policy of implementing the DOE Memo…"); *id.* at ¶ 220 ("Defendants' adoption of the DOE Memo"); *id.* at 225 ("Defendants' adoption of the DOE Memo"); *id.* at 240 ("Defendants acted without lawful authority in adopting the DOE Memo").  As explained above, this memorandum is central to Plaintiffs' allegations, and is mentioned just once in the Thakur Complaint.  In addition to focusing on different factual allegations, the legal claims in each case are also substantively different.  For example, the Multistate Action brings a host of procedural claims absent from the Thakur Complaint, including alleging that DOE was required to go through notice and comment rulemaking pursuant to 5 U.S.C. 553 prior to issuing the memorandum.  Multistate Action Compl. ¶ 236.

The only contract termination at issue in both cases—the ARCHES contract—does not risk conflicting results if heard before both judges.  If two different judges were to reach different conclusions, and the termination was vacated in one case and not the other, then DOE would comply with the order (and could also seek relief from the order via, *e.g.*, a motion for reconsideration or a stay pending appeal).  It is commonplace for the same agency action to be challenged in multiple cases simultaneously.  And here, there is no risk of imposing competing obligations on DOE with respect to the ARCHES contract.

Finally, the cases are in quite different procedural postures.  *Thakur* was filed approximately nine months ago, and the parties are presently in the midst of discovery.  The Multistate Action has just been filed.  Accordingly, there would be few, if any, procedural efficiencies in relating the cases.

For the foregoing reasons, the Court should deny Plaintiffs' request to relate the Multistate Action to *Thakur*.

DATED: March 9, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

JOSEPH E. BORSON
Assistant Branch Director

*/s/ Kathryn Barragan*

KATHRYN BARRAGAN (D.C. Bar No. 90026294)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 598-7696
Email: kathryn.e.barragan@usdoj.gov

JASON ALTABET (Md. Bar No. 2211280012)
Trial Attorney, U.S. Department of Justice
Tel.: (202) 305-0727
Email: jason.k.altabet2@usdoj.gov

*Attorneys for United States*

FED. DEFS' OPPOSITION TO ADMINISTRATIVE MOTION
CASE NO. 25-CV-4737