# EXHIBIT B

7/5/26, 10:45 AM
Case 3:25-cv-04737-RFL   Document 21-2   Filed 07/15/26   Page 2 of 19
AOL Cloud Mail - Re: Confirmation re: DOE grant terminations

## Re: Confirmation re: DOE grant terminations

From: Iryna Z (energia13@gmail.com)

To: polskymermin@sbcglobal.net

Date: Sunday, July 5, 2026 at 10:40 AM PDT

"YES, I confirm that the below summary is accurate and true."

> On Sun, Jul 5, 2026 at 10:39 AM Claudia Polsky <polskymermin@sbcglobal.net> wrote:
>
>> Dr Zenyuk:
>>
>> Thanks for taking the time to discuss your DOE grant terminations with me. I am deeply sorry for the impact of these four near-simultaneous terminations on you, your collaborators, and your research productivity.
>>
>> We want to present accurate information to the Court about the number and roles of research team members, and the impacts of the terminations on specific grant-funded individuals. Accordingly, please carefully review my summary of the salient parts of our conversation below. Where statements are correct, a simple "Yes" reply will suffice. If any statements are incorrect or incomplete, please correct or explain. In this way, we can present important information to the Court without the need for you to assume the burdens and responsibilities of participation as a named plaintiff.
>>
>> Many thanks.
>>
>> Best,
>>
>> Claudia
>> ----------------------------------------------
>>
>> **Kindly confirm or correct each statement:**
>>
>> A. The attached letters forwarded to you by prime grantees, each dated in early October 2025, announced DOE termination of the following grants:
>>
>> * EE0011345, IONOMR Innovations
>> * EE0011326, Proton Energy Systems (sub-award letter also included)
>> * EE0011315, ACS Industries
>> * EE0011353, AvCarb, LLC
>>
>>
>> B. DOE's termination of these grants and the corresponding sub-awards to UC adversely impacted **10 UC scientific researchers** other than yourself as PI, as follows:
>>
>> **1. IONOMR INNOVATIONS**

The aim of this DOE-funded project was to develop PFAS-free materials at scale to be integrated in proton exchange membrane fuel cells (PEMFCs). UC Irvine's role was to characterize and use advanced techniques to ensure that the integration of materials is successful, and that the PEMFCs operate at a level comparable to conventional materials.

**Dr. Florian Chabot**, a postdoctoral fellow supported by this project, had to leave his position at UC Irvine in the wake of the DOE grant termination, and moved back to France. This cut his postdoctoral position short, and made him lose the opportunity to gather more x-ray data for contemplated joint publications. The research team (and the UC system and nation) also lost talent, as he departed the country.

**Dr. Yu Morimoto**, a Senior Researcher with 40 years of experience in PEMFCs and electrochemical systems, was critical personnel in the group. He supervised students and provided key technical insight on many project components. His position was reduced to a single day per week due to funding constraints induced by DOE's grant termination, and now he works fully remotely from Japan. Thus, all of our graduate students on the team lost the opportunity to work closely with someone so experienced.

**Robert Anton** and **Mateusz Wojtaszek** (both PhD students) had to pivot their PhD topics as a result of DOE's grant termination.

-> Robert was a 4th year at the time of the termination and needed to move towards closure on his dissertation, so his timeline on this project terminated prematurely. As a result, one of his PhD chapters is not as complete as it should and would have been. He also lost the opportunity to finish some of the most important experiments, which could have resulted in high- impact publications. These would not only have benefitted his reputation, but would have taught the field how to properly integrate non-PFAS membranes into fuel cells.

-> Mateusz was a 2nd year student, so he had to abruptly change his PhD topic and extend his timeline to dissertation defense. He came to UC Irvine with the specific intent to increase his knowledge of rheology (the branch of materials science that studies the flow and deformation of matter), but now must work on an industry-funded project that is completely different, compromising his plan of academic study.

## 2. PROTON ENERGY SYSTEMS

The UC sub-award on this DOE grant-funded project was to develop alkaline exchange membrane (AEM) water electrolyzers with novel materials for long-duration operation. Proton Energy Systems (recently renamed "NEL Hydrogen") was the prime grantee. The sub-award to UC funded time from and supported research effort by three researchers: **Patrick Yang** (PhD student), **Jack Lang** (PhD student), and you as PI. The project was halted for months due to DOE's grant termination. As a result:

**Patrick Yang**'s time had to be distributed among four different small industrial projects that diffused his effort and made his contributions less impactful. He also does not yet have a first-authored publication. Because there is an informal requirement to have three of these for PhD completion, this has delayed his PhD timeframe by 1-2 years.

