**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
OLGA AKSELROD (NY Bar No. 4132825) (appearance *pro hac vice*)
oakselrod@aclu.org
VERA EIDELMAN (CA Bar No. 308535)**
veidelman@aclu.org
RACHEL MEEROPOL (NY Bar No. 4100954)*
rmeeropol@aclu.org
ALEXIS AGATHOCLEOUS (NY Bar No. 4227062)*
aagathocleous@aclu.org
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2659

*Attorneys for Plaintiffs in*
*Salles, et al. v. National Institutes of Health, et al., Case No. 3:26-cv-10510-SK*

*(Additional Counsel on Following Page)*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NEETA THAKUR, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-04737-RFL<br><br>Assigned to the Honorable Rita Lin<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED, PURSUANT TO CIVIL L.R. 3-12(b) AND 7-11** |

* Application for *Pro Hac Vice* Admission Forthcoming
** Out-of-State Licensee Renewal Pending

*(Additional Counsel on Behalf of Plaintiffs in Salles, et al. v. National Institutes of Health, et al.)*

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA**
GRAYCE ZELPHIN (CA Bar No. 279112)
gzelphin@aclunc.org
CHESSIE THACHER (CA Bar No. 296767)
cthacher@aclunc.org
NEIL K. SAWHNEY (CA Bar No. 300130)
nsawhney@aclunc.org
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

**PROTECT DEMOCRACY PROJECT**
SHALINI AGARWAL (DC Bar No. 990963)*
shalini.agarwal@protectdemocracy.org
2020 Pennsylvania Avenue, NW, Suite 163
Washington, DC 20006
KENNETH PARRENO (TX Bar No. 24130477)*
kenneth.parreno@protectdemocracy.org
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: (202) 579-4582

**CENTER FOR SCIENCE IN THE PUBLIC INTEREST**
LISA S. MANKOFSKY (DC Bar No. 411931)*
lmankofsky@cspi.org
OSCAR HEANUE (DC Bar No. 90036939)*
oheanue@cspi.org
1250 I Street, NW, Suite 500
Washington, DC 20005
Telephone: (202) 777-8381

**JACOBSON LAWYERS GROUP**
DANIEL JACOBSON (DC Bar No. 1016621)*
dan@jacobsonlawyersgroup.com
LYNN EISENBERG (DC Bar No. 1017511)*
lynn@jacobsonlawyersgroup.com
STEPHEN K. WIRTH (DC Bar No. 1034038)*
stephen@jacobsonlawyersgroup.com
5100 Wisconsin Avenue, NW, Suite 301
Washington, DC 20016
Telephone: (301) 823-1148

* Application for *Pro Hac Vice* Admission Forthcoming

Pursuant to Civil Local Rules 3-12 and 7-11, Non-Parties Arghavan Salles, Abigail Hatcher, Andrea Rosso, Ann D. Cohen-Wilson, Dolores Albarracín, Heidi Moseson, Jade Pagkas-Bather, Jonathan Kyle Daw, Katie Edwards, Kelton Minor, Michael D. Green, Sara Jackson, Suzanne Bell, Jordan Doe 1, Jordan Doe 2, Jordan Doe 3, and Jordan Doe 4 (collectively, the "*Salles* Plaintiffs") respectfully request that the Court consider whether *Salles, et al. v. National Institutes of Health, et al.*, Case No. 3:26-cv-10510-SK ("*Salles*"), filed yesterday, September 17, 2026, in this District and currently assigned to the Honorable Sallie Kim, should be related to this action, *Thakur, et al. v. Trump, et al.*, Case No. 3:25-cv-04737-RFL ("*Thakur*").

Under Civil Local Rule 3-12, an "action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a). As explained below, both requirements are satisfied here.

*First*, the two actions involve substantially similar transactions, events, and parties. In *Thakur*, individual researchers at the University of California on behalf of a class challenge policies adopted by multiple federal agencies—including the United States Department of Health and Human Services ("HHS") and National Institutes of Health ("NIH")—that "terminat[ed] research grants, *en masse*, through unreasoned form letters with little or no explanation, and . . . cut[] off funds to stop research involving forbidden topics such as diversity, equity, and inclusion." ECF No. 133 at 1. The *Thakur* Plaintiffs assert multiple constitutional claims, including under the First Amendment, as well as claims that the agency actions are contrary to law and arbitrary and capricious under the Administrative Procedure Act ("APA"). *See id.* at 3; ECF No. 54 at 16. Similarly, in *Salles*, individual scientific researchers on behalf of a class challenge HHS and NIH policies terminating NIH grants and otherwise blocking researchers from obtaining federal funding based on the researchers' actual or perceived viewpoints. *See* Compl., *Salles v. N.I.H.*, No. 3:26-cv-10510-SK, ECF No. 1 (N.D. Cal. Sept. 16, 2026). As in *Thakur*, the *Salles* Plaintiffs allege that the federal agencies targeted research that federal officials perceive are connected to or will result in speech expressing viewpoints disfavored by the current Administration, including those supporting "diversity, equity, and inclusion" and acknowledging

"gender identity." *Id.* ¶¶ 86–159. And, like the *Thakur* Plaintiffs, the *Salles* Plaintiffs assert First Amendment claims and APA contrary to law and arbitrary and capricious claims. *Id.* ¶¶ 206–66.

*Second*, given the overlapping factual and legal issues in both actions, consideration of this action by a separate district judge would risk conflicting results and entail unduly burdensome duplication of labor and expense. Both cases involve, and require an understanding of, similar factual subject matter—namely, the federal grantmaking process, including specifically at NIH, and the changes that the current Administration made to that process. They also involve substantially similar legal questions: In this action, this Court has already considered and decided whether federal agencies' decisions to terminate and suspend research grants constitute impermissible viewpoint-based discrimination under the First Amendment, ECF No. 54 at 17–21; ECF No. 133 at 23–26, and whether those agency actions are arbitrary and capricious and contrary to law under the APA, ECF No. 54 at 21–30; ECF No. 133 at 18–23. Accordingly, relating *Salles* to this action will serve the interests of judicial economy and avoid inconsistent legal rulings.

Civil Local Rule 7-11(a) requires an administrative motion "be accompanied . . . by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained." As explained in the accompanying declaration, the undersigned counsel contacted counsel for Plaintiffs in this action, who stated that they do not oppose this motion. Sawhney Decl. in Support of Admin. Mot. ¶ 2. The undersigned counsel also contacted counsel for Defendants in this action, who stated the government opposes Plaintiffs' administrative motion and intends to file a response in opposition to Plaintiffs' motion. *Id.* at ¶ 3.

For the foregoing reasons, the *Salles* Plaintiffs respectfully request that this Court enter an order relating *Salles, et al. v. National Institutes of Health, et al.*, Case No. 3:26-cv-10510-SK, with *Thakur, et al. v. Trump, et al.*, Case No. 3:25-cv-04737-RFL.

Dated: September 17, 2026

Respectfully submitted,

*<u>/s/ Neil K. Sawhney</u>*

Neil K. Sawhney
Grayce Zelphin
Chessie Thacher
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street

San Francisco, California 94111
(415) 621-2493
nsawhney@aclunc.org

*Attorneys for the Salles Plaintiffs*