**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEETA THAKUR, *et al.*,<br>Plaintiffs,<br>v.<br>DONALD J. TRUMP, *et al.*,<br>Defendants. | Case No. 3:25-cv-4737<br>**~~[PROPOSED]~~ ORDER AS MODIFIED GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND DIRECTION OF NOTICE UNDER RULE 23(e)** |

Before the Court is Plaintiffs' Motion for Preliminary Approval of a Class Action Settlement Between Plaintiffs and Defendant Environmental Protection Agency and Direction of Notice Under Rule 23(e). Plaintiffs Neeta Thakur, Ken Alex, and Nell Green Nylen ("Plaintiffs" or "Settlement Class Representatives") and Defendant Environmental Protection Agency ("EPA") (collectively, the "Parties") have entered into a Settlement Agreement (the "Settlement" or "Settlement Agreement"). This is a partial settlement as to EPA only; claims against all other Defendants continue.

WHEREAS, a proposed Settlement has been reached between Plaintiffs, on behalf of a proposed Settlement Class of University of California researchers whose EPA-funded research grants were terminated, and Defendant EPA, which resolves claims against EPA pertaining to the termination of certain research grants (the "Covered Grants");

WHEREAS, the proposed Settlement provides injunctive relief under Rule 23(b)(2) and does not involve any monetary payment, claims process, settlement fund, or attorneys' fees award;

WHEREAS, the Court, for the purposes of this Order, adopts all defined terms as set forth in the Settlement Agreement;

WHEREAS, this matter has come before the Court pursuant to Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement and Direction of Notice Under Fed. R. Civ. P. 23(e) (the "Motion");

WHEREAS, Defendant EPA does not oppose the Court's entry of the proposed Preliminary Approval Order, but does not join in the Motion, endorse Plaintiffs' characterization of the facts, claims, or law, or adopt any statements, arguments, or citations contained therein;

WHEREAS, the Court finds that it has jurisdiction over the Action and each of the Parties for purposes of Settlement, in light of the prospective nature of the injunctive relief sought concerning future application of the challenged policies to existing research grants, and asserts jurisdiction over the Settlement Class Representatives for purposes of considering and effectuating this Settlement; and

WHEREAS, the Court has considered all of the presentations and submissions related to the Motion, as well as the facts, contentions, claims, and defenses as they have developed in these proceedings, and is otherwise fully advised of all relevant facts in connection therewith.

**IT IS HEREBY ORDERED AS FOLLOWS:**

## I. PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT

1. The proposed Settlement appears to be the product of serious, informed, arm's-length, and non-collusive negotiations between the Parties; has no obvious deficiencies; does not improperly grant preferential treatment to the Settlement Class Representatives or segments of the Class; and appears to be fair, reasonable, and adequate, such that notice of the Settlement should be directed to the Class Members and a Final Approval Hearing should be set.

2. **Accordingly, the Motion is GRANTED.**

## II. THE CLASS, CLASS REPRESENTATIVES, AND CLASS COUNSEL

3. The settling Parties have proposed, and the Court finds that it is likely to certify in connection with final Settlement approval, a "Settlement Class" consisting of:

> All University of California researchers, including faculty, staff, academic appointees, and employees across the University of California system who are named as principal researchers, investigators, or project leaders on the grant applications for previously awarded research grants by the EPA that are (1) terminated pursuant to Executive Orders 14151 or 14173, from and after January 20, 2025, or (2) terminated by means of a form termination notice that does not provide a grant-specific explanation for the termination that states the reason for the change to the original award decision and considers the reliance interests at stake, from and after January 20, 2025, as defined by the Court's Preliminary Injunction Order provisionally certifying the Equity Termination Class and Form Termination Class.

4. The Court hereby appoints Plaintiffs Neeta Thakur, Ken Alex, and Nell Green Nylen as Settlement Class Representatives to represent the Settlement Class.

5. The Court hereby appoints as Settlement Class Counsel: Elizabeth J. Cabraser and Kevin R. Budner of Lieff Cabraser Heimann & Bernstein, LLP; Erwin Chemerinsky and Claudia Polsky of UC Berkeley School of Law; and Anthony P. Schoenberg and Linda S. Gilleran of Farella Braun + Martel LLP.

## III. PRELIMINARY FINDINGS

6. Courts may preliminarily approve a class settlement if the parties show that the court "will likely be able to" (1) certify the settlement class after a final approval hearing and (2) approve the proposed settlement as fair, reasonable, and adequate pursuant to Rule 23(e)(2). See Fed. R. Civ. P. 23(e)(1)(B). If preliminary approval is granted, the court may direct notice to the proposed settlement class to give them an opportunity to comment on, or object to, the proposed settlement. See Fed. R. Civ. P. 23(c)(2)(A); Fed. R. Civ. P. 23(e)(1). After a final fairness hearing, courts may certify the settlement class and grant final approval of the settlement if it is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2).

