UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEETA THAKUR, et al.,<br>Plaintiffs,<br>v.<br>DONALD J. TRUMP, et al.,<br>Defendants. | Case No. 25-cv-04737-RFL<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING**<br><br>Re: Dkt. Nos. 210, 226 |

The Court has reviewed the parties' briefing regarding summary judgment and class certification as to Plaintiffs' Equal Protection Claim against the Department of Energy ("DOE") and has additional questions for the parties as to the "rational basis" prong.

DOE admits that it developed a list of 624 grants deemed appropriate for termination pursuant to its agency priorities, and then selected 284 grants from that list to terminate solely based on whether the grant recipient's location or place of performance was in a "Blue State." (Dkt. No. 211-6 ¶¶ 3–9.) DOE contends that this decision bears a rational relationship to a legitimate government interest for two principal reasons. First, DOE argues that, once the list of 624 grants was rationally constructed, DOE may choose which subset to terminate without any further court scrutiny, presumably so long as it does not make the decision based on suspect criteria like race. (*See* Dkt. No. 226 at 64–66 (all citations to ECF pagination).) Second, DOE argues that even if the Court were to look at how DOE chose the subset for termination, that decision was driven by a legitimate government interest in creating leverage to end a government shutdown. (*Id.* at 66.)

Plaintiffs view this second argument as contradicting DOE's prior stipulation. (*See* Dkt.

No. 233 at 14.) However, DOE stipulated only that "the inclusion of grants in the October notice tranche was based solely on the political identity of the grant recipient's state, i.e., whether the recipient's location and/or place of performance was in a Blue State or a non-Blue State" and that "the differential treatment resulting in the October 2025 termination of Blue State grants and the non-termination of non-Blue State grants was not based on a rational connection between the recipient's location and/or place of performance and DOE's past or current agency priorities." (Dkt. No. 211-6 ¶¶ 9–10.) Neither of those stipulations appears to foreclose DOE's position.

However, the stipulated facts do present a highly unusual situation in which DOE concedes that it selected the subset of grants to terminate based on political considerations that bore no rational relationship to the agency priorities that it was statutorily authorized to consider by Congress. This issue is not adequately addressed by either side in the briefing. The Court therefore requests that the parties file simultaneous supplemental briefing on the following questions:

1. What did Congress authorize DOE to consider in dispersing these specific funds? How is political leveraging with the goal of ending a government shutdown within the scope of the statutory goals that Congress mandated for DOE?
2. Does an agency's action serve a "legitimate government purpose" when the stated purpose is outside of the agency's statutory goals as mandated by Congress? Put another way, how is an agency's classification rationally related to a legitimate government interest if the agency's classification is not based in any way on the considerations that the agency is permitted to use in its decisionmaking? *See Ursack Inc. v. Sierra Interagency Black Bear Grp.*, 639 F.3d 949, 955–56 (9th Cir. 2011) (describing the equal protection analysis as examining whether an agency's treatment of the plaintiff "was rational (i.e., not arbitrary and capricious)," which in turn required examining whether "the agency relied on improper factors," among other things); *see also Agua Caliente Tribe of Cupeno Indians of Pala Rsrv. v. Sweeney*, 932 F.3d 1207, 1219 n.10 (9th Cir. 2019) (noting that a rational basis review of agency action is "similar" to an arbitrary and

capricious review).

3. Were all 624 grants identically situated for the purposes of DOE's legitimate agency priorities, and if so, does that mean that DOE needed no additional reason for choosing which of those grants to terminate first? The parties may file additional evidence alongside their opening supplemental briefs addressing this question.

Both parties' opening briefs, which may not exceed 10 pages, are due **October 27, 2026**. Both parties' response briefs, which may not exceed 5 pages, are due **November 3, 2026**. Evidence submitted alongside the briefs in response to Question No. 3 will not be counted towards the page limits.

**IT IS SO ORDERED.**

Dated: October 13, 2026

RITA F. LIN
United States District Judge