Erwin Chemerinsky (*pro hac vice*)
echemerinsky@law.berkeley.edu
Claudia Polsky (CA Bar No. 185505)
cpolsky@law.berkeley.edu
U.C. BERKELEY SCHOOL OF LAW
Law Building
Berkeley, CA 94720-7200
Telephone: 510.642.6483

Elizabeth J. Cabraser (CA Bar No. 83151)
ecabraser@lchb.com
Richard M. Heimann (CA Bar No. 63607)
rheimann@lchb.com
Kevin R. Budner (CA Bar No. 287271)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000

Anthony P. Schoenberg (CA Bar No. 203714)
tschoenberg@fbm.com
Linda S. Gilleran (CA Bar No. 307107)
lgilleran@fbm.com
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104
Telephone: 415.954.4400

*Attorneys for Plaintiffs and the Proposed Classes*
[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

NEETA THAKUR, *et al.*,

Plaintiffs,

v.

DONALD J. TRUMP, *et al.*,

Defendants.

Case No. 3:25-cv-4737

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT BETWEEN PLAINTIFFS AND DEFENDANT ENVIRONMENTAL PROTECTION AGENCY**

Hearing Date: December 10, 2026
Hearing Time: 10:00 a.m.

## TABLE OF CONTENTS

Page

NOTICE OF MOTION & RELIEF SOUGHT ..... 1
MEMORANDUM OF POINTS AND AUTHORITIES ..... 2
BACKGROUND ..... 3
A. Summary of the Litigation and Procedural History ..... 3
B. Settlement Negotiations ..... 4
C. Preliminary Approval and Post-Preliminary Approval Developments ..... 5
II. NOTICE AND SETTLEMENT ADMINISTRATION SATISFIED RULE 23 AND DUE PROCESS ..... 5
III. ARGUMENT ..... 6
A. The Court Should Certify the Settlement Class Under Rules 23(a) and 23(b)(2) ..... 6
1. The Settlement Class Meets All Requirements of Rule 23(a) ..... 7
2. The Settlement Class Meets the Requirements of Rule 23(b)(2) ..... 8
B. The Settlement is Fair, Reasonable, and Adequate Under Rule 23(e)(2) ..... 8
1. Settlement Class Representatives and Settlement Class Counsel Have Adequately Represented the Class Under Rule 23(e)(2)(A). ..... 9
2. The Settlement Is the Product of Good Faith, Informed, Arm's-Length Negotiations Under Rule 23(e)(2)(B). ..... 9
3. The Relief Provided to the Settlement Class Is Adequate Under Rule 23(e)(2)(C). ..... 9
4. The Settlement Treats Settlement Class Members Equitably Relative to Each Other Under Rule 23(e)(2)(D) ..... 11
5. The Scope of the Release Is Fair and Reasonable ..... 11
C. The Court Should Confirm the Appointment of Settlement Class Counsel Under Rule 23(g) ..... 11
CONCLUSION ..... 11

# TABLE OF AUTHORITIES

**Page**

**Cases**

*A.B. v. Hawaii State Dep't of Educ.*,
30 F.4th 828 (9th Cir. 2022) ........ 7

*In re Bluetooth Headset Prods. Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011) ........ 8, 9

*C.K. v. McDonald*,
816 F. Supp. 3d 284 (E.D.N.Y. 2026) ........ 10

*Chinitz v. Intero Real Est. Servs.*,
2020 WL 7391299 (N.D. Cal. July 22, 2020) ........ 7

*In re College Athlete NIL Litig.*,
803 F. Supp. 3d 959 (N.D. Cal. 2025) ........ 10

*Emami v. Mayorkas*,
725 F. Supp. 3d 1046 (N.D. Cal. 2024) ........ 8

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ........ 7, 8

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992) ........ 7

*In re Hyundai & Kia Fuel Econ. Litig.*,
926 F.3d 539 (9th Cir. 2019) (en banc) ........ 9

*Jackson v. Danbury*,
240 F.R.D. 145 (D. Del. 2007) ........ 7

*Jane Doe 1 v. Nielsen*,
357 F. Supp. 3d 972 (N.D. Cal. 2018) ........ 8

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
339 U.S. 306 (1950) ........ 5

