# EXHIBIT A

**McLorg, Kyle x4915**

| | |
|---|---|
| **From:** | Barragan, Kathryn E (CIV) <Kathryn.E.Barragan@usdoj.gov> |
| **Sent:** | Wednesday, October 21, 2026 9:29 AM |
| **To:** | Claudia Polsky; Budner, Kevin R.; Schoenberg, Tony x4963 |
| **Cc:** | Thakur LCHB; Thakur; Erwin Chemerinsky |
| **Subject:** | RE: [EXT] Re: [EXTERNAL] Questions re: DOE grant spreadsheet |
| **Attachments:** | 2026.10.20_Awards_With_UC_Researcher_w_Authorities_DOJ.xlsx |

**External Sender**

Thank you, Claudia. Attached is a spreadsheet that DOE prepared including the statutory authority cited in the funding opportunity announcements for the relevant grants in this case. Please let me know if you have any questions.

**Kat Barragan**
Trial Attorney
Federal Programs Branch
Civil Division, U.S. Department of Justice
T: 202-598-7696

---

**From:** Claudia Polsky <polskymermin@sbcglobal.net>
**Sent:** Monday, October 19, 2026 3:14 PM
**To:** Budner, Kevin R. <kbudner@lchb.com>; Schoenberg, Tony x4963 <tschoenberg@fbm.com>; Barragan, Kathryn E (CIV) <Kathryn.E.Barragan@usdoj.gov>
**Cc:** Thakur LCHB <thakur@lchb.com>; Thakur <thakur@fbm.com>; Erwin Chemerinsky <echemerinsky@berkeley.edu>
**Subject:** Re: [EXT] Re: [EXTERNAL] Questions re: DOE grant spreadsheet

Thanks, Kat. This will be more efficient for both parties and the court. We appreciate it!

Claudia

On Monday, October 19, 2026 at 11:15:53 AM PDT, Barragan, Kathryn E (CIV) <kathryn.e.barragan@usdoj.gov> wrote:

Good morning,

Thank you for providing more context about why Plaintiffs are requesting underlying statutory authority. We are able to provide this information as a courtesy, and I'll follow up as soon as possible with the statutory authority information that DOE has pulled.

Best,

**Kat Barragan**
Trial Attorney
Federal Programs Branch
Civil Division, U.S. Department of Justice
T: 202-598-7696

**From:** Budner, Kevin R. <kbudner@lchb.com>
**Sent:** Friday, October 16, 2026 12:03 PM
**To:** Barragan, Kathryn E (CIV) <Kathryn.E.Barragan@usdoj.gov>; Schoenberg, Tony x4963 <TSchoenberg@fbm.com>; Claudia Polsky <polskymermin@sbcglobal.net>
**Cc:** Thakur LCHB <thakur@lchb.com>; Thakur <Thakur@fbm.com>; Erwin Chemerinsky <echemerinsky@berkeley.edu>
**Subject:** RE: [EXT] Re: [EXTERNAL] Questions re: DOE grant spreadsheet

Hi Kat,

Our position remains the same from back in June. It appears there was, at a minimum, a misunderstanding about the meaning of the “outside the PRP Process” language in the stipulations. Obviously, Plaintiffs wanted information about the grants that were terminated in the October 2025 termination tranche, and if we had understood that limitation to mean that the spreadsheet was going to exclude that information (and instead provide information irrelevant to those terminations), we would not have agreed to the stipulations as written. Nevertheless, we concluded that this was not an issue that was worth pressing given the contours of the parties’ arguments, and so that is why we did not raise it further at the time.

The Court’s first question now puts that missing information squarely at issue. Plaintiffs cannot respond to the question without knowing the statutory authority underlying each of the grants that were terminated, which is precisely the information we had expected to receive from the spreadsheet. The Court clearly believes that both parties possess the information necessary to answer that question, and I cannot imagine that Judge Lin would expect Plaintiffs to respond to her question without it. If DOE is not willing to provide that information to us quickly, or even to tell us what authority it will be invoking, we will need to let the Court know. Given the fast approaching deadline, please let us know your position by Monday so that we have adequate time to raise this with the Court if necessary.

