Claudia Polsky (State Bar No. 185505)
cpolsky@law.berkeley.edu
Erwin Chemerinsky (admitted *pro hac vice*)
echemerinsky@law.berkeley.edu
U.C. BERKELEY SCHOOL OF LAW
Law Building
Berkeley, CA 94720-7200
Telephone: (510) 642-5398

Elizabeth J. Cabraser (State Bar No. 83151)
ecabraser@lchb.com
Richard M. Heimann (State Bar No. 63607)
rheimann@lchb.com
Kevin R. Budner (State Bar No. 287271)
kbudner@lchb.com
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000

Anthony P. Schoenberg (State Bar No. 203714)
tschoenberg@fbm.com
Linda S. Gilleran (State Bar No. 307107)
lgilleran@fbm.com
Kyle A. McLorg (State Bar No. 332136)
kmclorg@fbm.com
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

NEETA THAKUR, et al.,

Plaintiffs,

v.

DONALD J. TRUMP, et al.,

Defendants.

Case No. 3:25-cv-04737-RL

**PLAINTIFFS' SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Judge: The Honorable Rita F. Lin

Hearing Date: November 17, 2026
Hearing Time: 1:30 PM
Courtroom: 4 – 17th Floor

## INTRODUCTION

DOE's argument is wrong on the law: it misapprehends the operation of the rational basis standard of review in challenges to final agency action. And DOE is wrong on the facts, too: Congress did not authorize DOE to consider politics in grantmaking. Plaintiffs have met their burden of proof and are entitled to summary judgment.

## ARGUMENT

### I. DOE'S CONDUCT FAILS THE RATIONAL BASIS TEST APPLICABLE TO EXECUTIVE AGENCY ACTION.

DOE's argument as to the applicable standard of review ignores controlling precedent and misstates the law. Simply put: in arguing that rational basis review permits DOE to support its Blue State grant terminations by invoking "*any* rational government objective"—including "justifications never articulated by the decisionmaker itself" (Opening Suppl. Br. at 5:26-27, 9:7-9 (Oct. 27, 2026), ECF No. 249 ("Suppl. Br.") (emphasis in original))—the agency has erroneously imported into the ***administrative*** context the legal standard applicable only in a ***legislative*** context. The Ninth Circuit holds that where a plaintiff mounts an Equal Protection challenge to an agency action involving no suspect class, "the only question is whether the defendants' treatment of the [plaintiffs] was rational (i.e., not arbitrary and capricious)." *Ursack Inc. v. Sierra Interagency Black Bear Grp.*, 639 F.3d 949, 955 (9th Cir. 2011).

The arbitrary and capricious standard of review requires a court to examine whether "[t]he record indicates that [the government] had a rational basis" for its decision. *Id.* at 958. In other words, the government must be able to point to ***record evidence*** that it based its decision on one or more criteria that are "rational." *Id.* As the Supreme Court explained in its bedrock APA case, an agency action cannot be upheld as "rational" if the agency "relied on factors which Congress has not intended it to consider." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 50 (1983) ("*State Farm*").

Thus, where plaintiffs assert an Equal Protection claim against an agency, that agency can justify its action only (1) "on the basis *articulated by the agency itself*"; with (2) "reasons which are properly the concern of that agency"; and (3) with record evidence. *Jiahao Kuang v. United*

*States Department of Defense*, 340 F. Supp. 3d 873, 899-901 & n.14 (N.D. Cal. 2018) (citing *State Farm* 463 U.S. at 50 (emphasis in original); *Hampton v. Mow Sun Wong*, 426 U.S. 88, 116 (1976); and *Ursack*, 639 F.3d at 955), *vacated and remanded on other grounds*, 778 F. App'x 418 (9th Cir. 2019)). As Judge Tigar explained, an Equal Protection challenge to a final agency action is different than "an equal protection challenge to a legislative act of Congress," where "the appropriate 'question'" would be "'whether there is any ***conceivable*** rational basis justifying the [] distinction.'" *Id.* at 900 (citation omitted) (emphasis added).

