Kunyu Ching, CA #292616
**LAWYERS FOR GOOD GOVERNMENT**
1319 F St. NW, Suite 301
PMB 181
Washington, DC 20004
Phone: 404-913-5529
kunyu@lawyersforgoodgovernment.org

*Counsel for Plaintiffs in*
*Visintainer v. National Science Foundation*
*(Case No. 5:26-cv-12804)*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **NEETA THAKUR**, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>**DONALD J. TRUMP**, *et al.*,<br><br>*Defendants*. | Case No. 3:25-cv-04737-RFL<br>Judge: Hon. Rita F. Lin<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (CIVIL L.R. 3-12 AND 7-11)** |

Plaintiffs Tammie Visintainer, Melissa Navarro Martell, and Karina Garbesi in *Visintainer v. National Science Foundation*, No. 5:26-cv-12804-NW (N.D. Cal.), respectfully request that the Court consider whether their action should be related to *Thakur v. Trump*, No. 3:25-cv-04737-RFL (N.D. Cal.). This motion is submitted in *Thakur*, the lowest-numbered action, pursuant to Civil Local Rules 3-12 and 7-11. A copy will be filed in *Visintainer.*

## I. BASIS FOR POTENTIAL RELATIONSHIP

Under Civil Local Rule 3-12(a), cases may be related where they concern substantially the same parties, property, transaction, or event and proceeding before different judges is likely to cause unduly burdensome duplication of labor and expense or conflicting results.

Both actions challenge federal research-grant terminations involving the National Science Foundation ("NSF") and arise out of the same series of events: Based on a series of Executive Orders from President Trump (including Executive Orders Nos. 14151, 14173, 14168, 14238, 14158, and

14222), federal agencies began reviewing existing grants for alignment with the Trump Administration's policies on issues such as diversity, equity, and inclusion. Together with the Department of Government Efficiency ("DOGE"), federal agencies then terminated existing grants because their titles, abstracts, or statements of work included certain words or concepts that the agencies and DOGE perceived to espouse or support disfavored viewpoints. In particular, NSF terminated grants to colleges and universities across the country, including the University of California ("UC") and California State University ("CSU"). At issue in both *Visintainer* and *Thakur* is whether NSF violated UC and CSU researchers' constitutional rights and the Administrative Procedure Act ("APA") by implementing the Executive Orders and ultimately terminating grants.

Both *Visintainer* and *Thakur* name NSF and its Acting Director, Brian Stone, as defendants. While the *Visintainer* plaintiffs consist of CSU researchers and the *Thakur* plaintiffs are UC researchers, both groups of plaintiffs are in substantially the same position: both groups of plaintiffs include researchers whose NSF grants were terminated because of their perceived disfavored viewpoints; both groups of plaintiffs maintain similar constitutional and APA claims; and both groups seek substantially the same relief: a declaration that NSF's grant terminations violated their constitutional rights and the APA, setting aside agency policy that implemented the Executive Orders by engaging in viewpoint discrimination to terminate the grants, and injunctive relief restoring the grant procedures status quo that existed before January 20, 2025. Furthermore, the *Visintainer* complaint proposes a single class whose definition is essentially identical to that of *Thakur*'s provisionally certified Equity Termination Class.

This Court has already granted the *Thakur* plaintiffs' motion for preliminary injunction and provisional class certification. *Thakur v. Trump*, 787 F. Supp. 3d 955 (N.D. Cal. 2025). Following the Ninth Circuit's affirmance in part and reversal in part of that ruling, *Thakur v. Trump*, 163 F.4th 1198 (9th Cir. 2025), the *Thakur* defendants have filed a petition for certiorari from the United States Supreme Court and the parties have agreed to stay summary judgment and class certification briefing as it pertains to NSF pending further proceedings before the Supreme Court. *Thakur*, No. 3:25-cv-04737-RFL, ECF No. 228 (N.D. Cal. Sept. 1, 2026). Given the overlap in defendants, claims, factual

and legal issues involved, and the relief sought in both actions, it is likely that conducting the actions before different Judges simultaneously may lead to unnecessary duplication of effort and the potential for conflicting results. Because the distinct awards, classes, and claims may warrant different treatment, Movants seek only a relatedness determination, not consolidation or a merits ruling.

## II. PROCEDURAL REQUIREMENTS AND RELIEF REQUESTED

The Declaration of Kunyu Ching in Support of Administrative Motion to Consider Whether Cases Should Be Related, which describes counsel's unsuccessful effort to obtain the affected parties' positions and stipulation, accompanies this motion pursuant to Civil Local Rule 7-11(a), along with a proposed order. Movants respectfully request that the Court determine whether *Visintainer* should be related to *Thakur* and, if so, direct the Clerk of the Court to reassign the higher-numbered action pursuant to Civil Local Rule 3-12(f).

Dated: November 5, 2026

Respectfully submitted,

*/s/ Kunyu Ching*

Kunyu Ching CA #292616
**LAWYERS FOR GOOD GOVERNMENT**
1319 F St. NW, Suite 301
PMB 181
Washington, DC 20004
Phone: 404-913-5529
kunyu@lawyersforgoodgovernment.org

*Counsel for Plaintiffs in*
*Visintainer v. National Science Foundation*
*(Case No. 5:26-cv-12804)*