BRETT A. SHUMATE
Assistant Attorney General
Civil Division
JOSEPH E. BORSON
Assistant Branch Director
KATHRYN BARRAGAN (D.C. Bar No. 90026294)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 598-7696
Email: kathryn.e.barragan@usdoj.gov

*Attorneys for United States*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NEETA THAKUR, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-4737-RFL<br><br>**OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge: Hon. Rita F. Lin |

The plaintiffs in the newly filed putative class action *Visintainer v. National Science Foundation,* No. 5:26-cv-12804-NW (N.D. Cal.) (the "*Visintainer* Action"), moved pursuant to Local Rule 3-12 to relate their case to the above-captioned matter titled *Thakur v. Trump*, No. 3:25-cv-04737-RFL (N.D. Cal.). Defendants respectfully submit this Opposition to the *Visintainer* Plaintiffs' Administrative Motion to Consider Whether Cases Should Be Related, Dkt. No. 253 ("Mot.").

## I. LEGAL STANDARD

Under Local Rule 3-12(a), cases may be related where "(1) The actions concern substantially the same parties, property, transaction, or event; *and* (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." *See* Local Rule 3-12(a) (emphasis added). Because these cases do not meet either of these criteria, the Court should deny Plaintiffs' request.

## II. ARGUMENT

### A. The Actions Do Not Concern Substantially the Same Parties, Transactions, or Events.

Although the first factor is a close one, the first factor under Local Rule 3-12(a) ultimately weighs against relation.

It is true that the cases share certain similarities. The plaintiffs in the *Visintainer* Action are researchers at California State Universities who allege they were involved with grants terminated by the National Science Foundation ("NSF") in 2025. *See Visintainer* Compl. ¶¶ 62-158. Like the plaintiffs in *Thakur*, they seek to certify a class using substantially the same class definition as the provisionally certified "Equity Termination Class" in *Thakur*. *Id.* at ¶ 165; Mot. at 2. Moreover, both actions challenge grant terminations by NSF that occurred in 2025. *See* Mot. at 2.

However, the similarities largely end there. To start, there is no overlap between the named plaintiffs or the proposed classes. The *Visintainer* Action plaintiffs are researchers affiliated with California State University ("CSU") institutions, whereas *Thakur* involves researchers affiliated with University of California ("UC") institutions. Thus, the terminated grants at issue also appear to be different. *Thakur* primarily challenges terminations of grants awarded to UC institutions, while the *Visintainer* Action concerns NSF grants awarded to CSU institutions.

The Defendants are also different. The *Visintainer* Action names only NSF and its acting director as defendants. *Visintainer* Compl. ¶¶ 23-24. While *Thakur* also names these defendants, *Thakur* is much broader: it challenges grant terminations effectuated by several different federal agencies, including NSF, and names 18 agencies as Defendants.

Additionally, the cases concern different transactions and events. The *Visintainer* Action principally concerns events surrounding the promulgation and implementation of an NSF policy memorandum issued on April 18, 2025. *See Visintainer* Compl. ¶¶ 52-55, 165-231. The *Thakur* Complaint only mentions this memorandum in one paragraph of its 757-paragraph operative complaint. Operative Compl., ECF No. 184, ¶ 336. While the *Visintainer* Action plaintiffs assert various constitutional claims regarding NSF's termination of research grants, *Visintainer* Compl. ¶¶ 175-204, their APA claims and *ultra vires* claims primarily challenge the April 18 Memorandum and "subsequently terminating lawfully awarded grants" pursuant to the memorandum. *Id.* ¶¶ 205-228, 231. Thus, although there is some overlap between the cases, the focuses are different because the *Visintainer* action plaintiffs primarily challenge a policy memorandum. *See Housing Authority of the County of San Diego, et al. v. Turner, et al.*, Case No. 4:25-cv-08859-JST; *City of Fresno, et al. v. Turner, et al.*, Case No. 3:25-cv-07070-RS (where the court declined to find the two cases concerning HUD grant conditions related).

