UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEETA THAKUR, et al.,<br>Plaintiffs,<br>v.<br>DONALD J. TRUMP, et al.,<br>Defendants. | Case No. 25-cv-04737-RFL<br><br>**NOTICE OF QUESTIONS FOR HEARING AND ORDER REQUIRING SUPPLEMENTAL FILING**<br><br>Re: Dkt. Nos. 210, 226 |

The Court requests that the parties be prepared to address the following questions at the hearing on Plaintiffs' motion for class certification and the parties' cross-motions for summary judgment as to the equal protection claim against the Department of Energy ("DOE"), set for November 17, 2026, at 1:30 p.m., in Courtroom 4 on the 17th floor of the San Francisco Courthouse:

1. By law, agencies must be able to justify their actions based on the priorities Congress instructed them to consider. How can an agency have a legitimate interest in advancing something the agency is not legally authorized to consider?
2. Defendants cite numerous cases describing how rational basis review applies to distinctions drawn by legislatures. Can Defendants identify any cases in which a distinction drawn by an *agency* was found to be rationally related to a legitimate government interest under the Equal Protection Clause even though the distinction was not based at all on any statutory priorities that Congress authorized the agency to consider?
3. Plaintiffs argue that the equal protection analysis for agency actions is equivalent

to the arbitrary and capricious analysis under the Administrative Procedure Act ("APA"). If the analyses are the same, is Plaintiffs' equal protection claim effectively an APA claim that needs to be heard in the Court of Federal Claims under the Tucker Act?

4. The proposed DOE Class includes "faculty, staff, academic appointees, and employees across the University of California system, who worked or were hired to work on" one of the grants at issue, while the proposed Viewpoint Discrimination and Separation of Powers Classes consist of "University of California researchers, including faculty, staff, academic appointees, and employees across the University of California system who are named as principal researchers, investigators, or project leaders" on the pertinent grant applications or subawards. (Dkt. No. 210 at 55–56 (all citations to ECF pagination).) Why is the proposed DOE Class not similarly limited to those who are named as principal researchers, investigators, or project leaders? Other than for purposes of numerosity, why does it matter whether these other "faculty, staff, academic appointees, and employees" are included in the proposed DOE Class?

5. Plaintiffs state that their proposed inclusion of Dr. Boettcher as a named plaintiff "does not materially affect Plaintiffs' case: Drs. Atanassov and Bedsworth are typical of and adequate to represent the Department of Energy Class, and Dr. Boettcher's declaration remains valid evidence even if he participates only as an absent class member." (Dkt. No. 233 at 26.) Why does it matter then whether Dr. Boettcher is added as a named plaintiff and class representative?

At the hearing, each side will address each question in the sequence stated above, and then at the end, the parties will have additional time to present any additional argument that they wish the Court to hear. The parties **shall not** file written responses to this Notice of Questions.

However, the parties are each **ORDERED** to file a proposed order by November 13, 2026, stating the relief to which they believe they are entitled. The proposed orders shall not

include legal reasoning or analysis.

**IT IS SO ORDERED.**

Dated: November 10, 2026

RITA F. LIN
United States District Judge