**Jack Lang** was required to find another funding source and move to Lawrence Berkeley National Lab as a Doctoral Fellow in an entirely different capacity. He lost his desired opportunity to continue collaboration with our industrial partner (Proton).

Importantly: As a result of the June 2026 stipulated judgment in *American International Chemical Engineers, et al. v. Wright*, case 1:26-cv-01063 (attached), the PROTON/NEL Hydrogen grant and our sub-award have recently been reinstated. Now, Patrick can go back to his original thesis topic and we can try to shorten his PhD completion: with the right focus, he can produce a first-authored paper.

3. **ACS INDUSTRIES, INC**.

This project was to develop U.S.-based manufacturing of expanded meshes as components for proton exchange membrane water electrolyzers (PEMWEs). UC Irvine's role was to provide computational design of meshes for ideal geometry.

**Nausir Firas**, a PhD student, was working on this project with you, and was financially supported by this award. Nausir is a 4th year PhD student whose work is mostly computational. In year 2, the ACS research team had to provide the UC Irvine team with certain experimental results to validate Nausir's models. The grant termination prevented this. Because Nausir's models are not currently validated with experiments, his work has significantly diminished influence, as the field will question its validity. Nasir's thesis will thus be less impactful, and he will be in a less favorable position for a job search.

4. **AVCARB, LLC**

This project aims to develop porous carbon components for proton exchange membrane fuel cells (PEMFCs). UC Irvine's role was to characterize and test novel materials from Avcarb.

The UC sub-grant was for research by **Bilal Iskandarani**, a Postdoctoral Fellow, and by PhD students **Magnolia Pak** and **Nergis Mahajar**, all working under your supervision as PI.

**Dr. Iskandarani** has a PhD in chemistry and significant background in synthetic synthesis. In the wake of DOE's grant termination, he had to be laid off, preventing him from publishing work he was doing under this project. He instead had to refocus on searching for jobs. He is currently still unemployed, and without a first-author publication from the postdoctoral fellowship, his job prospects are dim. At the same time, the research team lost a member with strong grounding in synthetic synthesis and specific expertise in electrospinning, a skill relevant to this project. Were the grant to be reinstated, Dr. Iskandarani could be reemployed and resume his fellowship.

**Dr. Magnolia Pak** was rushed to defend her PhD thesis in the wake of the grant termination due to loss of financial support. She had to take 3 unpaid months to complete her publications (which would normally be taking place under the research assistantship) even as she was compelled to conduct a hurried job search. She now works for a start-up company on matters unrelated to her PhD topic. She lost the opportunity to search for jobs she is truly passionate about, and thus the grant termination impacted her placement in the private sector.

**Nergis Mahajar** is a 2nd year PhD student. Her dissertation topic had to be completely changed in light of the termination of UC sub-award on this DOE grant. As a result, she

Atlassian Mail - RE: 2. confirmation re DOE grant terminations

lost a year of her PhD work: the 1st year work will not be counted as part of her thesis, and her PhD will be prolonged by one or two years. She also has no publications, which impacts her competitiveness for national fellowships. The DOE grant termination will thus have long-term adverse implications on her career.

UNITED STATES DEPARTMENT OF ENERGY

10/02/2025

George Haberlin

IONOMR INNOVATIONS INC

500 RUTHERFORD AVE, 102, CHARLESTOWN, MA 14623

Ref: Termination of Financial Assistance Award EE0011345

George Haberlin:

The United States Department of Energy (Department) is issuing this letter to inform you that financial assistance award EE0011345, for a project entitled BIL - Advanced hydrocarbon proton exchange ionomer and membrane scale-up and electrode optimization for heavy duty fuel cells, is hereby terminated in its entirety.

Pursuant to the Department's policy memorandum dated May 14, 2025, entitled Ensuring Responsibility for Financial Assistance, it is the Department's policy to ensure that the award recipients and the individual projects are, among other things, financially sound and economically viable, aligned with national and economic security interests, and consistent with both Federal law and this Administration's goals, policies and priorities.

This project does not effectuate the Department of Energy's priorities of ensuring affordable, reliable, and abundant energy to meet growing demand and/or addresses the national emergency declared pursuant to Executive Order 14156.