7. Applying these standards, the Court hereby preliminarily approves the Settlement Agreement and the terms embodied therein pursuant to Rule 23(e). In connection therewith, the Court finds as follows:

a. The Court will likely be able to approve the Settlement Agreement under Rule 23(e)(2) and to certify the Settlement Class for purposes of judgment on the proposed Settlement;

b. The Settlement is sufficiently fair, reasonable, and adequate as to the Settlement Class Members to warrant sending notice of the Settlement to the Settlement Class;

c. The proposed Settlement Class Representatives and proposed Settlement Class Counsel have adequately represented, and will continue to adequately represent, the Settlement Class;

d. The Settlement Agreement is the product of arm's-length negotiations by the Parties following extensive adversarial litigation, including a contested motion for preliminary injunction, provisional class certification, a Ninth Circuit appeal, and direct settlement discussions, and comes after adequate investigation of the facts and legal issues;

e. The relief provided to the Settlement Class—injunctive protection of the Covered Grants from termination, indefinite suspension, or disallowance of costs, except where the grantee has failed to comply with either the original terms and conditions of the award or any agreed-upon modified terms, together with eligibility for no-cost extensions—is adequate taking

into account, *inter alia*, the costs, risks, and delay of trial and appeal, including the Ninth Circuit's partial reversal of the preliminary injunction as to the Form Termination Class and the pending petition for a writ of certiorari;

f. The Settlement Agreement treats the Settlement Class Members equitably relative to one another, as all Class Members receive the same uniform injunctive protection;

g. Each party bears its own attorneys' fees and costs as to the EPA portion of the litigation; there is no common fund, fee-sharing arrangement, or fee award that could diminish the relief to the Class.

8. The Court further finds that the Settlement Class, as defined above, meets the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(2). Specifically, the Court finds that: (1) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (2) there are questions of law and fact common to Settlement Class Members; (3) the proposed Settlement Class Representatives' claims are typical of those of the Settlement Class Members; (4) the proposed Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class Members; and (5) Defendant EPA has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole, satisfying the requirements of Rule 23(b)(2).

9. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect, and the Parties preserve all rights and defenses regarding class certification in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

## IV. NOTICE TO CLASS MEMBERS

10. Pursuant to Rule 23(e)(1) and Rule 23(c)(2)(A), the Court approves the proposed Settlement Class Notice Program set forth in the Motion and the Settlement Agreement. The Court finds that the content, format, and method of disseminating Notice—including direct notice to Settlement Class Members via telephone, mail, and/or email where practicable, the

establishment of a case website at https://ucresearchergrantterminations.com/EPA-Settlement, and the ability of Class Members to contact Class Counsel directly—meet the requirements of Due Process under the U.S. Constitution and Rule 23, and constitute the best notice practicable under the circumstances. Class Counsel shall mail settlement notices to any Settlement Class Members for whom Class Counsel does not have a valid email address, to the extent Class Counsel is able to locate a mailing address.

11. The Court further finds that the proposed form and content of the Long Form Notice are adequate and will give the Settlement Class Members sufficient information to enable them to make informed decisions regarding the Settlement. The Court finds that the Notice clearly and concisely states in plain, easily understood language, inter alia: (i) the nature of the Action; (ii) the definition of the Settlement Class; (iii) the procedural history of the litigation, including the Court's preliminary injunction, provisional class certification, the Ninth Circuit's opinion, and the pending petition for certiorari; (iv) the terms of the Settlement, including EPA's agreement to protect Covered Grants from termination, indefinite suspension, or disallowance of costs, and the availability of no-cost extensions; (v) that this is not a monetary settlement and there is no claims process; (vi) that, because the Settlement Class is certified under Rule 23(b)(2), Class Members have no right to opt out but may comment on, or object to, the Settlement; (vii) the time and manner for filing objections; (viii) the release of claims against EPA; and (ix) the date, time, and location of the Final Approval Hearing.

12. To facilitate direct notice, Defendant EPA shall provide to Plaintiffs' Counsel the names and reasonably available contact information of the Class Members associated with the Covered Grants no later than seven (7) calendar days after all parties execute the Settlement Agreement. Where EPA's records do not identify individual researchers, Plaintiffs' Counsel will supplement those records with information available through public resources.

13. The Parties may make non-material changes to the proposed Settlement Class Notice Program, including the form and content of the Notice, without seeking further approval of the Court.

## V. OBJECTION PROCEDURES

14. Because the Settlement Class is certified under Rule 23(b)(2) for injunctive and declaratory relief only, Class Members have no right to opt out of the Settlement. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011).

15. However, any Settlement Class Member may present written objections, if any, explaining why he or she believes the Settlement Agreement should not be approved by the Court as fair, reasonable, and adequate.