*Nat'l TPS All. v. Noem*,
830 F. Supp. 3d 939 (N.D. Cal. 2025) ........ 8

*Officers for Justice v. Civil Serv. Comm'n*,
688 F.2d 615 (9th Cir. 1982) ........ 8

*Parsons v. Ryan*,
754 F.3d 657 (9th Cir. 2014) ........ 8, 11

*Thakur v. Trump*,
176 F.4th 1187 (9th Cir. 2026) ........ 2, 4, 6, 9

**Statutes**

Fed. R. Civ. P. 23(a) ........ 1, 6, 11

Fed. R. Civ. P. 23(b)(2) ........ 1, 6, 11

## TABLE OF AUTHORITIES (continued)

Page

Fed. R. Civ. P. 23(e) ..... 1, 10

Fed. R. Civ. P. 23(g) ..... 1, 11

**Regulations**

2 C.F.R. § 200.308(g) ..... 2

2 C.F.R. § 200.308(h) ..... 2

## NOTICE OF MOTION & RELIEF SOUGHT

**PLEASE TAKE NOTICE** that, on December 10, 2026, at 10:00 a.m., in the Courtroom of the Hon. Rita F. Lin, Courtroom 4, United States District Court, Northern District of California, 450 Golden Gate Avenue, 17th Floor, San Francisco, California, or by Zoom videoconference as permitted by the Court, Plaintiffs will and hereby do move the Court for an Order granting final approval of the settlement between Plaintiffs, on behalf of themselves and the Settlement Class, and the Environmental Protection Agency, pursuant to Fed. R. Civ. P. 23(e).

Plaintiffs Neeta Thakur, Ken Alex, and Nell Green Nylen ("Plaintiffs" or "Class Representatives"), on behalf of themselves and the proposed Settlement Class they represent, respectfully move this Court to enter an Order:

- Granting final approval of the Settlement Agreement between Plaintiffs, on behalf of themselves and the Settlement Class, and the Environmental Protection Agency ("EPA"), which provides injunctive relief under Rule 23(b)(2), as fair, reasonable, and adequate under Rule 23(e)(2);
- Certifying, for settlement purposes only, the Settlement Class under Rules 23(a) and 23(b)(2);
- Confirming the appointment of Neeta Thakur, Ken Alex, and Nell Green Nylen as Settlement Class Representatives;
- Confirming the appointment of Elizabeth J. Cabraser and Kevin R. Budner of Lieff Cabraser Heimann & Bernstein, LLP; Erwin Chemerinsky and Claudia Polsky of UC Berkeley School of Law; and Anthony P. Schoenberg and Linda S. Gilleran of Farella Braun + Martel LLP as Class Counsel under Rule 23(g);
- Finding that the Notice Program, as implemented, satisfied Rule 23 and due process;
- Entering partial final judgment under Rule 54(b) dismissing with prejudice the Settlement Class's claims against EPA only, without affecting claims against any other Defendant, which continue in all respects; and
- Retaining continuing and exclusive jurisdiction over the administration and enforcement of the Settlement Agreement.

Plaintiffs submit herewith a [Proposed] Order Granting Plaintiffs' Motion for Final Approval of Class Action Settlement between Plaintiffs, on behalf of themselves and the Settlement Class, and Defendant EPA ("Final Approval Order"). Defendant EPA joins in the requested relief but does not endorse Plaintiffs' characterization of the facts, claims, or law.

This motion is supported by the following Memorandum of Points and Authorities and the accompanying Declaration of Kevin R. Budner in Support of Final Approval ("Budner Decl.") and exhibits thereto.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

In early 2025, several federal agencies—including EPA—terminated thousands of grants previously awarded to researchers at the University of California. Plaintiffs challenged those terminations as unlawful. The Court granted a preliminary injunction and provisionally certified two classes within weeks of filing: the Form Termination Class and the Equity Termination Class. Dkt. Nos. 54 & 55. The Ninth Circuit affirmed the injunction as to the Equity Termination Class but reversed it as to the Form Termination Class on jurisdictional grounds. *Thakur v. Trump*, 176 F.4th 1187, 1206 (9th Cir. 2026). The government has since petitioned for a writ of certiorari. Dkt. 225.