I am also available most of the day if it would be helpful to hop on a zoom to hash this out.

Best,

Kevin R. Budner
Lieff Cabraser Heimann & Bernstein, LLP

---

**From:** Barragan, Kathryn E (CIV) <Kathryn.E.Barragan@usdoj.gov>
**Sent:** Friday, October 16, 2026 8:34 AM
**To:** Budner, Kevin R. <kbudner@lchb.com>; Schoenberg, Tony x4963 <TSchoenberg@fbm.com>; Claudia Polsky <polskymermin@sbcglobal.net>
**Cc:** Thakur LCHB <thakur@lchb.com>; Thakur <Thakur@fbm.com>; Erwin Chemerinsky <echemerinsky@berkeley.edu>
**Subject:** RE: [EXT] Re: [EXTERNAL] Questions re: DOE grant spreadsheet

Good morning,

It’s nice to hear from you and I hope you are doing well. Can you clarify what you mean by revisiting the DOE grants spreadsheet? Defendants never heard anything further from Plaintiffs after we discussed this with Plaintiffs in June.

We are in the process of formulating our responses to the Court’s supplemental briefing questions. Separately, my understanding is that we are not obligated to preview how we intend to respond to the Court’s questions. It seems that the Court provided the Parties with an opportunity to submit reply briefs so each side could address the other’s arguments at that time.

Best,

**Kat Barragan**
Trial Attorney
Federal Programs Branch
Civil Division, U.S. Department of Justice
T: 202-598-7696

---

**From:** Budner, Kevin R. <kbudner@lchb.com>
**Sent:** Thursday, October 15, 2026 12:49 PM
**To:** Barragan, Kathryn E (CIV) <Kathryn.E.Barragan@usdoj.gov>; Schoenberg, Tony x4963 <TSchoenberg@fbm.com>; Claudia Polsky <polskymermin@sbcglobal.net>
**Cc:** Thakur LCHB <thakur@lchb.com>; Thakur <Thakur@fbm.com>; Erwin Chemerinsky <echemerinsky@berkeley.edu>
**Subject:** RE: [EXT] Re: [EXTERNAL] Questions re: DOE grant spreadsheet

Kat,

We may need to revisit this conversation in light of Judge Lin's order on supplemental briefing. In the interim, can you please identify for us as soon as possible which statutes, regulations, or other authority DOE will be relying to answer Judge Lin's first question ("What did Congress authorize DOE to consider in dispersing these specific funds?")?

Best,

Kevin R. Budner
Lieff Cabraser Heimann & Bernstein, LLP

---

**From:** Barragan, Kathryn E (CIV) <Kathryn.E.Barragan@usdoj.gov>
**Sent:** Monday, June 29, 2026 4:01 PM
**To:** Schoenberg, Tony x4963 <TSchoenberg@fbm.com>; Claudia Polsky <polskymermin@sbcglobal.net>
**Cc:** Thakur LCHB <thakur@lchb.com>; Thakur <Thakur@fbm.com>; Erwin Chemerinsky <echemerinsky@berkeley.edu>
**Subject:** [EXT] Re: [EXTERNAL] Questions re: DOE grant spreadsheet

Hi Tony,

Thanks very much. I agree that accurately summarizes your position that you relayed on the call.