Courts in other circuits have likewise explained the key distinction between the "rationality" review applicable to ***legislative*** actions (which are not legally required to be based on an evidentiary record) and ***agency*** actions (which are). As the D.C. district court explained: "[T]he question of whether the challenged classification is regulatory or statutory . . . matters because it affects how the Court conducts its review." *Cooper Hosp. / Univ. Med. Center v. Burwell*, 179 F. Supp. 3d 31, 47 (D.D.C. 2016). Congressional action survives scrutiny "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification"; "*agency* action," in contrast, must be genuinely "rational (i.e., not arbitrary and capricious)." *Id.* (citation omitted) (emphasis in original); *see also, e.g.*, *Nazarath Hosp. v. Sec'y U.S. Dep't HHS*, 747 F.3d 172, 180 (3d Cir. 2014) (employing *Ursack* standard); *Whole Woman's Health All. v. U.S. FDA*, No. 3:23-cv-00019, 2026 WL 2125567, at *22 (W.D. Va. July 23, 2026) ("In the agency context, rational basis review of an equal protection claim tracks the APA standard, requiring that the agency articulate a reasoned explanation grounded in the record for any differential treatment.").

The cases DOE relies on do not hold otherwise. The Supreme Court decision in *Department of Homeland Security v. Regents of the University of California* is inapposite: the Court never reached the rationality element of the Equal Protection claim, because plaintiffs failed to make the threshold showing of animus. 591 U.S. 1, 34-35 (2020). And, as discussed, the Ninth Circuit's analysis in *Ursack* supports Plaintiffs' view. There, the Ninth Circuit wrote unambiguously that "[where] rational basis scrutiny applies" to an agency decision implicating Equal Protection concerns, "the standard of review is identical to arbitrary and capricious review

under the APA." 639 F.3d at 958.[1] Thus, this Court was correct to identify arbitrary and capricious review as the applicable test here. Order Requesting Suppl. Br. at 2-3 (Oct. 13, 2025), ECF No. 246. This requires DOE to justify its conduct ***with record evidence***.

For starters, nothing in the record supports DOE's claim that the Blue State terminations were motivated by DOE's desire to obtain shutdown leverage. This concept first emerged as conclusory attorney argument, devoid of evidentiary citations. The Court should thus reject it. *See Martin v. Occupational Safety and Health Review Commission*, 499 U.S. 144, 156 (1991) ("agency 'litigating positions' are not entitled to deference when they are merely . . . counsel's 'post hoc rationalizations' for agency action, advanced for the first time in the reviewing court." (citations omitted). The only "basis articulated by the agency itself" in the record is "the political identity of the grant recipient's state." Decl. of Kyle McLorg in Supp. of Mot. for Summ. J. ¶ 9, Ex. F at ¶ 9 (July 15, 2026), ECF No. 211-6. Supreme Court precedent requires DOE be taken at its word. *See State Farm*, 463 U.S. at 50.

DOE's argument that it may justify terminating Plaintiffs' grant awards if there is ***any conceivable*** rationale for terminating Blue State grants—whether or not the actual basis for the agency's action, whether or not supported by record evidence, and whether or not the agency considered factors allowed by Congress—lacks legal support and must fail.

## II. NO STATUTE AUTHORIZES DOE TO TERMINATE GRANTS FOR POLITICAL REASONS, AND BINDING CASE LAW FORBIDS IT.

Congress has nowhere authorized DOE to consider partisan politics in its grant award process. *See* Decl. of Kyle McLorg in Supp. of Suppl. Br. in Supp. of Mot. for Summ. J.