The relief sought in the *Visintainer* Action is also different. The *Visintainer* Action plaintiffs do not seek only to restore terminated grants. Rather, they primarily seek relief related to the April 18, 2026 NSF memorandum. Specifically, they ask the Court to set aside the memorandum under the APA and as an *ultra vires* action, to enjoin, and declare the policy unlawful, as well as request "permanent injunctive relief to enjoin Defendants from implementing the April 18 Memorandum in violation of the Constitution's First Amendment, Fifth Amendment, and separation of powers." *Visintainer* Compl., Prayer for Relief. Most of the requested relief in the *Visintainer* Action is absent from *Thakur*, which instead seeks to reinstate grant awards associated with class members. *See* Operative Compl., ECF No. 184, Prayer for Relief.

//

//

**B. Separate Adjudication of These Lawsuits Would Not Result in an Unduly Burdensome Duplication of Labor or Expense or Risk of Conflicting Results.**

Even if the *Visintainer* Action and *Thakur* involve "substantially the same parties, property, transaction, or event" (which they do not), the Actions will not be considered related under Local Rule 3-12(a) unless it also appears likely that adjudication by different judges will result in "an unduly burdensome duplication of labor and expense or conflicting results."

Plaintiffs do not explain how different judges adjudicating the cases would duplicate labor and expenses. Mot. at 2-3. Indeed, the different procedural postures weigh against such a finding. *Thakur* was filed in June 2025, and has had extensive emergency motions and decisions and the close of the discovery period. Additionally, *Thakur* has begun briefing summary judgment as to the NSF claims. Indeed, the *Visintainer* Action plaintiffs acknowledge that with respect to almost all claims in *Thakur*, and all claims pertaining to Defendant NSF, the Parties in *Thakur* "have agreed to stay summary judgment and class certification briefing as it pertains to NSF pending further proceedings before the Supreme Court." Pls.' Mot. at 2. Given that *Thakur* is currently stayed—and even when unstayed, would be nearly fully resolved—there is little risk of an unduly burdensome duplication of labor or expense if the *Visintainer* Action proceeds in a different court.

Moreover, the differences between the claims and requested relief also underscore that separate judges would not unduly duplicate efforts. While both cases have similar APA and constitutional claims, the nature of most of those claims is different. Because the *Visintainer* Action challenges a policy memorandum, presumably an Administrative Record provided in the case would be different or at least not entirely overlapping with the NSF Administrative Record provided in *Thakur*.

Finally, there is little risk of conflicting judgments if the cases are separately adjudicated. The Ninth Circuit's decision in *Thakur* would seemingly inform a district court with respect to the *Visintainer* Action; and as stated, the *Visintainer* Action challenges an underlying policy memorandum, so the issues to be resolved are different than those in *Thakur*. This factor therefore weighs against relation.

* * *

In short, none of the prerequisites for a related case are present, and none of the burdens that Local Rule 3-12(a) is designed to prevent would be avoided by ordering the cases related. Accordingly, the

definition of related cases has not been met, and the *Visintainer* Action should be found not related to the instant case. *See Hodges v. Akeena Solar*, *Inc.*, No. 09-cv-02147-JW, 2010 WL 2756536, at *1 (N.D. Cal. July 9, 2010). To do otherwise would be to imply that all cases involving decisions that lead to the termination of federal grants should be heard by the same judge, which does not appear to be the practice in this district, *see City of Fresno et al. v. Turner, et al.*, Case No. 3:25-cv-07070-RS at ECF No. 56 (denying administrative motion to relate *City of Fresno* and the above-captioned action, notwithstanding that both cases involved similar challenged HUD grant conditions), and in any event is neither efficient nor consistent with the bedrock value of random assignment of cases. *See* Local Rule 3-3.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny the administrative motion and find that *Visintainer v. National Science Foundation,* No. 5:26-cv-12804-NW (N.D. Cal.) is not related to this case.

DATED: November 9, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JOSEPH E. BORSON
Assistant Branch Director

*/s/ Kathryn Barragan*

KATHRYN BARRAGAN (D.C. Bar No. 90026294)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 598-7696
Email: kathryn.e.barragan@usdoj.gov

*Attorneys for the United States*