The Department has reviewed your financial assistance agreement in accordance with this policy and determined that this project is not consistent with this Administration's goals, policies and priorities.

More specifically, the Department has determined:

This project does not effectuate the Department of Energy's priorities of ensuring affordable, reliable, and abundant energy to meet growing demand and/or addresses the national emergency declared pursuant to Executive Order 14156.

As a result, EE0011345 is hereby terminated in its entirety pursuant to 2 CFR 200.340, which states that an award may be terminated:

"By the Federal awarding agency or pass-through entity, to the greatest extent authorized by law, if an award no longer effectuates the program goals or agency priorities."

The effective date of termination for this Award is 10/02/2025. In accordance with 2 CFR 200.344, your organization must:

- Submit all final financial, performance, and property reports within 120 calendar days of the termination effective date.

- Return any unobligated balance of funds as determined by the Grants Officer.

- Cooperate fully in the closeout process, including any audit or review conducted by the Department or its designee.

Pursuant to 2 CFR 200.472, make every reasonable effort to immediately discontinue project costs after the effective termination date. Only those costs that were incurred on or before the effective date of termination will be considered for reimbursement by the Grants Officer, provided such costs are also deemed allowable, allocable, and reasonable in accordance with the award terms and applicable federal regulations.

Within 30 days of the date of this letter, provide 1) a summary of technical progress under the award including the Statement of Project Objectives tasks/subtasks of the work performed and 2) an itemized accounting of the final project costs incurred prior to the termination date. The summary and itemized accounting should be provided for all sub-recipient(s), as applicable.

The Department will follow up with additional instructions regarding final reports and other closeout requirements and will continue to work with you on the completion of any activities required by this letter. Administrative costs associated with the closeout of this award shall be liquidated no later than 120 calendar days from the effective date of the termination. Please refer to 2 CFR 200.472 for allowable termination and closeout costs.

Pursuant to 2 CFR 200.342, you may object to this termination and provide information and documentation challenging the termination action in accordance with 2 CFR 910.128. Finally, you are reminded of your duties under your award agreement and Department guidance regarding retention of award and project records.

Thank you,

*Derek G. Passarelli*

Derek G. Passarelli
Head of Contracting Activity
Golden Field Office
Office of Energy Efficiency &
Renewable Energy
U.S. Department of Energy


Derek G. Passarelli

Head of Contracting

Office of Energy Efficiency and Renewable Energy

derek.passarelli@hq.doe.gov

1000 Independence Ave., SW
Washington, DC 20585

UNITED STATES DEPARTMENT OF ENERGY

10/02/2025

Kenneth Kelly

PROTON ENERGY SYSTEMS INC

10 TECHNOLOGY DRIVE, WALLINGFORD, CT 064921955

Ref: Termination of Financial Assistance Award EE0011326

Kenneth Kelly:

The United States Department of Energy (Department) is issuing this letter to inform you that financial assistance award EE0011326, for a project entitled BIL-Low-Cost, Clean AEM Electrolysis through Transport Property Understanding, Manufacturing Scale-up, and Optimization of Electrodes and Their Interfaces, is hereby terminated in its entirety.

Pursuant to the Department's policy memorandum dated May 14, 2025, entitled Ensuring Responsibility for Financial Assistance, it is the Department's policy to ensure that the award recipients and the individual projects are, among other things, financially sound and economically viable, aligned with national and economic security interests, and consistent with both Federal law and this Administration's goals, policies and priorities.

This project does not effectuate the Department of Energy's priorities of ensuring affordable, reliable, and abundant energy to meet growing demand and/or addresses the national emergency declared pursuant to Executive Order 14156.

The Department has reviewed your financial assistance agreement in accordance with this policy and determined that this project is not consistent with this Administration's goals, policies and priorities.

More specifically, the Department has determined:

This project does not effectuate the Department of Energy's priorities of ensuring affordable, reliable, and abundant energy to meet growing demand and/or addresses the national emergency declared pursuant to Executive Order 14156.

As a result, EE0011326 is hereby terminated in its entirety pursuant to 2 CFR 200.340, which states that an award may be terminated:

"By the Federal awarding agency or pass-through entity, to the greatest extent authorized by law, if an award no longer effectuates the program goals or agency priorities."