16. To be considered valid, an objection must be in writing, filed with the Court, and filed no later than the Objection Deadline set forth in the Schedule below, unless the Court finds good cause to excuse this requirement. A valid objection must include the following: (a) a detailed statement of the Settlement Class Member's objection(s), as well as the specific reasons, if any, for each such objection, including all evidence, argument, and legal authority the Settlement Class Member wishes to bring to the Court's attention; (b) the case name, *Thakur, et al. v. Trump, et al.*, Case No. 3:25-cv-4737 (N.D. Cal.); (c) the Settlement Class Member's printed name, address, telephone number, and a description of the Covered Grant(s) forming the basis of the Settlement Class Member's inclusion in the Settlement Class; and (d) all other supporting papers, materials, or briefs (if any) the Settlement Class Member wishes the Court to consider when reviewing the objection.

17. A Settlement Class Member may object on his or her own behalf or through a lawyer hired at that Settlement Class Member's own expense. Lawyers asserting objections on behalf of Settlement Class Members must: (1) file a notice of appearance with the Court by the Objection Deadline, or as the Court may otherwise direct; and (2) comply with the procedures described in this Order and the Settlement Agreement.

18. Unless the Court directs otherwise, any Settlement Class Member who fails to comply with the provisions of this Order will waive and forfeit any and all rights he, she, or it may have to object to the Settlement Agreement ~~and/or to appear and be heard on said objection at the Final Approval Hearing~~.

## VI. FINAL APPROVAL HEARING

19. The Final Approval Hearing shall take place on December 10, 2026, at 10:00 a.m. in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 4, 17th Floor, San Francisco, California, before the Honorable Rita F. Lin, to determine whether the proposed Settlement is fair, reasonable, and adequate and whether it should be finally approved by the Court. The hearing may also be attended by Zoom videoconference. The Zoom link may be accessed at https://cand.uscourts.gov/judges/rfl/lin-rita-f.

20. A Settlement Class Member (or counsel individually representing him or her, if any) seeking to make an appearance at the Final Approval Hearing must file with the Court, no later than twenty-one (21) days before the Final Approval Hearing, a written notice of his or her intent to appear, or by such time and in such manner as the Court may otherwise direct. The Court may excuse the written notice requirement upon a showing of good cause.

21. The Court may, in its discretion, modify the date, time, and/or location of the Final Approval Hearing. In the event the Court changes the date, time, and/or location of the Final Approval Hearing, the new date and time shall be posted on the case website.

## VII. SCHEDULE

22. The following schedule shall govern the proceedings in connection with the Settlement:

| Date | Event |
|---|---|
| October 8, 2026 | Notice Program begins |
| October 23, 2026 | Motion for Final Approval filed |
| November 20, 2026 | Objection Deadline |
| December 3, 2026 | Reply in Support of Final Approval filed |
| December 10, 2026, at 10:00 a.m. | Final Approval Hearing |

23. The dates and deadlines set forth in this Preliminary Approval Order, including but not limited to the Final Approval Hearing, may be extended by Order of the Court without further

notice to the Class Members, except that notice of any such extensions shall be posted on the case website. Class Members should check the case website regularly for updates and further details regarding these deadlines.

## VIII. OTHER PROVISIONS

24. The Court shall maintain continuing jurisdiction over these proceedings for the benefit of the Settlement Class as defined in this Order and for the purposes of administration and enforcement of the Settlement Agreement.

25. Settlement Class Counsel and EPA's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Preliminary Approval Order or the Settlement Agreement, including making, without further approval of the Court, non-material changes to the Settlement or to the form or content of the Class Notice that the Parties jointly agree are reasonable or necessary.

26. Pending final determination of whether the Settlement Agreement should be finally approved, Settlement Class Representatives, all Settlement Class Members, and Releasing Parties (and any persons purporting to act on their behalf) are barred and enjoined from filing, commencing, prosecuting, maintaining, or enforcing any Released Claims against EPA, directly or indirectly, in any judicial, administrative, arbitral, or other forum. This bar and injunction are necessary to protect and effectuate the Settlement Agreement and this Preliminary Approval Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction.

27. This Preliminary Approval Order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not constitute, be described as, construed as, offered, or received against EPA or any other Released Party as evidence or an admission of: (a) the truth of any fact alleged by any Plaintiff in the Action; (b) any liability, negligence, fault, or wrongdoing of EPA or any Released Party; or (c) that this or any other action may be properly certified as a class action for litigation, non-settlement purposes.

28. The Parties are directed to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement according to its terms should it be finally approved.

29. This Order concerns a partial settlement between Plaintiffs and Defendant EPA only. All claims against all other Defendants in this Action are unaffected by this Order and shall continue in all respects.

30. If the Settlement is not finally approved by this Court or otherwise does not take effect, this Preliminary Approval Order shall be vacated and rendered null and void, and the Parties shall be restored to their respective positions as they existed immediately prior to the execution of the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: October 1, 2026

The Honorable Rita F. Lin
United States District Judge