Against that backdrop, Plaintiffs and EPA reached a settlement resolving the EPA-related claims of both provisionally certified classes. Unlike a traditional damages class settlement, the consideration here is permanent injunctive relief: EPA will not terminate, indefinitely suspend, or disallow costs for the 24 Covered Grants, except where a grantee fails to comply with original or agreed-upon modified award terms, and only then through an individualized, grant-specific notice consistent with the Court's injunction. Agreement § IV.B.1. Covered Grants are also eligible for a no-cost extension of up to twelve months (or eight months for grants that previously received an extension) under 2 C.F.R. §§ 200.308(g) and (h). *Id.* § IV.B.3. There is no settlement fund, no claims process, and no reversion; each party bears its own attorneys' fees and costs as to the EPA portion of the litigation (Class Counsel are collecting no fees or costs for the work related to the settlement of these claims). *Id.* § VIII.

On October 1, 2026, the Court found that it would likely be able to certify the Settlement Class, approved the Notice Program, and set a Final Approval Hearing. Dkt. 244 ("Preliminary Approval Order"). Settlement Class Counsel have since implemented the Notice Program, and no objections or other negative comments have been received thus far. Budner Decl. ¶ 8. For all the reasons set forth in the preliminary approval order, Plaintiffs respectfully request that the Court grant final approval.

## BACKGROUND

### A. Summary of the Litigation and Procedural History

This Court is familiar with the litigation history, which was also summarized in Plaintiffs' Motion for Preliminary Approval. Dkt. 237 at 4-5. To recap, this class action arises from the Trump Administration's termination of federal research grants to University of California researchers pursuant to Presidential Executive Orders and/or other agency directives. Plaintiffs challenged those terminations as unlawful. Plaintiffs, who are UC faculty and researchers, challenge the termination of their EPA-funded research grants as violating the Administrative Procedure Act ("APA"), the Separation of Powers doctrine, the First Amendment, the Fifth Amendment, and the Impoundment Control Act.

Plaintiffs initiated this action on June 4, 2025. *See* Dkt. 1. The Complaint alleges that Defendants, including EPA, took illegal actions to terminate research grants to UC researchers pursuant to Executive Orders 14151 and 14173, which directed federal agencies to terminate grants related to diversity, equity, and inclusion programs, as well as other grants identified through DOGE-directed processes. *See* Third Amended Complaint, Dkt. 184.

On June 23, 2025, this Court granted Plaintiffs' Motion for Preliminary Injunction and provisionally certified two classes with respect to EPA pursuant to Federal Rule of Civil Procedure 65: (1) the Form Termination Class, consisting of UC researchers whose EPA grants were terminated through standardized form notices without grant-specific explanation; and (2) the Equity Termination Class, consisting of UC researchers whose EPA grants were terminated pursuant to Executive Orders 14151 or 14173. *See* Dkt. Nos. 54 & 55.

Following entry of the preliminary injunction, and after conducting a reasonable search for affected grants, Defendant EPA reinstated all previously terminated grant awards that were subject to the Court's preliminary injunction order. EPA also appealed the preliminary injunction to the Ninth Circuit. *See* Dkt. 64.

On May 26, 2026, the Ninth Circuit issued its opinion in *Thakur v. Trump*, 176 F.4th 1187 (9th Cir. 2026). The Ninth Circuit affirmed the preliminary injunction with respect to the Equity Termination Class but reversed the preliminary injunction with respect to the Form Termination Class, holding that this Court lacked jurisdiction over the Form Termination Class's APA claims. *Id.* at 1206.

On August 18, 2026, the Solicitor General filed the government's petition for a writ of certiorari in the Supreme Court of the United States. Dkt. 225. The petition for writ of certiorari was placed on the docket on August 19, 2026 as No. 26-210. *Id.* Plaintiffs filed their opposition to the petition for writ of certiorari on October 19, 2026. The Supreme Court has not yet acted on the petition.