Best,
Kat

Get Outlook for iOS

---

**From:** Schoenberg, Tony x4963 <TSchoenberg@fbm.com>
**Sent:** Monday, June 29, 2026 6:55:28 PM
**To:** Barragan, Kathryn E (CIV) <Kathryn.E.Barragan@usdoj.gov>; Claudia Polsky <polskymermin@sbcglobal.net>
**Cc:** Thakur LCHB <thakur@lchb.com>; Thakur <Thakur@fbm.com>; Erwin Chemerinsky <echemerinsky@berkeley.edu>
**Subject:** RE: [EXTERNAL] Questions re: DOE grant spreadsheet

Hi Kat. You have fairly summarized defendants' position below. But it's not a fair summary of the conversation, which involved both sides exchanging their positions and views – your email leaves out plaintiff's half of the discussion. As we explained during the meeting, plaintiffs' position is quite different from defendants' position. We noted that Paragraph 11 states that DOE's grant terminations in October 2025 were "not part of DOE's PRP charter." Consequently, we did not understand that the spreadsheet would exclude the grants terminated in October 2025 but, rather, understood that the excluded grants referred to the other 340 or so grants identified in the PRP process, which were not terminated in October. And, more broadly, we did not intend to forgo discovery to get a spreadsheet that excludes the grants that are the primary subject of the stipulation. We noted that Ex. B to the stipulation identifies only the grant number and the recipient, not the other factual information in the spreadsheet fields. We noted that while defendants are correct that the reasons for the October terminations are explained in the body of the stipulation, most of the fields in the spreadsheet concern underlying factual information about the grants rather than reasons for termination. Thus, as you correctly note below, we think that fields 15-17 are probably not necessary for DOE given the other information provided in the stipulation, but we did request that fields 1-14 be provided so that we can understand the underlying facts about the grants.

As you correctly note below, we are conferring with the team and will come back with any further thoughts or suggestions. We are hopeful that we will be able to find a resolution that will not require bringing this to Judge Lin.

Thanks,

Tony

**Tony Schoenberg**
*Partner*
*he/him/his*
tschoenberg@fbm.com
D. 415.954.4963

Farella Braun + Martel

One Bush Street, Suite 900
San Francisco, CA 94104
www.fbm.com

---

**From:** Barragan, Kathryn E (CIV) <Kathryn.E.Barragan@usdoj.gov>
**Sent:** Monday, June 29, 2026 3:06 PM
**To:** Schoenberg, Tony x4963 <TSchoenberg@fbm.com>; Claudia Polsky <polskymermin@sbcglobal.net>
**Cc:** Thakur LCHB <thakur@lchb.com>; Thakur <Thakur@fbm.com>; Erwin Chemerinsky <echemerinsky@berkeley.edu>
**Subject:** RE: [EXTERNAL] Questions re: DOE grant spreadsheet

**External Sender**

Good afternoon,

Thank you for meeting with me earlier today. I summarized our conversation below to ensure I haven't misunderstood anything; please let me know if anything is inaccurate.

As I noted, the parties stipulated that the DOE grants spreadsheet should contain:

"all grants that the agency has identified as involving University of California researchers. . . that were terminated or indefinitely suspended from January 20, 2025 to the present, *excluding those grants terminated or indefinitely suspended through the PRP process discussed in the stipulations*."

As I stated on the call, our understanding has always been that this exclusion encompasses the grants identified through the PRP process and terminated in October 2025. That understanding tracks the plain language of the stipulation and makes sense because the reasons for those terminations are already explained in detail in the stipulations. As Stipulation No. 9 states, the October 2025 terminations were based solely on the political identity of the recipient's state, and no other factors were considered. *See* Stips 8 - 11.

We understood the purpose of the grants chart as to DOE was to provide information regarding grants terminated or suspended outside the PRP process, because the basis for the agency's actions in those situations would not have been addressed by the stipulations. By contrast, the October 2025 PRP terminations are already fully explained in the stipulations.

This tracks our understanding of the other agencies' grants charts too, because (1) unlike DOE's October 2025 terminations, other agencies' reasons for terminating grants was not necessarily uniform across all grants, and was based on viewpoints expressed by the grants, and thus the agencies agreed to provide individualized grant-by-grant explanation vis a vis the chart; and (2) you needed the information about monies obligated, period of performance, etc. for PI compliance related purposes, which is inapplicable to DOE.