---

[1] DOE's remaining cases are inapposite. *Olson v. California*, 104 F.4th 66, 71 (9th Cir. 2024) (challenge to legislation, not agency action); *Tolces v. Trask*, 76 Cal. App. 4th 285, 289 (1999) (same); *Lyng v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, 485 U.S. 360, 370 (1988) (same); *Sanchez v. Off. of State Superintendent of Educ.*, 45 F.4th 388, 396 (D.C. Cir. 2022) (applying legislative standard to regulation); *Trump v. Hawaii*, 585 U.S. 667, 706-707 (2018) (challenging Presidential proclamation authorized by a specific statute and "expressly premised on legitimate purposes"); *Rangel-Zuazo v. Holder*, 678 F.3d 967, 969 (9th Cir. 2012) (agency action upheld where agency in fact applied standard set forth in statute); *Dep't of Com. v. New York*. 588 U.S. 752, 765-66 (2019) (Equal Protection claim was not even the subject of appeal).

("McLorg Suppl. Decl.") ¶ 3, Ex. B (Oct. 27, 2026), ECF No. 250-2 (Table of permissible statutory considerations based on DOE's citations for original grant awards). DOE is thus unable to answer the Court's first question: "How is political leveraging with the goal of ending a government shutdown *within the scope of the statutory goals* that Congress mandated for DOE?" ECF No. 246 at 2 (emphasis added).

The best argument the agency can muster is that "[p]olitical considerations [] do not ***conflict*** with [the agency's] statutory purposes." ECF No. 249 at 4 (emphasis added). That was not the question, and it is not the test. Agencies may consider ***only*** those factors set forth in statute, *D.C. Fed'n of Civic Ass'ns v. Volpe*, 459 F.2d 1231, 1247-48 (D.C. Cir. 1971) (citation modified), and may not infuse their decisions with partisan political considerations. As the Ninth Circuit stated in *Earth Island Institute v. Hogarth*, "if the agency's decision was in any material way influenced by political concerns it should not be upheld." 494 F.3d 757, 768 (9th Cir. 2007); *see also, e.g., Volpe*, 459 F.2d at 1247-48 (vacating Department of Transportation decision where Secretary "took into account considerations that Congress could not have intended to make relevant, [such that] his action proceeded from an erroneous premise and his decision cannot stand.").

Proper DOE considerations are limited to those Congress has enunciated to advance energy-related goals. These goals do not include meddling in budget negotiations. *See* McLorg Suppl. Decl. ¶ 3, Ex. B. For this reason, too, DOE's "political leverage" argument fails.

## CONCLUSION

The Court should grant summary judgment on Plaintiffs' claim that DOE's termination of Blue State grants in October 2025 violated the Equal Protection Clause of the U.S. Constitution.

Dated: November 3, 2026

By: ______________________________

Claudia Polsky (CA Bar No. 185505)
cpolsky@law.berkeley.edu
Erwin Chemerinsky (*pro hac vice*)
echemerinsky@law.berkeley.edu
U.C. BERKELEY SCHOOL OF LAW
Law Building
Berkeley, CA 94720-7200
Telephone: 510.642.6483

By: ______________________________

Anthony P. Schoenberg (CA Bar No. 203714)
tschoenberg@fbm.com
Linda S. Gilleran (CA Bar No. 307107)
lgilleran@fbm.com
Dylan M. Silva (CA Bar No. 306363)
dsilva@fbm.com
Kyle A. McLorg (CA Bar No. 332136)
kmclorg@kbm.com
Katherine T. Balkoski (CA Bar No. 353366)
kbalkoski@fbm.com
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104
Telephone: 415. 954.4400

By: /s/ Elizabeth J. Cabraser

Elizabeth J. Cabraser (CA Bar No. 83151)
ecabraser@lchb.com
Richard M. Heimann (CA Bar No. 63607)
rheimann@lchb.com
Kevin R. Budner (CA Bar No. 287271)
kbudner@lchb.com
Annie M. Wanless (CA Bar No. 339635)
awanless@lchb.com
Clare D. Perez (CA Bar No. 363027)
cdperez@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000

*Attorneys for Plaintiffs and the Proposed Class*