The effective date of termination for this Award is 10/02/2025. In accordance with 2 CFR 200.344, your organization must:

- Submit all final financial, performance, and property reports within 120 calendar days of the termination effective date.
- Return any unobligated balance of funds as determined by the Grants Officer.
- Cooperate fully in the closeout process, including any audit or review conducted by the Department or its designee.

Pursuant to 2 CFR 200.472, make every reasonable effort to immediately discontinue project costs after the effective termination date. Only those costs that were incurred on or before the effective date of termination will be considered for reimbursement by the Grants Officer, provided such costs are also deemed allowable, allocable, and reasonable in accordance with the award terms and applicable federal regulations.

Within 30 days of the date of this letter, provide 1) a summary of technical progress under the award including the Statement of Project Objectives tasks/subtasks of the work performed and 2) an itemized accounting of the final project costs incurred prior to the termination date. The summary and itemized accounting should be provided for all sub-recipient(s), as applicable.

The Department will follow up with additional instructions regarding final reports and other closeout requirements and will continue to work with you on the completion of any activities required by this letter. Administrative costs associated with the closeout of this award shall be liquidated no later than 120 calendar days from the effective date of the termination. Please refer to 2 CFR 200.472 for allowable termination and closeout costs.

Pursuant to 2 CFR 200.342, you may object to this termination and provide information and documentation challenging the termination action in accordance with 2 CFR 910.128. Finally, you are reminded of your duties under your award agreement and Department guidance regarding retention of award and project records.

Thank you,

*Derek G. Passarelli*

Derek G. Passarelli
Head of Contracting Activity
Golden Field Office
Office of Energy Efficiency &
Renewable Energy
U.S. Department of Energy


Derek G. Passarelli

Head of Contracting

Office of Energy Efficiency and Renewable Energy

derek.passarelli@hq.doe.gov

1000 Independence Ave., SW
Washington, DC 20585



October 9, 2025

VIA EMAIL

The Regents of the University of California, on behalf of its Irvine campus
Attn: Christopher Avalos
Industry Contract Officer
5270 California Avenue
Irvine, CA 92697-7700
Email: avalosec@uci.edu

cc: Iryna Zenyuk
Associate Professor, Director, National Fuel Cell Research Center
Email: iryna.zenyuk@uci.edu

**Proton Energy Systems, Inc.
d/b/a Nel Hydrogen US**

10 Technology Drive
Wallingford, CT 06492
USA

T   +1.203.678.2000
F   +1.203.949.8016
E   info@nelhydrogen.com
W   www.nelhydrogen.com

Re: Termination of Subrecipient Agreement No. EC-0011326-03 with The Regents of the University of California, Irvine under DOE Award No. DE-EE0011326

Dear Subrecipient,

We are writing regarding the Subrecipient Agreement ("Agreement") by and between Proton Energy Systems, Inc. d/b/a Nel Hydrogen US ("Nel") and The Regents of the University of California, on behalf of its Irvine campus ("UCI") under the above referenced U.S. Department of Energy Federal Award.

On October 9, 2025, Nel received notification from the U.S. Department of Energy that Federal Award No. DE-EE0011326, under which UCI is a subrecipient, has been terminated effective October 2, 2025, with the Period of Performance and Budget Period ending August 31, 2025.

Accordingly, pursuant to Article 19 (Termination) of the Subrecipient Agreement, Nel hereby provides formal notice that, effective immediately, Nel is terminating UCI's Subrecipient Agreement due to the termination of the related DOE award.

Effective immediately, all activities and expenditures under the Agreement must cease. Please ensure that no further costs are incurred or charged to this Subrecipient Agreement. Pursuant to Article 19 (Closeout) and 2 CFR 200.344, UCI is required to complete all closeout activities, including submission of final invoices, deliverables, and disposition of confidential information or materials provided under the Agreement.

We appreciate your cooperation and thank you for your collaboration and contributions throughout the duration of this project.

Sincerely,

Signed by:

*Tushar Ghuwalewala*

8E7A4C0288FE477...

Tushar Ghuwalewala
Secretary
Nel Hydrogen
10 Technology Drive
Wallingford, CT 06492
United States
Office: +1 203-678-2146
Fax: +1 203-949-8016
Email: tghuwalewala@nelhydrogen.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMERICAN INSTITUTE OF CHEMICAL
ENGINEERS, *et al.*,

           *Plaintiffs*,

   v.

CHRISTOPHER WRIGHT, in his official
capacity as Secretary of Energy, *et al.*,

           *Defendants*.