Although the Ninth Circuit held that this Court lacked jurisdiction over the Form Termination Class, EPA understands that the Court's preliminary injunction originally enjoined EPA's grant terminations with respect to both classes. After reinstating the grants pursuant to that injunction, EPA has never re-terminated grants to either class, despite the Ninth Circuit's order. Significantly, EPA is resolving the terminations of grants for *both* classes through this Settlement Agreement—providing certain and secure relief to the Form Termination Class that Plaintiffs might not have been able to secure through continued litigation in light of the Ninth Circuit's jurisdictional ruling.

**B. <u>Settlement Negotiations</u>**

In late April 2026, the parties began engaging in direct settlement discussions concerning the EPA portion of this action. The negotiations were conducted directly between the parties at arm's length. Before negotiating, the parties had litigated a contested motion for preliminary injunction, obtained provisional class certification, briefed and argued the Ninth Circuit appeal, and developed well-informed positions concerning the strengths and weaknesses of their

respective claims and defenses. During the negotiations, the parties exchanged a term sheet, which was revised over multiple drafts, punctuated with telephone and video conference negotiations. After reaching agreement on the framework, the parties engaged in many additional rounds of drafting and revising the Settlement Agreement itself. The final Agreement reflects a negotiated compromise that resolves the EPA-related claims for both classes and provides protection for the full remaining duration of each Covered Grant's period of performance, including no-cost extensions, while preserving a practical process to address any qualifying grant identified during the agreed period.

### C. Preliminary Approval and Post-Preliminary Approval Developments

Plaintiffs moved for preliminary approval on September 23, 2026. Dkt. 237. On October 1, 2026, the Court granted preliminary approval, appointed the Settlement Class Representatives and Settlement Class Counsel, approved the Notice Program, and set the following schedule: Notice Program commencement on October 8, 2026, Motion for Final Approval on October 23, 2026, Objection Deadline on November 20, 2026, Reply in Support of Final Approval on December 3, 2026, and Final Approval Hearing December 10, 2026, at 10:00 a.m. Preliminary Approval Order ¶ 22.

## II. NOTICE AND SETTLEMENT ADMINISTRATION SATISFIED RULE 23 AND DUE PROCESS

For a Rule 23(b)(2) class, notice should be reasonably calculated to apprise class members of the pendency of the action. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). The notice program was designed to do just that, as this the Court already concluded. Preliminary Approval Order ¶ 10, Dkt. 244.

That program has now been implemented successfully. EPA provided the names and reasonably available contact information of Class Members associated with the Covered Grants, which Settlement Class Counsel supplemented through additional research. Direct notice was provided beginning on October 8, 2026 via email to 36 Class Members, with several class members named more than once due to their involvement on more than one grant. Three notices were initially returned as undeliverable but were successfully resent to alternative email addresses

associated with the Class member. As Rule 23(c) directs, the content and formats of the class notice communicated the settlement terms and class members' rights and benefits in plain and clear language. The notice summarized the settlement and directed Class members to the Settlement website, which includes the Settlement Agreement, the Motion for Preliminary Approval, the Preliminary Approval Order, the Long Form Notice, important dates and deadlines, and FAQs.

To date, Class Counsel are aware of no objections (or any other negative responses) from Class Members). The deadline to file an objection is November 20, 2026. Preliminary Approval Order ¶¶ 16, 20, 22. Plaintiffs will report on (and respond to) objections, if any, in their Reply. *Id.* ¶ 22.

## III. ARGUMENT

### A. The Court Should Certify the Settlement Class Under Rules 23(a) and 23(b)(2)

The Court has already found that the Settlement Class meets the requirements for class certification under Rules 23(a) and 23(b)(2). Preliminary Approval Order ¶ 8, Dkt. 244. The Court also previously provisionally certified the Form Termination and Equity Termination classes under Rule 23(b)(2), Dkt. Nos. 54 & 55, and the Ninth Circuit affirmed as to the Equity Termination Class. *Thakur*, 176 F.4th at 1206. Nothing has changed since preliminary approval to disturb those findings. Plaintiffs analyzed these requirements in their Motion for Preliminary Approval (Dkt. 237) and briefly summarize them again below.