You agreed that fields 15 - 17 for the October 2025 PRP grants would simply restate the stipulated to reasons for termination and you therefore already have that information. You requested that DOE provide fields 1 - 14 for those grants for your numerosity arguments. I noted that numerosity has already been briefed in connection with your third preliminary injunction motion and, after our call, I also reviewed the Declaration of Janella Davis (ECF No. 165-1), which addresses numerosity as to DOE and discusses the PIs and Co-PIs named on grant applications.

You indicated that you would confer with your team and follow up with any additional requests or thoughts.

Thanks again for speaking with me and I look forward to hearing from you.

Best,

**Kat Barragan**
Trial Attorney
Federal Programs Branch
Civil Division, U.S. Department of Justice
T: 202-598-7696

---

**From:** Schoenberg, Tony x4963 <TSchoenberg@fbm.com>
**Sent:** Sunday, June 28, 2026 4:44 PM
**To:** Claudia Polsky <polskymermin@sbcglobal.net>; Barragan, Kathryn E (CIV)

<Kathryn.E.Barragan@usdoj.gov>
**Cc:** Thakur LCHB <thakur@lchb.com>; Thakur <Thakur@fbm.com>; Erwin Chemerinsky <echemerinsky@berkeley.edu>
**Subject:** RE: [EXTERNAL] Questions re: DOE grant spreadsheet

I just sent an invitation with a link for Monday at 10 / 1. Talk to you then.

**Tony Schoenberg**
*Partner*
*he/him/his*
tschoenberg@fbm.com
D. 415.954.4963

Farella Braun + Martel

One Bush Street, Suite 900
San Francisco, CA 94104
www.fbm.com

---

**From:** Claudia Polsky <polskymermin@sbcglobal.net>
**Sent:** Sunday, June 28, 2026 1:20 PM
**To:** Schoenberg, Tony x4963 <TSchoenberg@fbm.com>; Barragan, Kathryn E (CIV) <kathryn.e.barragan@usdoj.gov>
**Cc:** Thakur LCHB <thakur@lchb.com>; Thakur <Thakur@fbm.com>; Erwin Chemerinsky <echemerinsky@berkeley.edu>
**Subject:** Re: [EXTERNAL] Questions re: DOE grant spreadsheet

**External Sender**

---

Thanks, Kat.

Farella friends: might you be able to supply a Zoom link?

On Sunday, June 28, 2026 at 03:44:46 PM EDT, Barragan, Kathryn E (CIV) <kathryn.e.barragan@usdoj.gov> wrote:

Yes that works, thanks.

**Kat Barragan**
Trial Attorney
Federal Programs Branch
Civil Division, U.S. Department of Justice
T: 202-598-7696

---

**From:** Schoenberg, Tony x4963 <TSchoenberg@fbm.com>
**Sent:** Saturday, June 27, 2026 1:37 PM
**To:** Barragan, Kathryn E (CIV) <Kathryn.E.Barragan@usdoj.gov>; Claudia Polsky <polskymermin@sbcglobal.net>
**Cc:** Thakur LCHB <thakur@lchb.com>; Thakur <Thakur@fbm.com>; Erwin Chemerinsky

<echemerinsky@berkeley.edu>
**Subject:** RE: [EXTERNAL] Questions re: DOE grant spreadsheet

Hi Kat. Are you available to talk Monday at 10 a.m. PST / 1 p.m. EST?

**Tony Schoenberg**
*Partner*
*he/him/his*
tschoenberg@fbm.com
D. 415.954.4963

Farella Braun + Martel

One Bush Street, Suite 900
San Francisco, CA 94104
www.fbm.com

---

**From:** Barragan, Kathryn E (CIV) <Kathryn.E.Barragan@usdoj.gov>
**Sent:** Friday, June 26, 2026 4:02 PM
**To:** Schoenberg, Tony x4963 <TSchoenberg@fbm.com>; Claudia Polsky <polskymermin@sbcglobal.net>
**Cc:** Thakur LCHB <thakur@lchb.com>; Thakur <Thakur@fbm.com>; Erwin Chemerinsky <echemerinsky@berkeley.edu>
**Subject:** Re: [EXTERNAL] Questions re: DOE grant spreadsheet

**External Sender**

---

Hi Tony,

Yes, let’s definitely speak on Monday - my schedule is flexible. I think this is a misunderstanding and talking it through should be very helpful.