Case No. 26-cv-1063 APM

## STIPULATED JUDGMENT

The parties stipulate as follows:

1. In *City of Saint Paul v. Wright*, No. 25-cv-3899 (D.D.C.), a group of prime awardees, subawardees, and beneficiaries of grants from the U.S. Department of Energy (DOE) challenged the termination of their awards under the Fifth Amendment's equal protection guarantee and the First Amendment. The plaintiffs alleged that DOE terminated the relevant awards because the prime grantees were located in States that voted for Vice President Harris in the 2024 election and currently have elected two Senators who caucus with the Democratic party ("Blue States"). The plaintiffs moved for a preliminary injunction and consolidation under Federal Rule of Civil Procedure 65(a)(2).

2. After conferral between the *Saint Paul* plaintiffs and the government, and several hearings with the court, the parties agreed to enter into a stipulation in lieu of further discovery or a trial. *See* Stipulation, *Saint Paul*, No. 25-cv-3899 (D.D.C. Dec. 23, 2025), Dkt. 27. Under the stipulation, the government agreed that, with respect to the seven awards at issue in the litigation, the government would not contest that (i) the awards were comparable to retained

awards to prime awardees not in Blue States and (ii) "[a] primary reason for the selection of which DOE grant termination decisions were included in the October 2025 notice tranche was whether the grantee was located in a 'Blue State.'" *Id.* The government also represented to the court that "it would be legally sufficient for equal protection purposes," and specifically for purposes of rational basis review, "to find that a primary reason for the termination decisions at issue is because of location in blue states," if the court determined that primary reason was not rationally related to a legitimate government interest. *City of Saint Paul v. Wright*, 2026 WL 88193, at *5 (D.D.C. Jan. 12, 2026) (alterations omitted) (quoting 12/18 Status Conf. Tr. in *Saint Paul*, Dkt. No. 23, at 8:13–17, 7:11–24, 25:24–25); *see also* 12/17 Status Conf. Tr. in *Saint Paul*, Dkt. No. 21, at 14:9–15:4; 12/22 Status Conf. Tr. in *Saint Paul*, Dkt. No. 25, at 13:23–14:1.

3.     On January 12, 2026, with the parties having stipulated to consolidation of the preliminary injunction motion with trial on the merits under Rule 65(a), this Court ruled in favor of the *Saint Paul* plaintiffs on their Fifth Amendment equal protection claim and vacated the October termination notices as to the seven awards at issue in the case. *City of Saint Paul, Minnesota v. Wright*, No. 25-CV-03899 (APM), 2026 WL 88193, at *1 (D.D.C. Jan. 12, 2026).

4.     Plaintiffs in the present case are seven DOE awardees who, like the *Saint Paul* plaintiffs, are located in a Blue State and had one or more DOE awards terminated in the same October 2025 set of DOE terminations that were at issue in *Saint Paul*.

5.     Given that this case presents parallel legal and factual issues as *Saint Paul*, the parties have conferred and agree that it is in the interest of justice and judicial economy for the parties to enter into the same stipulations as in *Saint Paul*. Specifically, solely for the purposes of

2

the present litigation and for no other purpose, with respect to the eleven financial awards[1] at issue in this litigation, Defendants stipulate not to contest the following factual assertions:

    a.  The eleven terminated awards, all of which have prime awardees in States that tend to elect and/or have recently elected Democratic candidates in state and national elections (so-called "Blue States"), are comparable to certain other U.S. Department of Energy ("DOE") awards that (a) are to prime awardees not in Blue States, and (b) did not receive letters terminating their awards in October 2025. *See* Stipulation ¶ 1, *Saint Paul*, No. 25-cv-3899 (D.D.C. Dec. 23, 2025), Dkt. 27.

    b.  A primary reason for the selection of which DOE grant termination decisions were included in the October 2025 notice tranche was whether the grantee was located in a "Blue State." *See* Stipulation ¶ 2, *Saint Paul*, No. 25-cv-3899 (D.D.C. Dec. 23, 2025), Dkt. 27.

6.    Solely for purposes of this case, Defendants also agree to maintain the representation made by the government in *Saint Paul* that "it would be legally sufficient for equal protection purposes to find that a primary reason for the termination decisions at issue is because of location in blue states." *City of Saint Paul v. Wright*, 2026 WL 88193, at *5 (D.D.C. Jan. 12, 2026) (alterations and quotations omitted).