The Settlement Class, as defined in the Preliminary Approval Order, consists of:

> All University of California researchers, including faculty, staff, academic appointees, and employees across the University of California system who are named as principal researchers, investigators, or project leaders on the grant applications for previously awarded research grants by the EPA that are (1) terminated pursuant to Executive Orders 14151 or 14173, from and after January 20, 2025, or (2) terminated by means of a form termination notice that does not provide a grant-specific explanation for the termination that states the reason for the change to the original award decision and considers the reliance interests at stake, from and after January 20, 2025, as defined by the Court's Preliminary Injunction Order provisionally certifying the Equity Termination Class and Form Termination Class.

Preliminary Approval Order ¶ 3. Certification is sought solely for settlement purposes and without prejudice to the parties' rights and defenses should the Settlement not be finally approved. *Id.* ¶ 9.

**1. The Settlement Class Meets All Requirements of Rule 23(a)**

**Rule 23(a)(1):** Rule 23(a)(1) is an impracticability-of-joinder rule, often called the "numerosity" requirement. Fed. R. Civ. P. 23(a)(1). For Rule 23(b)(2) classes, however, "the numerosity requirement is relaxed[,]" *Chinitz v. Intero Real Est. Servs.*, 2020 WL 7391299, at *8 (N.D. Cal. July 22, 2020), and can be satisfied with as few as 16 class members. *Jackson v. Danbury*, 240 F.R.D. 145, 147-48 (D. Del. 2007). Here, the parties have identified at least 36 UC researcher Class Members named on the 24 Covered Grants. Budner Decl. ¶ 10. Rule 23(a)(1) is satisfied.

**Rule 23(a)(2):** All Class Members' claims turn on the same common questions: whether EPA's mass termination of research grants pursuant to Executive Orders 14151 and 14173, or through form termination notices lacking grant-specific explanations, violated the APA, the Separation of Powers doctrine, the First Amendment, the Fifth Amendment, and the Impoundment Control Act. These questions can be resolved "in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). As the Court already concluded, commonality is satisfied. Dkt. Nos. 54 & 55.

**Rule 23(a)(3):** The Settlement Class Representatives are UC researchers whose EPA grants were terminated pursuant to the same executive orders and agency directives that affected all Class Members; their claims arise from the same course of conduct and rest on the same legal theories. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

**Rule 23(a)(4):** The inquiry asks whether the named plaintiffs and their counsel have conflicts with other class members and whether they will prosecute the action vigorously. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020-21 (9th Cir. 1998). The Settlement Class Representatives have no interests antagonistic to other Class Members and have actively participated in this litigation since its inception. Settlement Class Counsel secured preliminary

injunctive relief and provisional class certification and defended that relief on appeal. The Court has twice found adequacy satisfied, and nothing has disturbed that conclusion. Dkt. Nos. 54, 55; Preliminary Approval Order ¶ 8.

**2. <u>The Settlement Class Meets the Requirements of Rule 23(b)(2)</u>**

Rule 23(b)(2) permits class treatment when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). This is a paradigmatic Rule 23(b)(2) case: EPA terminated research grants across the UC system pursuant to generally applicable Executive Orders and agency directives using standardized form notices. *See Parsons v. Ryan*, 754 F.3d 657, 688 (9th Cir. 2014); *Nat'l TPS All. v. Noem*, 830 F. Supp. 3d 939, 963 (N.D. Cal. 2025); *Emami v. Mayorkas*, 725 F. Supp. 3d 1046, 1058–59 (N.D. Cal. 2024); *Jane Doe 1 v. Nielsen*, 357 F. Supp. 3d 972, 992 (N.D. Cal. 2018). The relief is indivisible: EPA's commitment benefits all Class Members uniformly, regardless of where they are in their grants' periods of performance.

For the reasons set forth above, the Court should certify the Settlement Class for settlement purposes.