Best,
Kat

Get Outlook for iOS

---

**From:** Schoenberg, Tony x4963 <TSchoenberg@fbm.com>
**Sent:** Friday, June 26, 2026 4:59 PM
**To:** Barragan, Kathryn E (CIV) <Kathryn.E.Barragan@usdoj.gov>; Claudia Polsky <polskymermin@sbcglobal.net>
**Cc:** Thakur LCHB <thakur@lchb.com>; Thakur <Thakur@fbm.com>; Erwin Chemerinsky <echemerinsky@berkeley.edu>
**Subject:** RE: [EXTERNAL] Questions re: DOE grant spreadsheet

Hi Kat. To reiterate, given that defendants are stipulating that the October 2, 2025 grant terminations were outside of the PRP process, it was our understanding that the spreadsheet would provide information about those grants. We would not have forgone discovery to get a spreadsheet with information about grants that are not the subject of our clients’ claims. As a practical matter, UC grants

constitute only a small number of grants on Exhibit B, so this shouldn't be a big lift. As best we can tell, it would include the following:

- EE0010190 – UC Davis
- EE0010499 – The Regents of the University of California
- EE0010751 – UC Irvine
- EE0011322- The Regents of the University of California
- FE0032382 -The Regents of the University of California
- CD0000041 – ARCHES
- EE0011347-Cabot Corp.

In addition, we don't know if we have full information on UC sub-awards, but DOE should have that information, and we would expect other UC sub-awards (if there are any) to be included too.

If you'd like to speak about this, we can be available on Monday.

Thanks,

Tony

**Tony Schoenberg**
*Partner*
*he/him/his*
tschoenberg@fbm.com
D. 415.954.4963

Farella Braun + Martel

One Bush Street, Suite 900
San Francisco, CA 94104
www.fbm.com

---

**From:** Barragan, Kathryn E (CIV) <Kathryn.E.Barragan@usdoj.gov>
**Sent:** Friday, June 26, 2026 8:23 AM
**To:** Claudia Polsky <polskymermin@sbcglobal.net>
**Cc:** Thakur LCHB <thakur@lchb.com>; Thakur <Thakur@fbm.com>; Erwin Chemerinsky <echemerinsky@berkeley.edu>
**Subject:** RE: [EXTERNAL] Questions re: DOE grant spreadsheet

**External Sender**

---

Hi Claudia,

To clarify, we provided the complete list of the October 2025 terminations as Exhibit B to the stipulations ("A true and correct copy of the list of 284 grants that DOE terminated on or after October 1, 2025"). That exhibit is referenced in Stip No. 5. That exhibit was provided to you in an email to Kyle on May 22, along with Exhibit A referenced in Stip No. 3; I've re-attached those exhibits here.

These exhibits list the grants "terminated or indefinitely suspended through the PRP process discussed in the stipulations" as stated on pg. 2 of the stipulations. My understanding is the exhibits are why the parties agreed to limit the DOE grants spreadsheet to the non-PRP grants.

Thanks,

**Kat Barragan**
Trial Attorney
Federal Programs Branch
Civil Division, U.S. Department of Justice
T: 202-598-7696

---

**From:** Claudia Polsky <polskymermin@sbcglobal.net>
**Sent:** Friday, June 26, 2026 10:37 AM
**To:** Barragan, Kathryn E (CIV) <Kathryn.E.Barragan@usdoj.gov>
**Cc:** Thakur LCHB <thakur@lchb.com>; Thakur <thakur@fbm.com>; Erwin Chemerinsky <echemerinsky@berkeley.edu>
**Subject:** Re: [EXTERNAL] Questions re: DOE grant spreadsheet

Hi Kat. Thanks for the quick reply. Your answer as to the Stanford-related termination is helpful and appreciated; if you can confirm that's the explanation for the termination, it doesn't matter what UC campus the researcher was previously at. As to the UCLA suspensions: we understand those, and don't require further details.