7.    The parties further agree that, if the Court were to apply its reasoning in *Saint Paul* to this case, the Court would vacate the termination notices for the eleven awards at issue in this case. Accordingly, if the Court so-orders this proposed stipulated judgment, the termination notices for the eleven awards will be vacated.

---

[1]  Award Nos. EE0011338, EE0010947, EE0010949, EE0011557, EE0010623, EE0010901, EE0011558, EE0011559, EE0011560, EE0011326, and EE0011010.

3

8.      Plaintiffs have agreed to forgo seeking attorneys' fees and costs if this stipulated resolution of the case is entered. Accordingly, the parties agree that if the Court so-orders this proposed stipulated judgment, entry of final judgment would be appropriate.

9.      Nothing in this stipulation shall prevent Defendants from appealing a judgment in Plaintiffs' favor in this case or in *Saint Paul*.

Dated: June 10, 2026                    Respectfully submitted,


                                        */s/ John Robinson*
                                        Daniel F. Jacobson (D.C. Bar 1016621)
                                        Stephen K. Wirth (D.C. Bar 1034038)
                                        John Robinson (D.C. Bar 1044072)
                                        JACOBSON LAWYERS GROUP PLLC
                                        5100 Wisconsin Ave. NW, Suite 301
                                        Washington, DC 20016
                                        Tel: (301) 823-1148
                                        dan@jacobsonlawyersgroup.com

                                        *Counsel for Plaintiffs*

                                        JEANINE FERRIS PIRRO
                                        United States Attorney

                                        */s/ Allison I. Brown*
                                        ALLISON I. BROWN
                                        Assistant United States Attorney
                                        601 D Street, NW
                                        Washington, DC 20530
                                        (202) 252-7822
                                        allison.brown2@usdoj.gov

                                        *Attorneys for the United States of America*


**SO ORDERED:**

The Court enters judgment in favor of Plaintiffs. The October termination notices for Award Nos. EE0011338, EE0010947, EE0010949, EE0011557, EE0010623, EE0010901,

EE0011558, EE0011559, EE0011560, EE0011326, and EE0011010 are hereby vacated. This is a final, appealable judgment.

|  | /s/ Amit P. Mehta |
|---|---|
| Date: June 11, 2026 | Amit Mehta<br>U.S. District Judge |



**Department of Energy**
Golden Field Office
15013 Denver West Parkway
Golden, Colorado 80401

October 9, 2025

Jeffrey Buckler
ACS Industries Inc.
1 New England Way
Lincoln, RI 02865-4284

Ref: Termination of Financial Assistance Award EE0011315

Jeffrey Buckler:

This letter will serve as formal confirmation of the notice you received via email on October 2, 2025. The date of this letter will serve as the date of termination.

The United States Department of Energy (Department) is issuing this letter to inform you that financial assistance award EE0011315, for a project entitled BIL - High-Throughput Anode Packs with Advanced Porous Transport Layers, is hereby terminated in its entirety.

Pursuant to the Department's policy memorandum dated May 14, 2025, entitled Ensuring Responsibility for Financial Assistance, it is the Department's policy to ensure that the award recipients and the individual projects are, among other things, financially sound and economically viable, aligned with national and economic security interests, and consistent with both Federal law and this Administration's goals, policies and priorities.

The Department has reviewed your financial assistance agreement in accordance with this policy and determined that this project is not consistent with this Administration's goals, policies and priorities. More specifically, the Department has determined:

- This project does not effectuate the Department of Energy's priorities of ensuring affordable, reliable, and abundant energy to meet growing demand and/or addresses the national emergency declared pursuant to Executive Order 14156.

As a result, this Award is hereby terminated in its entirety pursuant to 2 CFR 200.340, which states that an award may be terminated:

> By the Federal awarding agency or pass-through entity, to the greatest extent authorized by law, if an award no longer effectuates the program goals or agency priorities.

The effective date of termination for this Award is October 9, 2025. In accordance with 2 CFR 200.344, your organization must:

- Submit all final financial, performance, and property reports within 120 calendar days of the termination effective date.
- Return any unobligated balance of funds as determined by the Grants Officer.

- Cooperate fully in the closeout process, including any audit or review conducted by the Department or its designee.

Pursuant to 2 CFR 200.472, make every reasonable effort to immediately discontinue project costs after the effective termination date. Only those costs that were incurred on or before the effective date of termination will be considered for reimbursement by the Grants Officer, provided such costs are also deemed allowable, allocable, and reasonable in accordance with the award terms and applicable federal regulations.