**B. <u>The Settlement is Fair, Reasonable, and Adequate Under Rule 23(e)(2)</u>**

A court may approve a class settlement only "after considering whether: (A) the class representatives and class counsel have adequately represented the class; (b) the proposal was negotiated at arm's length; (c) the relief provided for the class is adequate . . . ; and (D) the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2); *see In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). In the Ninth Circuit, courts also consider factors including the strength of plaintiffs' case: the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status through trial; the relief offered in settlement; the extent of discovery completed and the stage of proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of class members to the proposed settlement. *Hanlon*, 150 F.3d at 1026; *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). The Settlement satisfies

both the Rule 23(e)(2) factors and the Ninth Circuit's traditional factors. Counsel have also consulted the Northern District of California's Procedural Guidance for Class Action Settlements and, to the extent applicable to this Rule 23(b)(2) settlement, the motion and Settlement comply with it.

**1. Settlement Class Representatives and Settlement Class Counsel Have Adequately Represented the Class Under Rule 23(e)(2)(A).**

Settlement Class Counsel have prosecuted this action vigorously since filing in June 2025. Within weeks of filing, they obtained a preliminary injunction and provisional class certification that immediately halted EPA's grant terminations, and they then defended that injunction before the Ninth Circuit. Throughout, the Settlement Class Representatives have actively consulted with counsel and participated in decisions regarding litigation strategy and settlement, and each has reviewed and endorses the Settlement. Budner Final Decl. ¶ 6. Rule 23(e)(2)(A) is satisfied.

**2. The Settlement Is the Product of Good Faith, Informed, Arm's-Length Negotiations Under Rule 23(e)(2)(B).**

The Settlement followed extensive adversarial litigation: a contested preliminary injunction motion, provisional class certification, exchange of the administrative record, and a fully briefed and argued Ninth Circuit appeal. That record gave each side a well-informed understanding of the strengths and weaknesses of its positions, including the jurisdictional risk concerning the Form Termination Class. Each party bears its own fees and costs as to the EPA portion of the litigation; there is no "clear sailing" provision, no fee paid from or reducing class relief, and no reversion to EPA. These features support a finding that the Agreement was negotiated at arm's length. *See In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 569 (9th Cir. 2019) (en banc); *Bluetooth*, 654 F.3d at 947.

**3. The Relief Provided to the Settlement Class Is Adequate Under Rule 23(e)(2)(C).**

**Strength of Plaintiffs' case weighed against the costs, risks, and delay of trial and appeal.** Plaintiffs' maintain that their case was strong, but continued litigation was not without risk. The Ninth Circuit reversed the preliminary injunction for the Form Termination Class on

jurisdictional grounds, *Thakur*, 176 F.4th at 1206, creating a real risk that grants held only by Form Termination Class members could be re-terminated before final judgment. Moreover, the government's pending certiorari petition, if granted and decided adversely, could undermine the legal basis for the injunction protecting the Equity Termination Class. Dkt. 225. Further litigation would entail merits briefing on novel constitutional and statutory questions and potential appeals extending for years—while research grants have defined periods of performance, so that delay could permanently impair the research the grants were designed to support. In light of those risk, the relief secured by the settlement—which is effectively all the relief Plaintiffs sought in litigation—is particularly strong. Fed. R. Civ. P. 23(e)(2)(C)(i).

**Effectiveness of the method of distributing relief.** Fed. R. Civ. P. 23(e)(2)(C)(ii). "[T]he effectiveness of any proposed method of distributing relief to the class need not be considered in a class action"—like this one—"seeking only equitable relief where 'relief will be effectuated by the settlement terms alone.'" *C.K. v. McDonald*, 816 F. Supp. 3d 284, 310 (E.D.N.Y. 2026); *accord In re College Athlete NIL Litig.*, 803 F. Supp. 3d 959, 989 (N.D. Cal. 2025) (considering Rule 23(e)(2)(C)(iii)'s effectiveness requirement only as it pertained to the damages settlement class, not injunctive relief settlement class).

**Terms of any proposed award of attorneys' fees.** Fed. R. Civ. P. 23(e)(2)(C)(iii). Each party bears its own fees and costs as to the EPA portion of the litigation, Agreement § VIII, and Class Counsel are collecting no costs or fees from Plaintiffs or the Class.

**Agreements required to be identified under Rule 23(e)(3).** Fed. R. Civ. P. 23(e)(2)(C)(iv). The Settlement Agreement contains the complete terms of the parties' resolution. There are no side agreements.