The failure to provide the complete list of UC grants (and any subawards) terminated in October 2025 is of great concern to us. Paragraph 11 of DOE's stipulation makes clear that these terminations were *outside of* and indeed in violation of the PRP process, as does the entire narrative preceding it. The spreadsheet is indeed worthless to us without these terminations, which are at the heart of the case.

We look forward to receiving the list of October terminations soon. Thanks!

Best,
Claudia

On Thursday, June 25, 2026 at 09:53:20 PM EDT, Barragan, Kathryn E (CIV) <kathryn.e.barragan@usdoj.gov> wrote:

Hi Claudia,

Thanks for reaching out. Fortunately I can give you quick answers to most of your questions below. The parties stipulated that the DOE grants spreadsheet excludes the PRP grant terminations; that's on page 2 of the stipulation (reattached here for reference). I also flagged this in my 6/18 email to Kevin; as I stated there are only four grants in the chart because they are the non-PRP terminations/suspensions. I think this should answer your first two questions.

As to your third question, below are my initial thoughts:

- DOE relayed to me that the one grant listed in the termination tab was a mutual termination because the principal investigator went to Stanford. These grants are tied to the universities, so they mutually

agreed to terminate. I'll to ask DOE about the September termination date versus the July end date discrepancy and get back to you.

- The relevant UC campus is identified as UCLA in Column D for the three suspended grants. Is this sufficient? I can ask DOE about the mutually terminated grant, which seems to list Regents generally in Column D. If I provide the relevant UC campus for this grant, is this sufficient? Thanks.

Best,

**Kat Barragan**
Trial Attorney
Federal Programs Branch
Civil Division, U.S. Department of Justice
T: 202-598-7696

---

**From:** Claudia Polsky <polskymermin@sbcglobal.net>
**Sent:** Thursday, June 25, 2026 9:28 PM
**To:** Barragan, Kathryn E (CIV) <Kathryn.E.Barragan@usdoj.gov>
**Cc:** Thakur LCHB <thakur@lchb.com>; Thakur <thakur@fbm.com>; Erwin Chemerinsky <echemerinsky@berkeley.edu>
**Subject:** [EXTERNAL] Questions re: DOE grant spreadsheet

Hi Kat. Thanks for relaying the DOE spreadsheet. Our team is alas rather confused by it, and hoping you can circle back to DOE and/or illuminate further. Specifically:

1. Why are no October 2025 grant terminations listed in the "terminations" tab, including (but not necessarily limited to) the four grants described in our named plaintiffs' declarations? (Three for Dr. Atanasoff; one for Dr. Bedsworth.)
2. Is DOE certain that there were no additional terminations at a UC (or, that involved a UC sub-award) from either the May or October 2025 termination actions?
3. In the "termination" tab, why does the one grant listed have a termination date after the listed end of the grant term? Also, can DOE please identify the relevant UC campus, as was done for all other agencies' grants?

Many thanks in advance; we'd like this information as soon as possible (ideally, before the weekend).

Best,
Claudia

> * The "suspensions" tab looks correct; there were only 2 or 3 DOE grants suspended at UCLA and they are all protected by the *AAUP v. Trump* (Altshuler) reinstatement order. As all will recall, there was no viewpoint or EP violation with respect to selection of these grants; Judge Lin ruled the termination action unlawful on an unconstitutional conditions theory.
> * The "terminations" tab of this spreadsheet makes no sense to me:
> 1. As Annie notes, it does not contain the ARCHES or the DAC grant (Louise Bedsworth's).