Within 30 days of the date of this letter, provide 1) a summary of technical progress under the award including the Statement of Project Objectives tasks/subtasks of the work performed and 2) an itemized accounting of the final project costs incurred prior to the termination date. The summary and itemized accounting should be provided for all sub-recipient(s), as applicable.

The Department will follow up with additional instructions regarding final reports and other closeout requirements and will continue to work with you on the completion of any activities required by this letter. Administrative costs associated with the closeout of this award shall be liquidated no later than 120 calendar days from the effective date of the termination. Please refer to 2 CFR 200.472 for allowable termination and closeout costs.

Pursuant to 2 CFR 200.342, you may object to this termination and provide information and documentation challenging the termination action in accordance with 2 CFR 910.128. Finally, you are reminded of your duties under your award agreement and Department guidance regarding retention of award and project records.

Sincerely,

Derek G. Passarelli
Head of Contracting Activity
Golden Field Office
Office of Energy Efficiency & Renewable Energy
U.S. Department of Energy





# Department of Energy
Golden Field Office
15013 Denver West Parkway
Golden, Colorado 80401

October 9, 2025

Valerie White
Avcarb, LLC
2 Industrial Ave,
Lowell, MA 01851-5107

Ref: Termination of Financial Assistance Award E0011353

Valerie White:

This letter will serve as formal confirmation of the notice you received via email on October 2, 2025. The date of this letter will serve as the date of termination.

The United States Department of Energy (Department) is issuing this letter to inform you that financial assistance award EE000011353, for a project entitled BIL - Establishment of a Vertically Integrated Domestic Manufacturing Process for Production of Substrates Needed for Manufacture of Gas Diffusion Layers, is hereby terminated in its entirety.

Pursuant to the Department's policy memorandum dated May 14, 2025, entitled Ensuring Responsibility for Financial Assistance, it is the Department's policy to ensure that the award recipients and the individual projects are, among other things, financially sound and economically viable, aligned with national and economic security interests, and consistent with both Federal law and this Administration's goals, policies and priorities.

The Department has reviewed your financial assistance agreement in accordance with this policy and determined that this project is not consistent with this Administration's goals, policies and priorities. More specifically, the Department has determined:

- This project does not effectuate the Department of Energy's priorities of ensuring affordable, reliable, and abundant energy to meet growing demand and/or addresses the national emergency declared pursuant to Executive Order 14156.

As a result, this Award is hereby terminated in its entirety pursuant to 2 CFR 200.340, which states that an award may be terminated:

> By the Federal awarding agency or pass-through entity, to the greatest extent authorized by law, if an award no longer effectuates the program goals or agency priorities.

The effective date of termination for this Award is October 9, 2025. In accordance with 2 CFR 200.344, your organization must:

- Submit all final financial, performance, and property reports within 120 calendar days of the termination effective date.

- Return any unobligated balance of funds as determined by the Grants Officer.
- Cooperate fully in the closeout process, including any audit or review conducted by the Department or its designee.

Pursuant to 2 CFR 200.472, make every reasonable effort to immediately discontinue project costs after the effective termination date. Only those costs that were incurred on or before the effective date of termination will be considered for reimbursement by the Grants Officer, provided such costs are also deemed allowable, allocable, and reasonable in accordance with the award terms and applicable federal regulations.

Within 30 days of the date of this letter, provide 1) a summary of technical progress under the award including the Statement of Project Objectives tasks/subtasks of the work performed and 2) an itemized accounting of the final project costs incurred prior to the termination date. The summary and itemized accounting should be provided for all sub-recipient(s), as applicable.

The Department will follow up with additional instructions regarding final reports and other closeout requirements and will continue to work with you on the completion of any activities required by this letter. Administrative costs associated with the closeout of this award shall be liquidated no later than 120 calendar days from the effective date of the termination. Please refer to 2 CFR 200.472 for allowable termination and closeout costs.

Pursuant to 2 CFR 200.342, you may object to this termination and provide information and documentation challenging the termination action in accordance with 2 CFR 910.128. Finally, you are reminded of your duties under your award agreement and Department guidance regarding retention of award and project records.

Sincerely,

Derek G. Passarelli
Head of Contracting Activity
Golden Field Office
Office of Energy Efficiency & Renewable Energy
U.S. Department of Energy