**Governmental participant and public interest.** EPA, a federal agency, is the settling Defendant, and the Settlement serves the public interest by restoring certainty to federally funded research and conserving judicial resources.

#### 4. The Settlement Treats Settlement Class Members Equitably Relative to Each Other Under Rule 23(e)(2)(D)

All Class Members receive the same injunctive protection. EPA's commitment not to terminate, indefinitely suspend, or disallow costs for the Covered Grants applies uniformly to all UC researchers associated with those grants; no Class Member receives preferential treatment, and no subgroup is disadvantaged. This uniform treatment is a hallmark of Rule 23(b)(2) class actions. *See Parsons*, 754 F.3d at 688. The Settlement Class Representatives receive no relief beyond that afforded to every other Class Member. Rule 23(e)(2)(D) is satisfied.

#### 5. The Scope of the Release Is Fair and Reasonable

The release extinguishes claims related to the subject matter of this action as to EPA, including potential Tucker Act claims in the Court of Federal Claims. Agreement § V. That breadth is appropriate because the Settlement provides the full injunctive relief the Class sought and, by eliminating any unlawful termination of the Covered Grants going forward, removes the predicate for any damages claim. The release thus extinguishes only claims that the Settlement's relief has rendered moot or for which no viable damages theory remains.

### C. The Court Should Confirm the Appointment of Settlement Class Counsel Under Rule 23(g)

The Court appointed Settlement Class Counsel at the preliminary injunction stage and again at preliminary approval. Dkt. 54 at 60; Preliminary Approval Order ¶ 5. Counsel have done extensive work in identifying and investigating the claims, have substantial experience in class actions and constitutional litigation, and have committed the resources necessary to represent the Class. Fed. R. Civ. P. 23(g)(1)(A). The Court should confirm their appointment.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court: (1) grant final approval of the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (2) certify the Settlement Class for settlement purposes only under Rules 23(a) and 23(b)(2); (3) confirm the appointment of the Settlement Class Representatives and Settlement Class Counsel; (4) find that the Notice Program satisfied Rule 23 and due process; (5) release the Released Claims against

EPA and bar Settlement Class Members from prosecuting them; (6) enter partial final judgment under Rule 54(b) dismissing with prejudice the claims against EPA only, without affecting the claims against any other Defendant; and (7) retain continuing and exclusive jurisdiction over the administration and enforcement of the Settlement Agreement, all as set forth in the accompanying [Proposed] Final Approval Order.

Dated: October 23, 2026 By: */s/ Elizabeth J. Cabraser*

Elizabeth J. Cabraser (CA Bar No. 83151)
ecabraser@lchb.com
Richard M. Heimann (CA Bar No. 63607)
rheimann@lchb.com
Kevin R. Budner (CA Bar No. 287271)
kbudner@lchb.com
Annie M. Wanless (CA Bar No. 339635)
awanless@lchb.com
Clare D. Perez (CA Bar No. 363027)
cdperez@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000

Erwin Chemerinsky (*pro hac vice)*
echemerinsky@law.berkeley.edu
Claudia Polsky (CA Bar No. 185505)
cpolsky@law.berkeley.edu
U.C. BERKELEY SCHOOL OF LAW
Law Building
Berkeley, CA 94720-7200
Telephone: 510.642.6483

Anthony P. Schoenberg (CA Bar No. 203714)
tschoenberg@fbm.com
Donald E. Sobelman (CA Bar No. 184028)
dsobelman@fbm.com
Dylan M. Silva (State Bar No. 306363)
dmsilva@fbm.com
Linda S. Gilleran (CA Bar No. 307107)
lgilleran@fbm.com
Kyle A. McLorg (CA Bar No. 332136)
kmclorg@fbm.com
Katherine T. Balkoski (CA Bar No. 353366)
kbalkoski@fbm.com
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104
Telephone: 415. 954.4400

*Attorneys for Plaintiffs and the Proposed Classes*

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on October 23, 2026, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to registered parties.

Executed October 23, 2026 at San Francisco, California.

*/s/ ELIZABETH J. CABRASER*
ELIZABETH J. CABRASER