2. The one "terminated" grant it does contain has a termination date after the grant end date, which makes no sense. (Also note that there is no campus specified; we should get that detail from Kat.)

As to any other pre-October-2025 terminations, from what I can tell no UC grants were among them. There were only 24 terminations in the earlier wave of terminations, conducted May 30, 2025. From what I can discern from reporting, the only ones in CA seem to have been to non-UC entities.

Kevin, would you like me to follow up with Kat on this later this eve? I'm happy to do so. If you'd prefer to, that's great too.

Best,
Claudia

---

**From:** Barragan, Kathryn E (CIV) <Kathryn.E.Barragan@usdoj.gov>
**Sent:** Thursday, June 25, 2026 9:41 AM
**To:** Claudia Polsky <polskymermin@sbcglobal.net>; Budner, Kevin R. <kbudner@lchb.com>; Wanless, Annie M. <awanless@lchb.com>; 'Schoenberg, Tony x4963' <TSchoenberg@fbm.com>
**Cc:** 'Thakur' <Thakur@fbm.com>; Thakur LCHB <thakur@lchb.com>; 'Erwin Chemerinsky' <echemerinsky@berkeley.edu>
**Subject:** [EXT] RE: [EXTERNAL] DOE grant charts?

Good morning,

Attached is DOE's grants spreadsheet. Thank you very much for your patience.

Best,

**Kat Barragan**
Trial Attorney
Federal Programs Branch
Civil Division, U.S. Department of Justice
T: 202-598-7696

---

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

---

---

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

---

| Program | Award Number | Name/Organization | Researchers | Funding Opportunity Announcement | Authority Cited in FOA |
|---|---|---|---|---|---|
| CMEI | EE0009779 | SUNPOWER CORPORATION | Scott Samuelsen | DE-FOA-0002206 | The programmatic authorizing statute is EPAct 2005 911(a)(2)(B). Awards made under this announcement will fall under the purview of 2 Code of Federal Regulation (CFR) Part 200 as amended by 2 CFR Part 910. |
| CMEI | EE0010190 | UNIVERSITY OF CALIFORNIA, DAVIS | Vinod Narayanan | DE-FOA-0002378 | The programmatic authorizing statute is EPACT 2005, Section 931 (a)(2)(A). Awards made under this announcement will fall under the purview of 2 Code of Federal Regulation (CFR) Part 200 as amended by 2 CFR Part 910. |
| CMEI | EE0010499 | UNIVERSITY OF CALIFORNIA, BERKELEY | Jeffrey Long | DE-FOA-0002582 | The programmatic authorizing statute is Section 41007(c)(3) of the IIJA and Section 3004(b)(4) of the Energy Act of 2020. Awards made under this announcement will fall under the purview of 2 Code of Federal Regulation (CFR) Part 200 as amended by 2 CFR Part 910. |
| CMEI | EE0010751 | UNIVERSITY OF CALIFORNIA,IRVINE | Vojislav Stamenkovic | DE-FOA-0002792 | The programmatic authorizing statutes are (1) Energy Policy Act of 2005 (EPAct 2005) Public Law 109-58 (Aug. 8 2005), Title VIII, Sections 801 to 816; 42 U.S.C. Sections 16151 to 16165 and (2) Consolidated Appropriations Act, 2021, Public Law 116-260 (Dec 27, 2020), Division Z- Energy Act of 2020, Section 9009. Awards made under this announcement will fall under the purview of 2 Code of Federal Regulation (CFR) Part 200 as amended by 2 CFR Part 910. |
| CMEI | EE0010992 | CAROLLO ENGINEERS, INC. | Diego Rosso | DE-FOA-0002855 | The programmatic authorizing statute is EPAct 2005, Section 911 (a)(2)(C), as codified at 42 U.S.C. 16191(a)(2)(C). Awards made under this announcement will fall under the purview of 2 Code of Federal Regulation (CFR) Part 200 as amended by 2 CFR Part 910. |
| CMEI | EE0011322 | UNIVERSITY OF CALIFORNIA, BERKELEY | Shannon Boettcher | DE-FOA-0002922 | The programmatic authorizing statute is the Energy Policy Act of 2005 (EPAct 2005) Public Law 109-58 (Aug. 8, 2005), Title VIII, Sections 815-816 (42 U.S.C.Sections 16161c and 16161d) as amended by section 40314 of the BIL. Awards made under this announcement will fall under the purview of 2 Code of Federal Regulation (CFR) Part 200 as amended by 2 CFR Part 910. |
| CMEI | EE0011326 | PROTON ENERGY SYSTEMS INC | Iryna Zenyuk | DE-FOA-0002922 | The programmatic authorizing statute is the Energy Policy Act of 2005 (EPAct 2005) Public Law 109-58 (Aug. 8, 2005), Title VIII, Sections 815-816 (42 U.S.C.Sections 16161c and 16161d) as amended by section 40314 of the BIL. Awards made under this announcement will fall under the purview of 2 Code of Federal Regulation (CFR) Part 200 as amended by 2 CFR Part 910. |
| CMEI | EE0011345 | IONOMR INNOVATIONS INC | Iryna Zenyuk and Ali Mohroz | DE-FOA-0002922 | The programmatic authorizing statute is the Energy Policy Act of 2005 (EPAct 2005) Public Law 109-58 (Aug. 8, 2005), Title VIII, Sections 815-816 (42 U.S.C.Sections 16161c and 16161d) as amended by section 40314 of the BIL. Awards made under this announcement will fall under the purview of 2 Code of Federal Regulation (CFR) Part 200 as amended by 2 CFR Part 910. |
| CMEI | EE0011347 | CABOT CORP | Plamen Atanassov | DE-FOA-0002922 | The programmatic authorizing statute is the Energy Policy Act of 2005 (EPAct 2005) Public Law 109-58 (Aug. 8, 2005), Title VIII, Sections 815-816 (42 U.S.C. Sections 16161c and 16161d) as amended by section 40314 of the BIL. Awards made under this announcement will fall under the purview of 2 Code of Federal Regulation (CFR) Part 200 as amended by 2 CFR Part 910. |
| CMEI | EE0011353 | AVCARB, LLC | Iryna Zenyuk | DE-FOA-0002922 | The programmatic authorizing statute is the Energy Policy Act of 2005 (EPAct 2005) Public Law 109-58 (Aug. 8, 2005), Title VIII, Sections 815-816 (42 U.S.C.Sections 16161c and 16161d) as amended by section 40314 of the BIL. Awards made under this announcement will fall under the purview of 2 Code of Federal Regulation (CFR) Part 200 as amended by 2 CFR Part 910. |
| OCED | CD0000041 | ARCHES H2 LLC | Plamen Atanassov | DE-FOA-0002779 | The programmatic authorizing statute is Section 813 of the Energy Policy Act of 2005, Public Law 109-58, as amended by Section 40314 of the Infrastructure Investment and Jobs Act of 2021, Public Law 117-58, codified at 42 U.S.C. § 16161a. Awards made under this announcement will fall under the purview of 2 Code of Federal Regulation (CFR) Part 200 as amended by 2 CFR Part 910. |
| FE | FE0032382 | REGENTS OF THE UNIVERSITY OF CALIFORNIA, THE | Louise Bedsworth | DE-FOA-0002735 | The programmatic authorizing statutes are: Public Law (PL) 95-91, DOE Organization Act, as amended; PL 109-58, Energy Policy Act of 2005, Section 969D, as amended, including by PL 117-58, Infrastructure Investment and Jobs Act (IIJA), Section 40308, codified at 42 U.S.C. 16298d. Awards made under this announcement will fall under the purview of 2 Code of Federal Regulation (CFR) Part 200 as amended by 2 CFR Part 910. |